Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>      Plaintiff<br><br>vs.<br><br>DABELLA EXTERIORS LLC<br><br>      Defendant. | Case No. 3:25-cv-00396-SI<br><br>FIRST AMENDED<br>CLASS ACTION COMPLAINT<br>TCPA (47 U.S.C. § 227)<br>DEMAND FOR JURY TRIAL |

### FIRST AMENDED CLASS ACTION COMPLAINT

### Preliminary Statement

1.    "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff Leon Weingrad ("Plaintiff") brings this action under the TCPA alleging that DaBella Exteriors LLC sent calls promoting their home improvement goods and services, including to numbers that were on the National Do Not Call Registry, such as the Plaintiff, and to those who had requested that the calls stop. Those calls were made without the call recipient's prior express written consent and without the accurate provision of Caller ID Name (CNAM).

4.      Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

5.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6.      Plaintiff Leon Weingrad has a 503- telephone number associated with this District, in Clackamas County.

7.      Defendant DaBella Exteriors LLC is an Oregon corporation with its headquarters and principal place of business in Hillsboro.

## Jurisdiction & Venue

8.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9.      The Court has general personal jurisdiction over Defendant because Defendant is headquartered and has its principal place of business in this State.

10.     Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this State.

## The Telephone Consumer Protection Act

11.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

15. The TCPA further mandates that telemarketers maintain procedures for honoring do-not-call requests, including a written policy and training, with violations actionable if the Plaintiff receives a call or message after requesting that they stop.

The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.

16. The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

17. The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

18. A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v.*

*Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

### Factual Allegations

19. Plaintiff Weingrad is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20. Plaintiff's telephone number, (503) XXX-XXX, is a non-commercial telephone number not associated with any business.

21. Plaintiff's telephone number has been listed on the National Do Not Call Registry for over a year prior to the calls at issue.

22. Mr. Weingrad uses the number for personal, residential, and household reasons.

23. Mr. Weingrad does not use the number for business reasons or business use.

24. The number is a residential telephone line because it is not assigned to a telephone exchange service for businesses.

25. The number is assigned to a residential cellular telephone service.

26. Plaintiff Weingrad never consented to receive calls from Defendant DaBella.

27. Plaintiff Weingrad never did business with Defendant DaBella.

28. Despite this fact, Defendant DaBella illegally called and texted the Plaintiff, despite being on the National Do Not Call Registry, for the first time, at least seven times, four times on February 6, two text messages on February 6 and once on February 7, 2025, including with the provision of inaccurate caller ID information.

29. The calls all came from the caller ID 503-298-4701.

30. The text messages came from 503-563-2370.

31. The first message transmitted the following picture:



32. The second text message transmitted the following message:

```
Hi Robert, this is DaBella. I see you are interested in a Home
Improvement estimate. I can get you scheduled for a free in home estimate.
What day/time works best? reply STOP to opt out of text messages. data & msg
rates may apply.
```

33. Two of the calls on February 6 were missed, but the Plaintiff answered the other two.

34. When the Plaintiff answered those calls, the Plaintiff heard dead air and then the call disconnected.

35. Finally, the Plaintiff received a call on February 7, 2025, where he spoke to an individual named "Teresa" with "DaBella" regarding reaching out to attempt to sell the Plaintiff windows.

36. "Teresa" attempted to get the Plaintiff to have one of the Defendant's employees to come out to seek to give him an estimate on windows.

37. The Plaintiff then filed this lawsuit, alleging unwanted calls from DaBella.

38. Despite this, and during the pendency of this lawsuit, the Plaintiff received at least one additional call on September 11, 2025 from the caller ID 503-838-4845 from DaBella.

39. The Plaintiff was asked if he was still interested in getting a quote for windows and was again asked if he was "Robert."

40.      When the Plaintiff asked why he was getting a call from DaBella, the DaBella representative said, "Well, looks like I…," and then hung up the call.

