Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone:  503.624.6800
Facsimile:  503.624.6888
*Attorney for Defendant, DABELLA EXTERIORS, LLC*

Diane J. Zelmer, Esq. (pro hac vice)
FL Bar No. 27251
BERENSON LLP
4495 Military Trail, Suite 203
Jupiter, Florida 33458
Telephone: 561-429-4496
Email: djz@berensonllp.com
*Attorney for Defendant, DABELLA EXTERIORS, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated, | Case No. 3:25-CV-00396-SI |
|     Plaintiff, | DEFENDANT'S PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MOTION TO STRIKE CLASS ALLEGATION |
| vs. | |
| DABELLA EXTERIORS LLC, | |
|     Defendant. | |

# TABLE OF CONTENTS

Contents

TABLE OF CONTENTS ........................................................................................................... ii

TABLE OF AUTHORITIES ..................................................................................................... iii

LR 7-1 CERTIFICATION ............................................................................................................1

MOTION .......................................................................................................................................1

MEMORANDUM ..........................................................................................................................1

I.     SUMMARY OF ARGUMENT ........................................................................................1

II.    RELEVANT ALLEGED FACTS .....................................................................................2

III.   APPLICABLE LEGAL STANDARDS ...........................................................................3

   A.   FED. R. CIV. P. 12(B)(6) – FAILURE TO STATE A CLAIM ...................................................3

   B.   FED. R. CIV. P. 12(F) AND 23 – STRIKING FACIALLY UNCERTIFIABLE CLASS ALLEGATIONS .........4

IV.    ARGUMENT .....................................................................................................................5

   A.   THE COURT SHOULD DISMISS CLAIM II – ON BEHALF OF PLAINTIFF AND THE
        TELEMARKETING CALLER ID CLASS ........................................................................................5

      1.   Plaintiff Does Not Have a Private Right of Action for Violation of the Caller ID Rules. ................5

      i.   Historical Background. ......................................................................................................6

      ii.  Argument .............................................................................................................................9

   B.   THE COURT SHOULD STRIKE THE CLASS DEFINITION IN CLAIM III – THE
        INTERNAL DNC CLASS ........................................................................................................12

      1.   Plaintiff is Not a Member of the Internal DNC Class. ................................................................12

V.     CONCLUSION.................................................................................................................13

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alexander v. Sandoval*, 532 U.S. 275 (2001)............................................................................. 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................................... 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................................... 4

*Brown v. Nano Hearing Tech Opco, LLC*, No. 3:24-cv-00221, 2024 WL 3367536 (S.D. Cal. July 9, 2024)............................................................................................................................. 13

*Cannon v. Univ. of Chi.*, 441 U. S. 677 (1979)........................................................................ 11

*Dixon v. Monterey Fin. Servs., Inc.*, 2016 WL 4426908 (N.D. Cal. Aug. 22, 2016) .................... 4

*Dobronski v. Fam. First Life, LLC*, No. 22-cv12039, 2024 WL 575858, at \*18–19 (E.D. Mich. Jan. 19, 2024), report and recommendation adopted in part, rejected in part, No. 22-cv-12039, 2024 WL 1342668 (E.D. Mich. Mar. 29, 2024).......................................................................... 9

*Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784 (E.D. Mich. 2020) .............................. 9

*Dobronski v. Selectquote Ins. Servs.*, 773 F Supp 3d 373 (E.D. Mich 2025) ................................ 9

*Dobronski v. SunPath Ltd.*, No. 19-13094, 2020 WL 8840311 (E.D. Mich. July 27, 2020) ......... 9

*Dobronski v. Tobias & Assocs.*, 2023 WL  7005844 (E.D. Mich. Sept. 25, 2023), report and recommendation adopted in part sub nom. *Dobronski v. Tobias & Assocs., Inc.*, 2024 WL 1174553 (E.D. Mich. Mar. 18, 2024)........................................................................................ 9

*Dobronski v. Total Ins. Brokers, LLC*, No. 21-10035, 2021 WL 4452218 (E.D. Mich. Sept. 29, 2021)............................................................................................................................................ 9

*Dobronski v. Transamerica Life Ins. Co.*, 13 N.W.3d 895 (Mich. Ct. App. May 25, 2023)........ 11

*Galan Segura v. CRST Van Expedited, Inc.*, No. 5:12-cv-01901, 2014 WL 12567799 (C.D. Cal. June 16, 2014) ........................................................................................................................... 13

