Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone:  503.624.6800
Facsimile:  503.624.6888
*Attorney for Defendant, DaBella Exteriors, LLC*

Diane J. Zelmer, Esq. (pro hac vice)
FL Bar No. 27251
BERENSON LLP
4495 Military Trail, Suite 203
Jupiter, Florida 33458
Telephone: 561-429-4496
Email: djz@berensonllp.com
*Attorney for Defendant, DaBella Exteriors, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>DABELLA EXTERIORS LLC,<br><br>      Defendant. | Case No. 3:25-CV-00396-SI<br><br>DEFENDANT'S MOTION TO CERTIFY THE DISTRICT COURT'S ORDER FOR INTERLOCUTORY APPEAL AND TO STAY DISCOVERY |

**TABLE OF CONTENTS**

Table of Contents

**TABLE OF CONTENTS** .................................................................................................................. i

**TABLE OF AUTHORITIES** ........................................................................................................... ii

**MOTION** ........................................................................................................................................ 1

**SUMMARY OF ARGUMENT** ....................................................................................................... 1

**BACKGROUND** ............................................................................................................................ 3

**LEGAL STANDARD** .................................................................................................................... 4

**MEMORANDUM OF LAW** .......................................................................................................... 4

**I.    THE COURT'S ORDER HAS THE HALLMARKS OF A DECISION THAT SHOULD BE CERTIFIED FOR INTERLOCUTORY APPEAL AND REVIEWED BY THE NINTH CIRCUIT**…………………………………………………………………………………….4

   A.   Whether a Private Right of Action Exists for Violations of 47 C.F.R. § 64.1601(e) Is A Controlling Question of Law ................................................................................................................ 5

   B.   There Is Substantial Ground For Difference Of Opinion As To Whether a Private Right of Action Exists for the Caller ID Class ....................................................................................... 6

   C.   An Interlocutory Appeal Would Materially Advance The Termination Of the Caller ID Class in this Litigation ................................................................................................................ 8

**II.   THE QUESTION IS EXCEPTIONALLY IMPORTANT AND RECURRING** ...................... 10

**III.  THIS COURT SHOULD STAY DISCOVERY UNTIL THE NINTH CIRCUIT RULES ON DABELLA'S REQUEST** ...................................................................................................... 11

**CONCLUSION** ............................................................................................................................. 11

DEFENDANT'S MOTION TO CERTIFY THE DISTRICT COURT'S ORDER FOR INTERLOCUTORY APPEAL AND TO STAY DISCOVERY - i

## **TABLE OF AUTHORITIES**

**Cases**

*Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081 (E.D. Cal. 2008) ................... 11

*Axon Enter., Inc. v. FTC*, 598 U.S. 175 (2023) ................................................................................ 10

*Barton v. Bright Solar Marketing LLC*, No. 3:25-CV-05310-DGE, 2025 WL 2880136 (W.D. Wash. Oct. 9, 2025) ................................................................................................................................ 7

*Biederman v. FCA US LLC*, No. 23-cv-06640, 2025 WL 1266907 (N.D. Cal. May 1, 2025) ................... 9

*Dilanyan v. Hugo Boss Fashions, Inc.,* 2025 WL 3549868 (C.D. Cal. Dec. 3, 2025) ............................... 9

*Dobronski v. CHW Grp., Inc*., 2025 WL 2426370 (E.D. Mich. Aug. 21, 2025) ........................................ 7

*Dobronski v. Fam. First Life, LLC*, No. 22-cv12039, 2024 WL 575858 (E.D. Mich. Jan. 19, 2024), report and recommendation adopted in part, rejected in part, No. 22-cv-12039, 2024 WL 1342668 (E.D. Mich. Mar. 29, 2024) ............................................................................................................. 8

*Dobronski v. Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265 (E.D. Mich. Sept. 17, 2025) ............................................................................................................. 7

*Dobronski v. Selectquote Ins. Servs*., 462 F. Supp. 3d 784 (E.D. Mich. 2020) ............................................ 8

