Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff,*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

_____

LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff

vs.

DABELLA EXTERIORS LLC

Defendant.

Case No. 3:25-cv-00396-SI

OPPOSITION TO
MOTION FOR INTERLOCUTORY APPEAL
TCPA (47 U.S.C. § 227)
DEMAND FOR JURY TRIAL

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
## TO CERTIFY INTERLOCUTORY APPEAL AND TO STAY DISCOVERY

### INTRODUCTION

Defendant DaBella Exteriors LLC seeks certification of this Court's order denying its

motion to dismiss for interlocutory appeal under 28 U.S.C. § 1292(b), along with a stay of

discovery pending appellate review. Defendant's request should be denied because it does not

satisfy the demanding standard required for interlocutory review.

Interlocutory appeals are reserved for exceptional circumstances where immediate

OPPN. MOT. INTERLOC. APPEAL            1

appellate resolution will materially advance the ultimate termination of litigation. This case presents no such circumstance. Even if Defendant prevailed on appeal, the litigation would continue on Plaintiff's remaining Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, claims arising from the same telemarketing campaign and involving the same underlying conduct. The discovery and factual development required for those claims would proceed largely unchanged. Accordingly, certification would not materially advance the termination of the litigation.

Nor has Defendant demonstrated a substantial ground for difference of opinion regarding the Court's ruling. The Court carefully analyzed the statutory framework of the TCPA and concluded that the FCC promulgated the telemarketing Caller ID regulation pursuant to 47 U.S.C. § 227(c), which expressly provides a private right of action. Multiple recent federal decisions have reached the same conclusion after conducting a similar analysis. The mere fact that some district courts have disagreed, mostly after not having conducted the same analysis, does not justify extraordinary interlocutory review.

For these reasons, the Court should deny Defendant's motion to certify its order for interlocutory appeal and deny Defendant's associated request to stay discovery.

## BACKGROUND

Plaintiff Leon Weingrad filed this action under the TCPA alleging that Defendant engaged in unlawful telemarketing practices by repeatedly contacting him with unsolicited calls and text messages promoting home improvement services, despite his telephone number having been placed on the National Do Not Call Registry prior to the calls at issue. (ECF No. 23 ¶¶ 21, 28). Despite this fact, Defendant contacted Plaintiff multiple times in February 2025 with telemarketing calls and text messages promoting its services. (ECF No. 23 ¶¶ 28–36).

OPPN. MOT. INTERLOC. APPEAL                2

For example, Defendant sent Plaintiff text messages promoting a "Home Improvement estimate" and made multiple telemarketing calls on the same day. (ECF No. 23 ¶¶ 28–33). When Plaintiff answered certain calls, he heard dead air before the call disconnected, and on another call a representative attempted to schedule a sales appointment to sell Plaintiff windows. (ECF No. 23 ¶¶ 33–36). Plaintiff further alleges that Defendant continued contacting him even after this lawsuit was filed. (ECF No. 23 ¶ 38).

Plaintiff also alleges that the caller identification information transmitted with these calls did not include the telemarketer's name and instead reflected only geographic locations rather than the name of the telemarketer or Defendant's business. (ECF No. 23 ¶¶ 44–45). Based on these allegations, Plaintiff asserts three causes of action under the TCPA: violations of the National Do Not Call Registry regulations, violations of the TCPA's telemarketing Caller ID regulations, and violations of internal do-not-call requirements. (ECF No. 23 ¶¶ 78–93). Plaintiff also seeks relief on behalf of three proposed classes corresponding to these claims. (ECF No. 23 ¶ 62). Defendant moved to dismiss the Caller ID claim and to strike certain class allegations, but the Court denied Defendant's motion. (ECF No. 40).

In its order, the Court concluded that the Caller ID regulation at issue was promulgated under the FCC's authority in 47 U.S.C. § 227(c) and therefore falls within the TCPA's private right of action. (ECF No. 40). Defendant now asks the Court to certify that ruling for interlocutory appeal of the decision on that one issue and to stay discovery pending the Ninth Circuit's review.

## ARGUMENT

The statute permitting interlocutory review is itself discretionary and requires the district

court to find (1) that the order "involves a controlling question of law"; (2) that "there is substantial ground for difference of opinion"; and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981)

## I.    AN INTERLOCUTORY APPEAL WOULD NOT MATERIALLY ADVANCE THE TERMINATION OF THIS LITIGATION

The most important factor under 28 U.S.C. § 1292(b) is whether an immediate appeal would "materially advance the ultimate termination of the litigation." Defendant cannot satisfy this requirement because even if Defendant prevailed on appeal, this case would proceed on Plaintiff's remaining claims. "[F]ederal law expresses [a] policy against piecemeal appeals." *Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 24(1966). Accordingly, "[t]he legislative history of [28 U.S.C. § 1292(b)] . . . indicates that it was to be used *only in extraordinary cases* where decision of an interlocutory appeal might avoid protracted and expensive litigation." *U. S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (emphasis added). The Ninth Circuit has held that, pursuant to that policy, "[a]n order denying a motion for summary judgment is ordinarily not appealable." *Lody v. Sec'y of Health, Ed. & Welfare*, 451 F.2d 871, 872 (9th Cir. 1971) (granting an interlocutory appeal only on the narrow grounds of determining whether certain findings were supported by substantial evidence in the agency record before the district court, which the court notes "was, in effect, [an order] dismissing the review with prejudice" and, therefore, "a final and appealable order").