41.      The aforementioned calls to the Plaintiff were unwanted.

42.      The calls were nonconsensual encounters.

43.      The calls were made in an attempt to sell the Plaintiff windows and other home improvements.

44.      The text messages and calls all came from the following telephone numbers. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of those dips are as follows:

| Number | CNAM Available? | CNAM Result | Carrier |
|---|---|---|---|
| 5032984701 | Y | ASTORIA OR | LEVEL 3 |
| 5035632370 | Y | WEST LINN OR | TWILIO |
| 5038384845 | Y | INDEPENDENCE,OR | QWEST |

45.      As the aforementioned chart shows, the CNAM transmitted by the Defendant's ultimate telephone carriers provided CNAM functionality, but the CNAM functionality transmitted a geographic location, and not the Defendant's name or telemarketer's name.

46.      Moreover, the telephone numbers 503-563-2370 and 503-838-4845, cannot be called to make a do not call request during regular business hours.

47.      Nor will anybody calling or texting those telephone numbers receive an alternate number to call to lodge a do not call request during regular business hours.

48.      As such, the caller ID information transmitted along with the text message did not transmit a telephone number that permits "any individual to make a do-not-call request during regular business hours."

Am. Complaint      7

49. Telephone companies provide their customers and any resellers the ability to set the CNAM result accurately to reflect their own name as desired, but if the customer does not elect such a CNAM, their ordinary default CNAM customer setting is to transmit the geographic location of the telephone exchange for the calling telephone number, and not the caller's name, as occurred here.

50. The Plaintiff had not made an inquiry for windows or home improvements.

51. In fact, through the filing of this lawsuit, the Plaintiff had requested that they stop.

52. The Plaintiff is not "Robert" and does not know a "Robert."

53. The Plaintiff never gave permission or for anyone else, including anyone named "Robert," to seek a home improvement estimate.

54. The Plaintiff does not need windows or a home improvement estimate.

55. The Plaintiff does not even own windows.

56. Plaintiff's privacy has been violated by the above-described telemarketing calls.

57. Plaintiff never provided his consent or requested the calls.

58. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls, and their privacy was improperly invaded.

59. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class, including when Plaintiff and other class members were working, driving, and performing other critical tasks.

## Class Action Statement

60. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

61. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3) and Oregon Local Rule 23-2.

62. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or any third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) which either (a) did not transmit a CPN or ANI at all, (b) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, or (c) was made without the transmission of caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, (4) within the four years prior to the filing of the Complaint.

**Internal DNC Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

63. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

64. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

65. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time,

the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

66. This Class Action Complaint seeks injunctive relief and money damages.

67. The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

68. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

69. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

70. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

71. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

72. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

    a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

    b. Whether Defendant transmitted CPN or ANI and its name in the caller ID information, when provided as an option by their telephone carrier, to Plaintiff and members of the Telemarketing Caller ID class, and whether such numbers could have been called during regular business hours to lodge a do not call request;

      c.      Whether Defendant made calls to Plaintiff and members of the Internal DNC class after having been requested that such calls cease;

      d.      Whether Defendant's conduct constitutes a violation of the TCPA; and

      e.      Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

73. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

74. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

75. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or any of their agents or vendors.

76. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

77. Plaintiff is not aware of any prior litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

78. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

79. The foregoing acts and omissions of Defendant and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

80. Defendant's violations were negligent, willful, or knowing.

81. As a result of Defendant's and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

82. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act
47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1601(e)
(On behalf of Plaintiff and the Telemarketing Caller ID Class)**

83. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

84. It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

85. It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

86. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without proving a CPN or ANI that allowed any individual to make a do-not-call request during regular business hours, and by not transmitting the caller ID information required by law.

87. These violations were willful or knowing.

88. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

89. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

### THIRD CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200**
**(On behalf of Plaintiff and the Internal DNC Class)**

90. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

91. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

92. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

93. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future, or using caller ID information that does not transmit an authorized name, or to people who had requested that the calls stop;

B.      That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D.      Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

>                 Plaintiff,
>                 By Counsel,

Dated: September 30, 2025

> *s/Andrew Roman Perrong*
> Andrew Roman Perrong, OSB No. 243320
> a@perronglaw.com
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, PA 19038
> 215-225-5529
> Lead Attorney for Plaintiff and the Proposed Class
>
> *s/Anthony Paronich*
> Anthony Paronich, Mass. BBO No. 678437
> (*Pro Hac Vice*)
> anthony@paronichlaw.com
> Paronich Law, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> 617-485-0018
> Attorney for Plaintiff and the Proposed Class