*Griffin v. American-Amicable Life Ins. Co. of Texas*, No. 6:24-cv-00243-MC, 2024 WL 4333373 (D. Or. Sep. 27, 2024) ...................................................................................................... 1, 2, 6

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) ....................................................... 4

*Ismail v. Am. Airlines, Inc.*, No. 2:22-cv-01111, 2023 WL 5504932 (C.D. Cal. July 14, 2023).. 13

*Langan v. United Svcs. Auto. Assoc.*, 69 F. Supp. 3d 965 (N.D. Cal. 2014) ................................ 5

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001).............................................................. 3

*Massey v. Biola Univ., Inc.*, 2020 WL 2476173 (C.D. Cal. Apr. 10, 2020), report and rec. adopted, 2020 WL 2468765 (May 13, 2020) ............................................................................ 4

*Meyer v. Capital Alliance Grp*., 2017 WL 5138316 (S.D. Cal. Nov. 6, 2017) ...................... 9, 11

*Murch v. GPS Capital Markets, LLC*, 3:24-CV-01854-SB, 2025 WL 2466576 (D Or June 6, 2025), report and recommendation adopted in part, rejected in part sub nom. *Murch v GPS Capital Markets, LLC*, 3:24-CV-01854-SB, 2025 WL 2770190 (D Or Sept 26, 2025) ........... 13

*nexTUNE, Inc. v. McKinney*, 2013 WL 2403243 (W.D. Wash. May 31, 2013) .......................... 4

*Parry v. Mohawk Motors of Mich., Inc*., 236 F.3d 299 (6th Cir. 2000)......................................... 6

*Philips v. Ford Motor Co*., No. 5:14-cv-02989, 2016 WL 7428810 (N.D. Cal. Dec. 22, 2016), *aff'd*, 726 F. App'x 608 (9th Cir. 2018) ...................................................................................... 13

*Redwind v. W. Union, LLC*, 3:18-CV-02094-SB, 2019 WL 3069864 (D. Or. June 21, 2019), report and recommendation adopted, 3:18-CV-2094-SB, 2019 WL 3069841 (D. Or. July 12, 2019)........................................................................................................................................... 1

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ................................................................................ 4

*Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11 (1979) ............................................. 11

*Whittlestone, Inc. v. Handi–Craft Co*., 618 F.3d 970 (9th Cir. 2010) .......................................... 5

*Wilson v. Hewlett-Packard* Co., 668 F.3d 1136 (9th Cir. 2012)................................................... 4

*Worsham v. Travel Options, Inc.*, 2016 WL 4592373 (D. Md. Sept. 2, 2016), aff'd, 678 F. App'x 165 (4th Cir. 2017) ................................................................................................................. 9, 10

*Yagman v. Allianz Ins*., 2015 WL 5553460 (C.D. Cal. May 11, 2015) ......................................... 5

**Rules**

Federal Rule of Civil Procedure 12(f) ............................................................................................ 4

Federal Rule of Civil Procedure 12(b)(6) ................................................................................... 3, 4

**Statutes**

47 U.S.C. § 227.............................................................................................................................. 2

47 U.S.C. § 227(c) .................................................................................................................. passim

47 U.S.C. § 227(c)(1) .................................................................................................................. 6, 7

47 U.S.C. § 227(c)(2) .................................................................................................................... 6

47 U.S.C. § 227(c)(3) .................................................................................................................. 6, 7

47 U.S.C. § 227(c)(5) ...................................................................................................passim

47 U.S.C. § 227(d) ..................................................................................................................8

47 U.S.C. § 227(d)(1) .............................................................................................................8

47 U.S.C. § 227(d)(3) .............................................................................................................8

**Regulations**

47 C.F.R. § 64.1200 .............................................................................................................. 1

47 C.F.R. § 64.1200(c)(2) ..................................................................................................... 2

47 C.F.R. § 64.1601(e) ................................................................................................. passim

47 C.F.R. § 64.1601(e)(1) ...................................................................................................... 6

Calling Number Identification, 56 Fed. Reg. 57,300 (Nov. 8, 1991) ......................................... 10

Calling Number Identification, 59 Fed. Reg. 18,318 (Apr. 18, 1994) ........................................ 10

Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991, 68 FR 44144-79 ........................................................................................................... 6, 7, 8

## LR 7-1 CERTIFICATION

Defendant, DABELLA EXTERIORS LLC ("Defendant" or "DaBella"), hereby certifies that, in compliance with Local Rule 7-1, the parties made a good faith effort through email on October 6, 2025 and October 7, 2025 and via teleconference on October 10, 2025, to resolve the dispute in this motion, but have been unable to agree on a resolution.