*Dobronski v. Selectquote Ins. Servs*., 773 F. Supp. 3d 373 (E.D. Mich. 2025) ........................................... 7

*Dobronski v. SunPath Ltd*., No. 19-13094, 2020 WL 8840311 (E.D. Mich. July 27, 2020) ........................ 8

*Dobronski v. Tobias & Assocs., Inc*., No. 23-10331, 2024 WL 1174553 (E.D. Mich. Mar. 18, 2024) ........ 8

*Dobronski v. Total Ins. Brokers, LLC*, No. 21-10035, 2021 WL 4452218 (E.D. Mich. Sept. 29, 2021) ...... 8

*Filtrol Corp. v. Kelleher*, 467 F.2d 242 (9th Cir. 1972) ........................................................................ 11

*Griffin v. American-Amicable Life Ins. Co. of Tex.*, 2024 WL 4333373 (D. Or. Sept. 27, 2024) ................. 7

*Haight v. Bluestem Brands, Inc.*, No. 13-CV-01400, 2015 WL 12830482 (M.D. Fla. May 14, 2015) ...... 7

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125 (9th Cir. 2022) ......... 4, 5, 7, 8

*In re Cement Antitrust Litig. (MDL No. 296),* 673 F.2d 1020 (9th Cir. 1981) ............................... 4, 5, 6, 9

*In re Trump*, 874 F.3d 948 (6th Cir. 2017) .............................................................................. 4, 9

*Meyer v. Capital Alliance Group*, 2017 WL 5138316 (S.D. Cal. Nov. 6, 2017) ........................... 8

*Mohawk Indus. v. Carpenter*, 558 U.S. 110 (2009) ................................................................... 5

*Natkin v. Am. Osteopathic Ass'n,* 3:16-CV-01494-SB, 2017 WL 4020425 (D. Or. July 27, 2017), report and recommendation adopted, 3:16-CV-1494-SB, 2017 WL 4012959 (D. Or. Sept 12, 2017) ............. 7

*Newell v. JR Cap., LLC*, 791 F. Supp.3d 571 (E.D. Pa. July 16, 2025) ....................................... 7

*Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011) .................................................. 4

*Worsham v. Travel Options, Inc.*, 2016 WL 4592373 (D. Md. Sept. 2, 2016) ............................. 8

## Other Authorities

16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3930 (3d ed. 2002) ................................................................................................................................. passim

## Statutes

28 U.S.C. § 1292(b) ................................................................................................... 1, 4, 5, 10
47 C.F.R. § 64.1200(c)(2) .................................................................................................... 3
47 U.S.C. § 227 ........................................................................................................... passim
47 U.S.C. § 227(c) ....................................................................................................... passim

## Regulations

47 C.F.R. § 64.1601(e) .................................................................................................. passim

**LR 7-1 CERTIFICATION**

Defendant, DABELLA EXTERIORS LLC ("DaBella"), hereby certifies that in compliance with Local Rule 7-1, the parties made a good faith effort through email on February 25, 2026 and via telephone on February 26, 2026, to resolve the dispute in this motion, but have been unable to agree on a resolution.

**MOTION**

Pursuant to 28 U.S.C. § 1292(b), Defendant, DaBella Exteriors, LLC ("DaBella" or "Defendant") respectfully moves this Court: (1) to enter an order certifying its Order denying DaBella's motion to dismiss the Amended Complaint of Plaintiff, Leon Weingrad ("Plaintiff" or "Weingrad") for interlocutory appeal, and (2) to stay the Caller ID Class discovery pending the Ninth Circuit's resolution of the appeal. This motion is based on the memorandum below and the court's records and files herein.