Plaintiff's Amended Complaint asserts three separate TCPA causes of action arising from the same course of telemarketing conduct. (ECF No. 23 ¶¶ 78–93). The claims include violations of the National Do Not Call Registry regulations, violations of the telemarketing

OPPN. MOT. INTERLOC. APPEAL                    4

Caller ID regulations, and violations of internal do-not-call requirements. *Id.* Even if the Caller ID claim were dismissed, the case would continue on the remaining TCPA claims. Those remaining claims arise from the same alleged telemarketing campaign and are based on the same underlying communications that form the basis of the Caller ID claim, as well as the same set of factual circumstances and discovery. Plaintiff alleges that Defendant repeatedly contacted him with telemarketing calls and text messages promoting home improvement services despite the absence of consent and despite his telephone number being listed on the National Do Not Call Registry. (ECF No. 23 ¶¶ 28–36). Because the same conduct underlies each of the TCPA claims, the litigation would proceed largely unchanged regardless of the disposition of the Caller ID claim.

Discovery in this case will necessarily focus on Defendant's telemarketing practices, including the systems used to place calls and send text messages, the records reflecting those communications, the vendors or dialing platforms used by Defendant, and Defendant's internal compliance policies relating to telemarketing regulations. Discovery will also involve Defendant's procedures for scrubbing numbers against the National Do Not Call Registry and its processes for honoring consumer requests not to receive additional telemarketing communications.

All of this discovery will proceed regardless of whether the Caller ID claim remains in the case. The same telemarketing campaign will be examined, the same call records will be produced, and the same witnesses will be deposed. In other words, the core of the case will remain identical. By contrast, the only discovery regarding the Caller ID claim that would not overlap with the other claims would be limited discovery into what Defendant set its Caller ID to and the capabilities of its telephone service pertaining to Caller ID transmission and

OPPN. MOT. INTERLOC. APPEAL                5

"spoofing." Allowing interlocutory review under these circumstances would undermine the limited role of § 1292(b). The statute was not designed to permit piecemeal appeals of individual issues while the remainder of the case proceeds in the district court. Rather, it is intended for exceptional circumstances where immediate appellate review would substantially shorten the litigation.

Defendant attempts to argue that the Caller ID claim warrants interlocutory review because it relates to a potentially large class of consumers. But the potential size of a claim does not determine whether certification is appropriate under § 1292(b). The relevant question is whether appellate review would materially advance the termination of the litigation. It would not. Regardless of the appellate outcome, the parties will still litigate the same telemarketing campaign, develop the same evidence, and address the same underlying conduct. Because the case will move forward in substantially the same manner even if Defendant prevails on appeal, interlocutory review would not materially advance the termination of the litigation. "An appeal cannot be said to materially advance litigation where the case will be conducted in substantially the same manner regardless" of the resolution of the issue proposed for appeal." *Southwell v. Mortg. Investors Corp. of Ohio, Inc.,* 2014 U.S. Dist. LEXIS 189900, *5-6 (W.D. Wa. 2014) (denying interlocutory appeal in a TCPA case).

Here, even a complete victory for Defendant on appeal would not end the case. The litigation would proceed on Plaintiff's remaining TCPA claims, which arise from the same course of telemarketing conduct and involve the same underlying communications. For this reason alone, Defendant's motion should be denied.

## II.    DEFENDANT HAS NOT SHOWN A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

OPPN. MOT. INTERLOC. APPEAL            6

Defendant also fails to demonstrate that there is a substantial ground for difference of opinion regarding the Court's ruling that the TCPA permits a private right of action for violations of the Caller ID regulation codified at 47 C.F.R. § 64.1601(e). Courts traditionally find a substantial ground for difference of opinion where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (quoting 3 Federal Procedure, Lawyers Ed. § 3:212 (2010)); *see also Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

Defendant attempts to characterize the issue as the subject of a sharp split among courts, not circuits. But the more recent and comprehensive decisions addressing the issue, at least eight in the past year, have unanimously concluded that the Caller ID regulation is enforceable through the TCPA's private right of action. Several of those courts have undertaken detailed analyses of the statutory framework and have concluded that § 64.1601(e) was promulgated pursuant to 47 U.S.C. § 227(c), which expressly authorizes a private right of action for violations of regulations issued under that subsection. *Newell v. JR Cap., LLC*, 791 F. Supp. 3d 571, 575 (E.D. Pa. 2025), which itself was heavily based upon the Eastern District of Michigan's holding in *Dobronski v. Selectquote Ins. Servs.*, 773 F. Supp. 3d 373, 375 (E.D. Mich. 2025) are the leading authorities other than this Court's own opinion and make the issue clear.