## MOTION

Pursuant to Rule 12(b)(6)[1] and 12(f) of the Federal Rules of Civil Procedure, DaBella hereby moves: (1) to dismiss Plaintiff's second cause of action in his First Amended Class Action Complaint [ECF 23] for Violation of the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1601(e), and (2) to strike the class allegations in Plaintiff's third cause of action in the same amended complaint for Violation of the TCPA (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200)..

## MEMORANDUM

## I.    SUMMARY OF ARGUMENT

The Court should dismiss the Second Cause of Action and also strike the class definition in the Third Cause of Action in the Plaintiff's First Amended Complaint.  In the Second Cause of Action ("Claim II"), Plaintiff alleges violation of the FCC's Caller ID rules, however, as this District Court most recently held in *Griffin v. American-Amicable Life Ins. Co. of Texas*, No. 6:24-cv-00243-MC, 2024 WL 4333373 (D. Or. Sep. 27, 2024), there is no private right of action to allege a Caller ID class.  The FCC regulations do not on their own provide a right of action; rather, such a right must flow from a statute.  Here, Plaintiff relies on 47 C.F.R. § 64.1601(e) as having

---

[1] The Defendant's Partial Motion to Dismiss the First Amended Complaint suspends the time for the Defendant to answer unchallenged claims. *Redwind v. W. Union, LLC*, 3:18-CV-02094-SB, 2019 WL 3069864, at *3 n. 3 (D. Or. June 21, 2019), report and recommendation adopted, 3:18-CV-2094-SB, 2019 WL 3069841 (D. Or. July 12, 2019).

DEFENDANT'S MOTIONS TO DISMISS AND STRIKE - 1

been promulgated under 47 U.S.C. § 227(c); however, the FCC rules and regulations, demonstrate that it was the *Do Not Call Registry regulations* that were promulgated under § 227(c), *not the Caller ID rules*. In drafting the FCC rules and regulations, the FCC performed an in depth analysis to show how the *Do Not Call Registry regulations* satisfy the statutory requirements of § 227(c) as well as the constitutional requirements. Plaintiff erroneously seeks for the Court to imply a right of action to the Caller ID rules, without <u>*any*</u> expression from the FCC that it based its authority on § 227(c) in promulgating 47 C.F.R. § 64.1601(e). Under proper rules of statutory construction, the Court cannot read into the rule what is not already expressly included in the text of the Caller ID rules. Accordingly, the Court should adopt the reasoning in *Griffin v. American-Amicable Life Ins. Co. of Texas* as well as other district courts that have considered the issue since 2003, and dismiss Claim II.

The Court should also strike the class definition in the Third Cause of Action ("Claim III") as Plaintiff clearly does not meet the definition of the Internal DNC, where, as here, he does not allege "<u>*two*</u> or more telemarketing calls or text messages in a 12-month period" after such class member "previously asked for the calls to stop."

For the foregoing reasons, the Court should dismiss Claim II and strike the class definition in Claim III of Plaintiff's First Amended Complaint.

## II.  <u>RELEVANT ALLEGED FACTS</u>

Plaintiff filed its initial Complaint in this matter on November 7, 2024, alleging a National DNC Class based on the alleged violation of the TCPA under 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(c)(2).  [ECF No. 1, ¶ 33].  On September 30, 2025, Plaintiff filed its First Amended Complaint, and now alleges two additional claims and two additional classes:  Claim II – Telemarketing Caller ID Class, and (2) Claim III - Internal DNC Class.  [ECF No. 23, ¶ 62].

DEFENDANT'S MOTIONS TO DISMISS AND STRIKE - 2

In pertinent part, Plaintiff alleges Defendant called and texted him "at least seven times, four times on February 6, two text messages on February 6, and once on February 7, 2025 . . . ." *Id*. at ¶ 28. Plaintiff alleges that the calls came from caller ID 503-298-4701, and that the text messages came from 503-563-2370. *Id*. at ¶ 29-30. Plaintiff only spoke with Defendant on the one call on February 7, 2025, and alleges that Defendant attempted "to sell the Plaintiff windows." *Id*. at ¶ 35-36.