**SUMMARY OF ARGUMENT**

On February 23, 2026, this Court denied DaBella's motion to dismiss regarding the Caller ID Class, and held that Weingrad has a private right of action to proceed for violation of the Caller ID rules promulgated by the FCC under 47 C.F.R. § 64.1601(e), and that the FCC enacted this regulation under its authority in 47 U.S.C. § 227(c). DaBella respectfully submits that, due to the divergent rulings courts have reached on this precise issue, this question warrants consideration by the U.S. Court of Appeals for the Ninth Circuit. Indeed, the Ninth Circuit has not yet resolved this issue. Further, this question is one of controlling law, for which there is a substantial ground for difference of opinion, that would resolve the Caller ID Class in its entirety. It is the exact type of question that an interlocutory appeal is designed to address. DaBella, therefore, requests that this

DEFENDANT'S MOTION TO CERTIFY THE DISTRICT COURT'S ORDER FOR INTERLOCUTORY APPEAL AND TO STAY DISCOVERY - 1

Court enter an order certifying its Order on DaBella's motion to dismiss (the "Order") for interlocutory appeal for at least three reasons.

***First***, this Court should grant this Motion because the Order decided a controlling question of law. In DaBella's motion to dismiss, it squarely presented the issue of whether Plaintiff had a private right of action to pursue its CallerID claims for violation of 47 C.F.R. 64.1601(e), and whether that rule was promulgated by the FCC under its authority under 47 U.S.C. § 227(c). Plaintiff's ability to state a claim turns on the interpretation of the authority under which the FCC enacted this regulation. This controlling question of law is a pure question of statutory interpretation and, therefore, is well suited for resolution on appeal.

***Second***, this Court should grant this Motion to allow the Ninth Circuit to resolve the difference of opinion that "sharply divide[s]" courts on this issue. Contrary to this Court's holding that "the FCC must have used its authority under 47 U.S.C. § 227(c) to promulgate § 64.1601(e)," other district courts across the country, including the *Griffin* case in Oregon, have held that a plaintiff does not have a private right of action to sue for violations of § 64.1601(e) because the FCC did not promulgate it under 47 U.S.C. § 227(c). These differing opinions support a finding that interlocutory appeal is appropriate to allow the Ninth Circuit to address this preliminary question of law.

***Third***, this Court should grant the Motion because an appeal will materially advance the resolution of the litigation. In the Order, the Court addressed a threshold question of law presented by DaBella in its motion to dismiss. If the Court had granted the motion to dismiss, such a ruling would have resolved the Caller ID Class in its entirety. Similarly, if the Ninth Circuit agrees with the interpretation of § 64.1601(e) and 47 U.S.C. § 227 advanced by DaBella, as many other courts have done, such ruling would resolve the Caller ID Class in this

DEFENDANT'S MOTION TO CERTIFY THE DISTRICT COURT'S ORDER FOR INTERLOCUTORY APPEAL AND TO STAY DISCOVERY - 2

lawsuit. As a result, the Court should grant this Motion and certify its Order for interlocutory appeal.

***Finally***, if the Court grants DaBella's request to certify the Court's Order for interlocutory appeal, it also should grant the company's request to stay the Caller ID proceedings until the Ninth Circuit decides whether it will hear DaBella's petition. DaBella's arguments regarding this issue of statutory interpretation raise serious questions regarding the merits. Weingrad and the public will suffer no harm if the Court enters a stay, and DaBella will suffer irreparable harm if the Court does not enter a stay. For these reasons, a stay of litigation activity is warranted.

DaBella, accordingly, respectfully submits that this Court grant this Motion, certify its Order denying DaBella's motion to dismiss for interlocutory appeal, stay the Caller ID Class until the U.S. Court of Appeals for the Ninth Circuit decides whether it will hear the case and, if so, until the Ninth resolves the appeal, and grant any further relief it deems just or proper.

## BACKGROUND

On November 7, 2024, Weingrad filed a federal lawsuit in Oregon, seeking to recover damages under the TCPA. (Doc. No. 1). Plaintiff initially alleged only one class -- a National DNC Class based on the alleged violation of the TCPA under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2). (Doc. No. 1, ¶ 33). On September 30, 2025, Plaintiff filed its First Amended Complaint, and now alleges two additional claims and two additional classes: Claim II – Telemarketing Caller ID Class, and (2) Claim III - Internal DNC Class. (Doc. No. 23, ¶ 62).