In *Selectquote*, the Eastern District undertook a comprehensive analysis of the genesis of the private right of action for caller ID claims under 47 C.F.R. § 64.1601(e) *Selectquote*, 773 F. Supp. 3d at 375. *Selectquote* represents the most comprehensive analysis of Section 1601(e) undertaken by a Court to date, and its reasoning was adopted in full by the *Newell* Court. Since

OPPN. MOT. INTERLOC. APPEAL                7

*Dobronski*, *every single court* to consider a Section 64.1601(e) caller ID claim has held that there is a private right of action for violations thereof, including this one. *Newell*, 791 F. Supp. 3d 571; *Dobronski v. CHW Grp., Inc.*, 2025 WL 2426370, at *7; *Dobronski v. Juliasangel Mktg., LLC*, No. 2:24-CV-12379-TGB-APP, 2025 WL 2659265, at *11 (E.D. Mich. Sept. 17, 2025); *Barton v. Bright Solar Marketing LLC*, No. 3:25-CV-05310-DGE, 2025 WL 2880136, at *5 (W.D. Wash. Oct. 9, 2025); *Dobronski v. Daraujo*, No. CV 25-10169, 2025 WL 3908484, at *8 (E.D. Mich. Dec. 1, 2025), *report and recommendation adopted*, No. 25-10169, 2025 WL 3708891 (E.D. Mich. Dec. 22, 2025); *Barton v. Am. Fam. Life Assurance Co. of Columbus*, No. 3:25-CV-05671-TMC, 2026 WL 25742, at *5 (W.D. Wash. Jan. 5, 2026).

As the *Newell* Court explained:

In my view, *Worsham* misunderstands the structure of the statute. In § 227(c), Congress explicitly delegated to the FCC the authority to evaluate different methods and procedures to protect privacy rights – including network technologies – and issue appropriate regulations. If § 64.1601(e) is promulgated as a "method or procedure" to "protect residential telephone subscribers' privacy rights," it fits under § 227(c) and a private cause of action exists. And the administrative record establishes that the FCC viewed caller ID as a "network technology" that Congress *required* the FCC to evaluate as a method and procedure to protect consumer privacy under § 227(c). Thus, caller ID fits into § 227(c), even if (c) does not mandate that the FCC adopt technological methods and authorizes non-technological methods and procedures as well. *See also Dobronski*, 773 F.Supp.3d 373 (concluding, on a motion for reconsideration, that § 64.1601(e) was promulgated under § 227(c), and rejecting *Worsham*'s technology-focused arguments).

Further, § 227(d) only applies to telemarketing made using specific technologies – fax machines, automatic telephone dialing systems, and artificial and prerecorded voice messages – whereas § 64.1601(e) applies to a broader range of telemarketing calls, including traditional manually dialed telemarketing calls. The Third Circuit has cautioned that "our starting point [in regulatory interpretation] is to attempt reconciliation of seemingly discordant statutes and regulations." *LaVallee Northside Civic Ass'n v. Virgin Islands Coastal Zone Mgmt. Comm'n*, 866 F.2d 616, 623 (3d Cir. 1989). It is difficult to discern how § 64.1601(e) could have been lawfully promulgated under § 227(d) without exceeding the FCC's delegated authority. Section 64.1601(e) thus fits best under § 227(c), not (d).

*Worsham* does not grapple with these issues, but attempts instead to have §

OPPN. MOT. INTERLOC. APPEAL          8

64.1601(e) straddle two sections of the statute, an outcome for which I can discern no legal authority. The regulation fits comfortably within § 227(c), which supports the existence of a private right of action.

*Newell*, 791 F. Supp. 3d at 579. The issue with all the authorities Defendant claims constitute a substantial ground for difference of opinion is that that they did not consider under which section of the TCPA the subject regulation, 47 C.F.R. § 64.1601(e), was promulgated, nor did they reach their conclusion independently. Instead of tussling with the statute and analyzing it, as in *Dobronski* and its progeny, each of the older authorities Defendant cites simply rested on persuasive authority from previous courts which themselves relied on faulty and underdeveloped reasoning and did not engage in extensive analysis. Since that time, every district court to have analyzed the statute, eight in all, including and after *Dobronski*, have come to the conclusion that a private right exists after taking the time to carefully analyze the statute instead of relying on previous incompletely reasoned opinions. The older cases Defendant cites largely reflect a kind of jurisprudential echo chamber, with courts repeating inherited conclusions rooted in underdeveloped, faulty reasoning. *Dobronski* broke that cycle. When appropriately analyzed, it becomes clear that the precise genesis of this right of action is 47 U.S.C. § 227(c). As best Plaintiff can discern, *Dobronski* was the first court to engage in such analysis, which the *Newell* and subsequent courts credited.