Subsequent to initiation of this lawsuit, Plaintiff alleges he received another call from Defendant from caller ID 503-838-4845 asking for "Robert" and asking "if he was still interested in getting a quote for windows." *Id*. at ¶ 38-40. Plaintiff further alleges that these calls were made to a number with a 503 area code, that (i) he purportedly "uses … for personal, residential, and household reasons" and not for "business reasons" and (ii) is listed on the National DNC Registry. *Id*., ¶¶ 21- 23.

Plaintiff alleges that the calls were made by Defendant using telephone carriers that had caller name delivery functionality, but the functionality did not transmit Defendant's or the telemarketer's name. *Id*., ¶ 44-45. Plaintiff also alleges that telephone numbers 503-563-2370 and 503-838-4845 cannot be called to make a do not call request during business hours. *Id*., ¶ 46.

## III.     APPLICABLE LEGAL STANDARDS

### A.  FED. R. CIV. P. 12(B)(6) – FAILURE TO STATE A CLAIM

A complaint may also be dismissed under Rule 12(b)(6) for failure to state a claim for relief. When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court takes "all factual allegations set forth in the complaint . . . as true and construed in the light most favorable to plaintiffs." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, only well-pleaded facts are given a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Naked

allegations without factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). (internal quotations omitted). A "formulaic recitation of the elements" of a claim is likewise insufficient, *Iqbal*, 556 U.S. at 678, and conclusory allegations that "simply recite the elements of a cause of action" without supplying underlying facts to support those elements are not "entitled to the presumption of truth." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In short, under Rule 12(b)(6), this Court need not accept as true any "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Wilson v. Hewlett-Packard* Co., 668 F.3d 1136, 1145 n.4 (9th Cir. 2012); *see also nexTUNE, Inc. v. McKinney*, 2013 WL 2403243, at *4 (W.D. Wash. May 31, 2013) ("[S]peculation unsupported by any factual allegation is insufficient to survive a motion to dismiss under 12(b)(6).") (citing *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)). Rather, "[t]o survive a Rule 12(b)(6) dismissal, a complaint must allege enough specific facts to provide both 'fair notice' of the particular claim being asserted and 'the grounds upon which it rests.'" *Massey v. Biola Univ., Inc.*, 2020 WL 2476173, at *5 (C.D. Cal. Apr. 10, 2020), report and rec. adopted, 2020 WL 2468765 (May 13, 2020)).

## B. FED. R. CIV. P. 12(F) AND 23 – STRIKING FACIALLY UNCERTIFIABLE CLASS ALLEGATIONS

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Further, courts in the Ninth Circuit have widely recognized that class allegations may be properly stricken at the pleadings stage pursuant to Rules 12(f) and 23 where, as here, the requirements of Rule 23 are not met on the face of the Complaint. *See, e.g., Dixon v. Monterey Fin. Servs., Inc.*, 2016 WL 4426908, at *2 (N.D. Cal. Aug. 22, 2016) (striking proposed TCPA class allegations at the pleadings stage). Courts strike such faulty allegations at an early stage under the rationale that

permitting a facially uncertifiable proposed class to proceed to discovery would place an undue burden and expense upon the parties and the Court. *See, e.g., Yagman v. Allianz Ins.*, 2015 WL 5553460, at *4 (C.D. Cal. May 11, 2015) (striking from pleadings where allowing untenable class claims to proceed "would inject significant uncertainty as to the scope of discovery and other pre-trial proceedings") (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)); *Langan v. United Svcs. Auto. Assoc.*, 69 F. Supp. 3d 965, 988-89 (N.D. Cal. 2014) (striking class allegations where , "discovery on the class claims would not shed any additional light" on whether plaintiff would meet Rule 23 requirements).

## IV.    ARGUMENT

### A. THE COURT SHOULD DISMISS CLAIM II – ON BEHALF OF PLAINTIFF AND THE TELEMARKETING CALLER ID CLASS

Plaintiff defines its Telemarketing Caller ID Class under Claim II as follows:

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) which either (a) did not transmit a CPN or ANI at all, (b) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, or (c) was made without the transmission of caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, (4) within the four years prior to the filing of the Complaint.

ECF No. 23, ¶ 62.