Based on those allegations, on October 14, 2025, DaBella filed a motion to dismiss asserting that Plaintiff had no private cause of action to assert the Caller ID Class. (Doc. 24).

DEFENDANT'S MOTION TO CERTIFY THE DISTRICT COURT'S ORDER FOR INTERLOCUTORY APPEAL AND TO STAY DISCOVERY - 3

On February 23, 2026, this Court denied DaBella's motion to dismiss the Amended Complaint. (Doc. 40). The Court analyzed the regulation and statute and determined that the FCC must have promulgated § 64.1601(e) under its authority granted under 47 U.S.C. § 227(c). Thus, the Court determined that Plaintiff had a private right of action to pursue its Caller ID Class for violations of § 64.1601(e).

## LEGAL STANDARD

The district court may certify an order for interlocutory appeal if it is "of the opinion" that three conditions exist. 28 U.S.C. § 1292(b). First, the order must involve a "controlling question of law." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (citing *In re Cement Antitrust Litig. (MDL No. 296),* 673 F.2d 1020, 1026 (9th Cir. 1981). Second, that question must contain a "substantial ground for difference of opinion." *Id.* (quoting *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). And third, the appeal should "materially advance the ultimate termination of the litigation." *Id.* (quoting *In re Cement Antitrust Litig. (MDL No. 296),* 673 F.2d at 1026). If these three "guiding criteria" are present, the district court does not abuse its discretion in granting such a motion. *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting 28 U.S.C. § 1292(b)) (quoting 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3930 (3d ed. 2002)).

## MEMORANDUM OF LAW

I. **THE COURT'S ORDER HAS THE HALLMARKS OF A DECISION THAT SHOULD BE CERTIFIED FOR INTERLOCUTORY APPEAL AND REVIEWED BY THE NINTH CIRCUIT**

DaBella requests the Court to state in writing that the dismissal order involves a "'controlling question of law' the prompt resolution of which 'may materially advance the

ultimate termination of the litigation[.]'" *Mohawk Indus. v. Carpenter*, 558 U.S. 110, 110-111 (2009) (quoting 28 U.S.C. § 1292(b)).  Reasonable jurists could disagree (and have disagreed) over the purely legal question of whether Plaintiff has a private right of action to assert the Caller ID Class for violations of § 64.1601(e), and deciding that question in DaBella's favor would end the Caller ID Class action.

### A. Whether a Private Right of Action Exists for Violations of 47 C.F.R. § 64.1601(e) Is A Controlling Question of Law

This Court should find that DaBella's motion to dismiss presents a controlling question of law that is appropriate for resolution on interlocutory appeal.  "A controlling question of law must be one of law—not fact—and its resolution must 'materially affect the outcome of litigation in the district court.'"  *ICTSI Oregon, Inc.,* 22 F.4th. at 1130 (citing *In re Cement Antitrust Litig.*, 673 F.2d at 1026).

First, the Order undoubtedly involves a question of law.  Indeed, whether Plaintiff stated a claim under the Caller ID Class in his Amended Complaint turns on whether Plaintiff has a private right of action for violation of the Caller ID Rules in 47 C.F.R. § 64.1601(e) and, whether that rule was enacted under the FCC's authority under 47 U.S.C. § 227(c).  Therefore, this case presents the exact type of narrow question that can and should be resolved on interlocutory appeal.

In its Order, the Court considered "whether the relevant statute creates, or authorizes, a private right of action under which a plaintiff can sue for violations of the statute's enabling and implementing regulations."  (Doc. 40, p. 8).  The Court concluded that the "FCC must have used its authority under 47 U.S.C. § 227(c) to promulgate § 64.1601(e)[,]" and thus, concluded, that Plaintiff had a private right of action to pursue its alleged violations of the Caller ID rules.  *Id*. at p. 9.  In resolving that question, the Court conducted an independent

review of five subsections of the TCPA to determine under what section the FCC used its authority to promulgate § 64.1601(e). *Id.* Thus, the Order presents a pure question of law.