As a codified federal regulation dealing with "telemarketing," and with explicit references to the definitions promulgated under the TCPA in 1991 in 47 C.F.R. § 64.1200(f)(13), this particular regulation must have been promulgated under *some* part of the TCPA. "It is axiomatic that an administrative agency's power to promulgate legislative regulations is limited to the authority delegated by Congress." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). In this regard, only a handful of subsections of the TCPA allow for the promulgation of

OPPN. MOT. INTERLOC. APPEAL                9

regulations:

> • § 227(b)(2) authorizes the FCC to implement requirements that relate to the use of prerecorded voices and automatic telephone dialing systems;
> • § 227(c) authorizes the FCC to promulgate rules relating to the "need to protect residential telephone subscribers' privacy rights";
> • § 227(d)(1)–(3) allow regulations relating to technical and procedural standards related to fax machines, automatic telephone dialing systems, and "systems that are used to transmit any artificial or prerecorded voice message";
> • § 227(e)(3) provides for regulations relating to misleading or inaccurate caller ID; and
> • § 227(i) allows for the FCC to promulgate regulations to streamline information sharing with the FCC related to violations

*Dobronski*, 773 F. Supp. 3d at 376. Accordingly, the only logical statutory home, by process of elimination, is Section 227(c). This Court agreed in its Order and got it right.

Importantly, the reasoning of these decisions has been adopted by every court across the country to have considered them, reflecting a growing consensus that the Caller ID regulation is enforceable through the TCPA's private right of action. Courts have repeatedly concluded that earlier cases rejecting a private right of action failed to analyze the statutory basis for the regulation or relied on incomplete reasoning. In other words, those older decisions show not a genuine split of reasoned authority, but the downstream repetition of an initial analytical misstep. Once a poorly reasoned premise enters case law, later courts tend to repeat it instead of reexamining the statute. This is effectively an accumulated *stare decisis* by assumption without the corresponding statutory analysis. "*Stare decisis* is not an inexorable command, and the *stare decisis* consideration most relevant here, the quality of the precedent's reasoning," counsels in favor of finding that there is no substantial ground for difference of opinion. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 407, (2024) (cleaned up). Precedent derived from flawed reasoning does not improve with repetition; it merely compounds the original error. A chain of citations is only as strong as its first link.

OPPN. MOT. INTERLOC. APPEAL                10

The Court's ruling in this case follows the same reasoning that courts post-*Dobronski* have adopted in addressing this analytical shortcoming in realizing that blind reliance on prior authority perpetuates error rather than curing it. The Court carefully analyzed the statutory structure of the TCPA and concluded that the Caller ID regulation was promulgated pursuant to § 227(c), thereby falling within the statute's private enforcement provision. Defendant's disagreement with that conclusion does not create the type of substantial legal uncertainty that warrants interlocutory review. Indeed, the evolving body of case law addressing this issue demonstrates that the legal question is being actively developed through ordinary litigation in the district courts. That is precisely how federal law typically develops before appellate courts address an issue.

Because Defendant has not demonstrated a genuine legal uncertainty requiring immediate appellate intervention, and because recent authority increasingly supports the Court's interpretation, there is no substantial ground for difference of opinion within the meaning of § 1292(b).

**CONCLUSION**

Defendant has not satisfied the stringent requirements for interlocutory review under 28 U.S.C. § 1292(b). An immediate appeal would not materially advance the termination of this litigation because Plaintiff's remaining TCPA claims—arising from the same alleged telemarketing campaign and involving the same underlying conduct—will proceed regardless of the outcome of any appeal on the Caller ID claim.

Allowing certification in these circumstances would merely invite piecemeal appellate review while the core of the case continues in this Court. Nor has Defendant demonstrated a

OPPN. MOT. INTERLOC. APPEAL                11

substantial ground for difference of opinion. The Court's ruling is firmly grounded in the statutory framework of the TCPA and is consistent with the growing body of recent authority concluding that the telemarketing Caller ID regulation was promulgated pursuant to 47 U.S.C. § 227(c), which provides a private right of action. Defendant's disagreement with that analysis does not justify the extraordinary remedy of interlocutory appeal.

Because Defendant cannot satisfy the requirements of § 1292(b), its request for certification, and its accompanying request to stay discovery, should be denied.


**Dated: March 11, 2026**

/s/ Anthony Paronich
Anthony Paronich
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*