#### 1.   *Plaintiff Does Not Have a Private Right of Action for Violation of the Caller ID Rules.*

In Claim II, Plaintiff alleges a violation under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1601(e), which requires "any person or entity that engages in telemarketing" to transmit "caller identification information."[2]  However, regulations cannot create a private right of action on their

---

[2] (1) For purposes of this paragraph, caller identification information must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer. It shall not be a violation of this paragraph to substitute (for the name and phone number used in, or billed for,

own; rather, the right of action must flow from a statute.  *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000).  In this case, Plaintiff is alleging a private right of action created under 47 U.S.C. § 227(c)(5) for a violation of the regulations prescribed thereunder.  Plaintiff erroneously asserts that the FCC implemented the Caller ID rules in 47 C.F.R. § 64.1601(e) pursuant to 47 U.S.C. § 227(c).  Indeed, this District Court recently held otherwise, ruling that a Plaintiff does ***not*** have a private right of action for a violation of the Caller ID rules.  *Griffin,* 2024 WL 4333373.

### i.  Historical Background.

Under 47 U.S.C. § 227(c)(1), Congress required the Commission to initiate a rulemaking proceeding within 120 days after December 20, 1991[3] aimed at protecting "residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object."  47 U.S.C. § 227(c)(1).  The rulemaking proceeding expressly requested evaluation of "do not call" systems, and permitted "establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations."  47 U.S.C. § 227(c)(3).  Thus, the statutory text enacted back in 1991 expressly demonstrates that Congress envisioned establishment of the National DNC Registry.

After implementing initial rules and regulations in 1991, the FCC established a national do-not-call list effective as of October 1, 2003.  *Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991*, 68 FR 44144-79.  The FCC expressly stated "[p]ursuant to our authority under 47 U.S.C. 227(c)" that it is adopting a "national do-not-call

---

making the call) the name of the seller on behalf of which the telemarketing call is placed and the seller's customer service telephone number. The telephone number so provided must permit any individual to make a do-not-call request during regular business hours.  47 C.F.R. § 64.1601(e)(1).
[3] The regulations were initially required to be established "[n]ot later than 9 months after December 20, 1991."  47 U.S.C. § 227(c)(2).

registry."  Notably, in doing so, the FCC evaluated *every single requirement* in 47 U.S.C. § 227(c)(3), and concluded that the statutory requirements were satisfied.  68 Fed. Reg. at 44,150-52 ¶¶ 33-40.  The FCC "compared and evaluated alternative methods to a national do-not-call list for protecting consumer privacy rights" but concluded "that these alternatives are costly and/or ineffective for both telemarketers and consumers."  *Id*. at 44,144 ¶ 3.  The FCC further reviewed other requirements of 47 U.S.C. § 227(c)(1) and concluded that its "*regulations* to implement the national-do-not-call database" was the "most effective and efficient manner to protect consumer privacy needs while balancing legitimate telemarketing interest."  *Id*. at 44,148 ¶ 18.  The FCC further indicated that "[p]ursuant to section § 227(c)(1)(D), it considered whether there is a need for additional authority to further restrict telephone solicitations" and "concluded that no such authority is required at this time."  *Id*.  The FCC further analyzed the constitutionality of its regulations in adopting the national do-not-call registry.  *Id*. at 44,152 ¶ 41.  The FCC's in depth analysis of the establishment of the do-not-call registry demonstrates that the DNC registry was in direct response to its requirement to establish regulations under 47 U.S.C. § 227(c).

Although the FCC does not mention *any* authority it relied on in enacting the Caller ID rules, it certainly cannot be pursuant to 47 U.S.C. § 227(c).[4]  Notably, in implementing the Caller ID rules, there is no mention whatsoever of the FCC exercising its authority under 47 U.S.C. § 227(c); there is no analysis of complying with statutory requirements under 47 U.S.C. § 227(c)(1); and there is no constitutional analysis.  Moreover, the FCC itself only identifies governmental enforcement for violation of the Caller ID rules, as follows:

> Caller ID also should increase accountability and provide **an important resource**

---

[4] The FCC identifies implementation of Caller ID "rules" not establishment of any "regulation." 68 Fed. Reg. at 44,152 ¶¶ 124-129.  This is significant because 47 U.S.C. § 227(c)(2) requires the Commission to establish *regulations*, and 47 U.S.C. § 227(c)(5) only provides a right of action for "violation of the *regulations* prescribed under this subsection . . . ."