Second, that question of law is controlling. "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d at 1026 (citation omitted). Indeed, "a question is controlling" in the relevant sense "if interlocutory reversal might save time for the district court, and time and expense for the litigants." 16 WRIGHT & MILLER, *supra*, § 3930. Here, whether the Amended Complaint states a valid claim on the Caller ID Class turns on the interpretation of whether or not the FCC promulgated § 64.1601(e) under its authority in 47 U.S.C. § 227(c) or some other subsection or authority. If the FCC did *not* promulgate § 64.1601(e) under its authority in 47 U.S.C. § 227(c), then Plaintiff has not stated a claim for relief. Thus, the second prong is satisfied as well.

Simply put, in its Order, this Court decided a motion to dismiss that squarely presented a controlling question of law as to whether or not Plaintiff has a private right of action to pursue violations under § 64.1601(e) that the U.S. Court of Appeals for the Ninth Circuit can and should review as a threshold matter. The Court should find that this factor supports granting the Motion.

**B. There Is Substantial Ground For Difference Of Opinion As To Whether a Private Right of Action Exists for the Caller ID Class**

This Court should certify its Order for interlocutory appeal because courts are "sharply divided" on the determination as to whether or not a plaintiff has a private right of action to pursue violations under § 64.1601(e) and whether or not this regulation was enacted under the authority granted under 47 U.S.C. § 227(c). *See, Natkin v. Am. Osteopathic Ass'n,* 3:16-CV-

01494-SB, 2017 WL 4020425, at *3 (D. Or. July 27, 2017), report and recommendation adopted, 3:16-CV-1494-SB, 2017 WL 4012959 (D. Or. Sept 12, 2017); *Haight v. Bluestem Brands, Inc.*, No. 13-CV-01400, 2015 WL 12830482, at *4 n.4 (M.D. Fla. May 14, 2015).

"The substantial grounds prong is satisfied when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions." *ICTSI Oregon, Inc.*, 22 F.4th at 1130 (internal quotation marks and citation omitted). "[T]his prong is satisfied ... if novel and difficult questions of first impression are presented." *Id*. (internal question marks and citation omitted). Further, "[t]he level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." 16 WRIGHT & MILLER, *supra*, § 3930.

Here, this is an issue of first impression. As the Court already recognized, the "Ninth Circuit has not yet resolved this issue." (Doc. 40, p. 7). Moreover, district courts have reached different opinions on the controlling question of law. A number of courts have very recently determined that a private right of action exists to pursue violations under 47 C.F.R. § 64.1601(e). *See Dobronski v. Selectquote Ins. Servs.*, 773 F. Supp. 3d 373, 380 (E.D. Mich. 2025); *Newell v. JR Cap., LLC*, 791 F. Supp.3d 571, 582 (E.D. Pa. July 16, 2025); *Dobronski v. CHW Grp., Inc.*, 2025 WL 2426370, at *7 (E.D. Mich. Aug. 21, 2025); *Dobronski v. Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265, at *11 (E.D. Mich. Sept. 17, 2025); *Barton v. Bright Solar Marketing LLC*, No. 3:25-CV-05310-DGE, 2025 WL 2880136, at *5 (W.D. Wash. Oct. 9, 2025). However, there are multiple district courts, including the *Griffin* case in this district, that endorse DaBella's position. *See, e.g., Griffin v. American-Amicable Life Ins. Co. of Tex.*, 2024 WL 4333373, at *4 (D. Or. Sept. 27, 2024) (dismissing claim for alleged violation of Section 64.1601(e)); *Meyer v. Capital Alliance Group*,