**for the FCC and FTC** in pursuing enforcement actions against TCPA and TSR violators.

68 Fed. Reg. at 44,148 ¶ 124 (e.s.). This is in stark contrast to the FCC's comments concerning a violation of the do-not-call registry. *Id*. at 44,148, ¶ 196 (e.s.) ("Instead, we believe that the national do-not-call registry will provide consumers with a viable alternative if they are concerned that their company-specific do-not-call requests are not being honored. In addition, ***consumers may pursue a private right of action if there is a violation of the do-not-call rules***.") Indeed, the Caller ID rules are only identified as improving "ability of consumers to identify and enforce do-not-call rights against telemarketers," not to create a separate private right of action. *Id*. at 44,156, ¶ 65.

Some Courts have thus held that the Caller ID rules were established by the FCC pursuant to 47 U.S.C. § 227(d), which prescribes "[t]echnical and procedural standards," but does ***not*** create a private right of action. *Worsham v. Travel Options, Inc*., JKB-14-2749, 2016 WL 4592373, at *7 (D Md Sept 2, 2016), aff'd, 678 Fed Appx 165 (4th Cir 2017) (holding that caller ID rules set procedural standards in the realm of subsection (d) where no private right of action exists). 47 U.S.C. § 227(d)(1) prohibits any person "to initiate any communication using a telephone facsimile machine, or to make any telephone call using any automatic telephone dialing system, that does not comply with the technical and procedural standards prescribed under this subsection." 47 U.S.C. § 227(d). The Commission was required to prescribe "technical and procedural standards for systems that are used to transmit any artificial or prerecorded voice message via telephone." 47 U.S.C. § 227(d)(3). The standards, include, *inter alia*, disclosure of the "identity of the business individual" and to "state clearly the telephone number or address" of the caller. 47 U.S.C. § 227(d).

## ii. **Argument**

Here, Plaintiff attempts to assert a private right of action under § 227(c)(5).[5]  Although 47 U.S.C. § 227(c)(5) provides a private right of action "based on a violation of the regulations prescribed under this subsection to enjoin such violation," 47 C.F.R. § 64.1601(e) is not promulgated under 47 U.S.C. § 227(c).  Indeed, there is ***no*** express language in either 47 C.F.R. § 64.1601(e) or 47 U.S.C. § 227(c) that would identify § 227(c) as the authority under which the FCC promulgated the Caller ID rules in § 64.1601(e).  Thus, § 64.1601(e) does not afford Plaintiffs a claim under the TCPA, because that rule was not promulgated pursuant to § 227(c).

Nearly every Federal court considering this same type of class allegations ***since the enactment in 2003*** has concluded there is no private right of action under § 64.1601(e).  *See, e.g.,* *Worsham*, 2016 WL 4592373, at *4; *Meyer v. Capital Alliance Grp.*, 2017 WL 5138316 (S.D. Cal. Nov. 6, 2017); *Dobronski v. Tobias & Assocs.*, 2023 WL 7005844, at *8 (E.D. Mich. Sept. 25, 2023), report and recommendation adopted in part sub nom. *Dobronski v. Tobias & Assocs., Inc.*, 2024 WL 1174553 (E.D. Mich. Mar. 18, 2024)).[6]

---

[5] 47 U.S.C. § 227(c)(5) provides that: "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" "(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or (C) both such actions."

[6] *Dobronski v. Fam. First Life, LLC*, No. 22-cv12039, 2024 WL 575858, at *18–19 (E.D. Mich. Jan. 19, 2024), report and recommendation adopted in part, rejected in part, No. 22-cv-12039, 2024 WL 1342668 (E.D. Mich. Mar. 29, 2024); *Dobronski v. Tobias & Assocs., Inc.*, No. 23-10331, 2024 WL 1174553, *4-5 (E.D. Mich. Mar. 18, 2024) (dismissing claim under Section 64.1601(e) on grounds that it does not create a private right of action); *Dobronski v. Total Ins. Brokers, LLC*, No. 21-10035, 2021 WL 4452218, at *2–3 (E.D. Mich. Sept. 29, 2021) (same); *Dobronski v. SunPath Ltd.*, No. 19-13094, 2020 WL 8840311, at *6–7 (E.D. Mich. July 27, 2020) (finding no private right of action on motion to dismiss); *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 789–90 (E.D. Mich. 2020) (same, denying leave to amend).  *But cf.*, *Dobronski v. Selectquote Ins. Servs.*, 773 F Supp 3d 373 (E.D. Mich 2025).