2017 WL 5138316 (S.D. Cal. Nov. 6, 2017) (declining to create private right of action for violation of Section 64.1601(e)); *Worsham v. Travel Options, Inc.*, 2016 WL 4592373, at *7 (D. Md. Sept. 2, 2016) (Section 64.1601(e) does not create a separate mechanism upon which a consumer can make an actionable claim); *Dobronski v. Fam. First Life, LLC*, No. 22-cv12039, 2024 WL 575858, at *18–19 (E.D. Mich. Jan. 19, 2024), report and recommendation adopted in part, rejected in part, No. 22-cv-12039, 2024 WL 1342668 (E.D. Mich. Mar. 29, 2024); *Dobronski v. Tobias & Assocs., Inc.*, No. 23-10331, 2024 WL 1174553, *4-5 (E.D. Mich. Mar. 18, 2024) (dismissing claim under Section 64.1601(e) on grounds that it does not create a private right of action); *Dobronski v. Total Ins. Brokers, LLC*, No. 21-10035, 2021 WL 4452218, at *2–3 (E.D. Mich. Sept. 29, 2021) (same); *Dobronski v. SunPath Ltd.*, No. 19-13094, 2020 WL 8840311, at *6–7 (E.D. Mich. July 27, 2020) (finding no private right of action on motion to dismiss); *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 789–90 (E.D. Mich. 2020) (same, denying leave to amend).

As demonstrated by the varying decisions on this issue, there is substantial ground for difference of opinion. As a result, this issue is appropriate for resolution by an appellate court. For this reason, as well, this Court should certify its Order for interlocutory appeal.

**C. An Interlocutory Appeal Would Materially Advance The Termination Of the Caller ID Class in this Litigation**

Because DaBella's motion to dismiss presents a dispositive issue, a Ninth Circuit ruling could resolve the Caller ID Class in its entirety. "[T]he materially advance prong is satisfied when the resolution of the question may appreciably shorten the time, effort or expense of conducting the district court proceedings." *ICTSI Oregon, Inc.*, 22 F.4th at 1131 (internal question marks and citation omitted). Any question that "involve[s] the possibility of avoiding

trial proceedings, or at least curtailing and simplifying pretrial or trial," "may materially advance the ultimate termination of the litigation." 16 WRIGHT & MILLER, *supra*, § 3930.

Here, the dispositive issue on the Caller ID Class satisfies that standard. For the reasons discussed in *supra*, if the U.S. Court of Appeals for the Ninth Circuit finds that Plaintiff has no private right of action to pursue violations of § 64.1601(e) and that § 64.1601(e) was not enacted under the authority granted under 47 U.S.C. § 227(c), then Plaintiff cannot state a claim for relief for the Caller ID Class. Indeed, because the appeal could knock out the Caller ID class in its entirety, there is little question that an appeal "could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (citation omitted). Indeed, the Caller ID class has the potential to be the largest of the three classes alleged, and Weingrad will undoubtedly seek expansive discovery. *In re Trump*, 874 F.3d. at 952 (granting interlocutory appeal presenting novel question where plaintiff was seeking expansive discovery).

Certifying the Order is also the most efficient path forward. This case has been proceeding since December 2024. A decision from the Ninth Circuit could "conserve judicial resources, conserve party resources, and simplify case management." *Biederman v. FCA US LLC*, No. 23-cv-06640, 2025 WL 1266907, at *5 (N.D. Cal. May 1, 2025); *Dilanyan v. Hugo Boss Fashions, Inc.,* 2025 WL 3549868 (C.D. Cal. Dec. 3, 2025) ("The resolution of an interlocutory appeal may therefore conserve resources that would be expended if the parties were to continue litigating this action to reach a final judgment."). If the Ninth Circuit decided the question presented here in DaBella's favor, then no Caller ID class discovery or motion practice would even be necessary.

Thus, the question meets the third and final condition for interlocutory appeal.