DEFENDANT'S MOTIONS TO DISMISS AND STRIKE - 9

Indeed, just over a year ago, in *Griffin*, this Court held that a Plaintiff does **_not_** have a

private right of action for violation of Caller ID regulations.  2024 WL 4333373.  In *Griffin*, this

Court found "persuasive the reasoning of every federal court to consider the issue," including the

reasoning in *Worsham* and *Meyer*.  *Id*.  In *Worsham*, after analyzing the FCC rules and comments,

the Court found that "the FCC's rule in § 64.1601(e) appears to *support* consumers' enforcement

efforts under the TCPA's subsection c, rather than to *create* a separate mechanism upon which a

consumer can make an actionable claim."[7]  *Worsham*, 2016 WL4592373, at *4–5 (emphasis in

original).  In *Worsham*, the Court reasoned:

> However, it is not clear whether § 64.1601(e) is promulgated under either
> subsection b or subsection c of the TCPA. Caller ID technology does not fit neatly
> into the focus of either subsection, neither of which requires the use of such
> technology to accomplish their respective purposes. Thus, it is also not clear
> whether a violation of § 64.1601(e) falls within the private right of action granted
> by subsection b or subsection c. It seems just as likely that the FCC may have only
> intended to ensure consistency between its preexisting Caller ID regulations and its
> revised TCPA regulations and/or the FTC's regulations pertaining to telemarketing
> when the FCC promulgated § 64.1601(e); those efforts all occurred at the same
> time, in 2003. Additionally, the FCC said, "Caller ID requirements will improve
> the ability of consumers to identify and enforce do-not-call rights against
> telemarketers."

*Worsham,* 2016 WL 4592373, at *4.

Likewise, in reviewing *Meyer*, this Court found that Meyer's reliance on the United States

Supreme Court's principles of statutory construction was controlling in declining to create a

private right of action where none was expressly created.  *Meyer,* 2017 WL 5138316, at *16–

---

[7] As the Court in *Worsham* noted, the regulations published by the FCC in §§ 64.1600 through
64.1605 are mostly in furtherance of the FCC's duty to regulate telephone carriers and establish
federal rules governing caller identification service on an international basis made necessary by
new telephone switching technology. *Worsham,* 2016 WL 4592373, at *4 (citing Calling Number
Identification, 56 Fed. Reg. 57,300 (Nov. 8, 1991) and Calling Number Identification, 59 Fed.
Reg. 18,318 (Apr. 18, 1994) (publishing final rule pertaining to Caller ID services; noting addition
of new Subpart P to Part 64 of Title 47, Code of Federal Regulations).  The FCC amended its rules
in 2003 by adding § 64.1601(e).

17.  In *Meyer*, the Southern District Court in California noted that where "a statutory scheme and its implementing regulations have expressly crated a private right of action but have not expressly done so elsewhere in the same scheme, it is 'highly improbable' that Congress---or here, the FCC "'absent mindedly forgot to mention an intended private right of action.'" *Id.*, at *16 (SD Cal Nov 6, 2017) (quoting *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 20 (1979) (internal quotation and citation omitted). *See also Cannon v. Univ. of Chi.*, 441 U. S. 677, 717, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979) (stating that where Congress "intends private litigants to have a cause of action," the "far better course" is for Congress to confer that remedy in explicit terms); *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) (If the statute itself does not "displa[y] an intent" to create "a private remedy," then "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute"); *Dobronski v. Transamerica Life Ins. Co.*, 13 N.W.3d 895, 906 (Mich. Ct. App. May 25, 2023) ("when promulgating 47 CFR 64.1601(e), the FCC did not indicate that either subsection (b) or (c) was the statutory authority for that regulation. Had there been an intent to create a private right of action by Congress, or an understanding by the FCC that Congress had so intended, then one would expect more clarity in the statute or regulation, especially when private rights of action were expressly created elsewhere in the federal scheme.").