DEFENDANT'S MOTION TO CERTIFY THE DISTRICT COURT'S ORDER FOR INTERLOCUTORY APPEAL AND TO STAY DISCOVERY - 9

## II. THE QUESTION IS EXCEPTIONALLY IMPORTANT AND RECURRING

Although finding the three prior prongs met is sufficient, certification is especially warranted here given the nature of the potential damages, and the Order's implications beyond this case. "The advantages of immediate appeal increase with . . . the substantiality of the burdens imposed on the parties by a wrong ruling." 16 WRIGHT & MILLER, *supra*, § 3930. Along the same lines, section 1292(b) can "provide useful means of securing review of questions that elude effective review on appeal from final judgment." *Id*. DaBella's arguments rest on the determination of whether or not a private right of action exists for violation of the FCC rules. Because "[a] proceeding that has already happened cannot be undone," if DaBella's are subject to class discovery (and potentially trial) in violation of their legal rights, after-the-fact review of whether they could be subject to such proceedings "would come too late to be meaningful." *Cf. Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023).

Additionally, although section 1292(b) does not require "a question [to] be important to a large number of other suits, . . . [t]he opportunity to achieve appellate resolution of an issue important to other cases may provide an additional reason for certification." 16 WRIGHT & MILLER, *supra*, § 3930. The varying decisions on the issue presented here mean a Ninth Circuit decision will impact a broad range of TCPA-related litigation. *See, supra* Part I.B. An immediate appeal would thus provide clarity to courts, litigants, and businesses—including as to whether a defendant is subject to the degree of liability for their conduct that will make them subject to liability by an individual or class for violations of the Caller ID Rules. Thus, the question presented reinforces the need to ensure that that the ruling is proper at the outset—and bolsters the case for certification here.

## III. THIS COURT SHOULD STAY DISCOVERY UNTIL THE NINTH CIRCUIT RULES ON DABELLA'S REQUEST

If this Court grants the motion to certify the order for interlocutory appeal, it also should stay discovery in the litigation until the U.S. Court of Appeals for the Ninth Circuit decides whether it will accept the appeal and, if it does, until the Ninth Circuit resolves the appeal. "Although the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) (citing *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972)). Indeed, allowing the litigation to proceed when the interlocutory appeal is pending could waste time and resources, as the appeal may result in the dismissal of the Caller ID Class entirely, rendering such efforts moot. Thus, discovery for the Caller ID Class should be stayed until the U.S. Court of Appeals for the Ninth Circuit decides whether it will hear this dispute.

## CONCLUSION

**WHEREFORE**, Defendant, DaBella Exteriors, LLC respectfully requests that this Court certify its Order denying DaBella's motion to dismiss Plaintiff Leon Weingrad's Amended Complaint for interlocutory appeal to the U.S. Court of Appeals for the Ninth Circuit and stay discovery pending the Ninth Circuit's decision, as well as grant any other relief that the Court deems just and proper.

Dated: March 3, 2026                                Respectfully submitted,

                                                    Drew L. Eyman, OSB No.: 163762
                                                    Snell & Wilmer
                                                    601 SW 2nd Avenue, Suite 2000
                                                    Portland, OR 97204-3229

> T: (971) 213-1070
> Email: deyman@swlaw.com
> *Counsel for DaBella Exteriors LLC*
>
> -and-
>
> /s/ Diane J. Zelmer, Esq.
> Diane J. Zelmer, Esq.
> Florida Bar No. 27251
> BERENSON LLP
> 4495 Military Trial, Suite 203
> Jupiter, Florida 33458
> Tel: (561) 429-4496
> Fax:  (703) 991-2195
> Email: djz@berensonllp.com
> Secondary Email: hcc@berensonllp.com *Counsel for DaBella Exteriors LLC*

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 3,349 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

> s/ Diane J. Zelmer
> Diane J. Zelmer, FL Bar 27251 (pro hac vice)
> *Counsel for DaBella Exteriors LLC*

DEFENDANT'S MOTION TO CERTIFY THE DISTRICT COURT'S ORDER FOR INTERLOCUTORY APPEAL AND TO STAY DISCOVERY - 12