As such, this District Cout adopted the reasoning and thoughtful analysis of *Worsham* and *Meyer*, and held that that the Plaintiff may not pursue a private right of action under 47 U.S.C. § 227(c)(5) for alleged violations of 47 C.F.R. § 1601(e).  The same is true here.  Plaintiff erroneously attempts to allege a violation of 47 U.S.C. § 227(c)(5) for alleged violations that arise from FCC's rule in § 64.1601(e); however, it is clear that the FCC did not state that its

Caller ID rules were being promulgated pursuant to 47 U.S.C. § 227(c), nor did it indicate that a private right of action existed for such violation; to the contrary, the FCC only mentioned a *government* right of action for any such violation.  68 Fed. Reg. at 44,148 ¶ 124.  As such, because there is no private right of action for the Caller ID Class, the Court should dismiss Claim II.

**B.    THE COURT SHOULD STRIKE THE CLASS DEFINITION IN CLAIM III – THE INTERNAL DNC CLASS**

***1.    Plaintiff is Not a Member of the Internal DNC Class.***

Plaintiff's Internal DNC class definition fails because, as defined and in light of his own factual allegations, Plaintiff is not a member of the class.  Plaintiff defines its Internal DNC Class as follows:

> **Internal DNC Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) **two or more** telemarketing calls or text messages in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) **who had previously asked for the calls to stop** and (5) within the four years prior to the filing of the Complaint.

[ECF No. 23, ¶ 62] (e.s.).  First and foremost, Plaintiff never alleges that he requested Defendant to stop calling, only that he "filed this lawsuit."  [ECF No. 23, ¶ 36, 51].  However, even if you could construe that allegation to be a request to stop calling, Plaintiff only alleges receipt of "***one*** additional call" from Defendant.  [ECF No. 23, ¶ 38] (e.s.).  Thus, based on the pleadings alone, Plaintiff does not fall within this class definition as he did not receive "two or more telemarketing calls or text messages" after he "previously asked for the calls to stop."

Accordingly, Plaintiff's proposed class lacks typicality because he "has not alleged that []he falls into [his] own class definition."  *Murch v. GPS Capital Markets, LLC*, 3:24-CV-01854-SB, 2025 WL 2466576, at *16 (D Or June 6, 2025), report and recommendation adopted in part, rejected in part sub nom. *Murch v GPS Capital Markets, LLC*, 3:24-CV-01854-SB, 2025 WL

2770190 (D Or Sept 26, 2025) (citing *Brown v. Nano Hearing Tech Opco, LLC*, No. 3:24-cv-00221, 2024 WL 3367536, at *9 (S.D. Cal. July 9, 2024) (striking class allegations in part because the plaintiff "has not alleged that she falls into her own class definition" and "the Complaint does not name any other plaintiffs, [therefore] the purported class lacks typicality" (citing *Galan Segura v. CRST Van Expedited, Inc.,* No. 5:12-cv-01901, 2014 WL 12567799, at *2 (C.D. Cal. June 16, 2014))); *Ismail v. Am. Airlines, Inc.,* No. 2:22-cv-01111, 2023 WL 5504932, at *7 (C.D. Cal. July 14, 2023) (striking class allegations in part because the plaintiff "pleads that he was an 'exempt supervisor,' but all but one of his proposed Class Definitions include only non-exempt workers" and "[t]he one proposed Class Definition that includes supervisors specifies that it includes only 'level 3 and level 4 supervisors,' and he does not allege that his job title fits into that category"); *see also Philips v. Ford Motor Co*., No. 5:14-cv-02989, 2016 WL 7428810, at *8 (N.D. Cal. Dec. 22, 2016) ("Typicality requires that the named Plaintiffs be members of the class they represent[.]") (simplified), *aff'd*, 726 F. App'x 608 (9th Cir. 2018)).  Accordingly, the Court should strike the class allegations in Claim III.

## V.    CONCLUSION

WHEREFORE, DaBella respectfully requests the Court to dismiss Claim II and strike the class definition in Claim III, and for such other relief as the Court deems just and advisable.

Dated:  October 14, 2025                    Respectfully submitted,

Drew L. Eyman, OSB No. 163762
Snell & Wilmer LLP

-and-

/s/ Diane J. Zelmer, Esq.
Diane J. Zelmer, Esq., *pro hac vice*
BERENSON LLP
4495 Military Trial, Suite 203

Jupiter, Florida 33458
Tel:  (561) 429-4496
Fax:  (703) 991-2195
Email:  djz@berensonllp.com
Secondary Email:  hcc@berensonllp.com
*Attorneys for Dabella Exteriors LLC*