Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone: 503.624.6800
Facsimile:  503.624.6888

Diane J. Zelmer, Esq. (pro hac vice)
FL Bar No. 27251
BERENSON LLP
4495 Military Trail, Suite 203
Jupiter, Florida 33458
Telephone: 561-429-4496
Email: djz@berensonllp.com

*Attorney for Defendant DaBella Exteriors LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated, | Case No. 3:25-cv-00396-SI |
| Plaintiff, | **DEFENDANT'S ANSWER AND DEFENSES AND/OR AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT TCPA (47 U.S.C. § 227)** |
| vs. | |
| DABELLA EXTERIORS LLC | |
| Defendant. | |

Defendant DaBella Exteriors LLC  ("DaBella" or "Defendant"), by and through their undersigned attorneys, responds to the first Amended  Class Action Complaint [ECF No. 23] ("Complaint"), and states as follows:

## PRELIMINARY STATEMENT

1.      The allegations contained in paragraph 1 assert legal conclusions and thus no

Page 1 – ANSWER

response is required. To the extent a response to those allegations is required, Defendant denies them.

2.      The allegations contained in paragraph 2 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

3.      The allegations contained in paragraph 3 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

4.      The allegations contained in paragraph 4 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

5.      The allegations contained in paragraph 5 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

## PARTIES

6.      Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 6, and therefore denies them.

7.      Defendant admits the allegations contained in paragraph 7.

## JURISDICTION

8.      The allegations contained in paragraph 8 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

9.      The allegations contained in paragraph 9 assert legal conclusions and thus no

Page 2 – ANSWER

response is required. To the extent a response to those allegations is required, Defendant denies them.

10.    The allegations contained in paragraph 10 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

## THE TELEPHONE CONSUMER PROTECTION ACT

11.    The allegations contained in paragraph 11 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

The National Do Not Call Registry

12.    The allegations contained in paragraph 12 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

13.    The allegations contained in paragraph 13 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

14.    The allegations contained in paragraph 14 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

15.    The allegations contained in paragraph 15 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.

16.    The allegations contained in paragraph 16 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

17.    The allegations contained in paragraph 17 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

18.    The allegations contained in paragraph 18 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

## FACTUAL ALLEGATIONS

19.    The allegations contained in paragraph 19 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

20.    Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 20, and therefore denies them.

21.    Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 21, and therefore denies them.

22.    Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 22, and therefore denies them.

23.    Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 23, and therefore denies them.

Page 4 – ANSWER

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

24.     Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 24, and therefore denies them.

25.     Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 25, and therefore denies them.

26.     Defendant denies the allegations contained in paragraph 26.

27.     Defendant denies the allegations contained in paragraph 27 as phrased; Plaintiff inquired and expressed an interest in Defendant's products and services.

28.     Defendant denies that it illegally called or texted the Plaintiff; Defendant states that the National Do Not Call Registry, phone records and text messages speak for itself; therefore, the remaining allegations contained in paragraph 28 are denied.

29.     Defendant states that the phone records and text messages speak for itself; therefore, the allegations contained in paragraph 29 are denied.

30.     Defendant states that the phone records and text messages speak for itself; therefore, the allegations contained in paragraph 30 are denied.

31.     Defendant states that the phone records and text messages speak for itself; therefore, the allegations contained in paragraph 31 are denied.

32.     Defendant states that the phone records and text messages speak for itself; therefore, the allegations contained in paragraph 32 are denied.

33.     Defendant states that the phone records speak for itself; therefore, the allegations contained in paragraph 33 are denied.

34.     Defendant states that the phone records speak for itself; therefore, the allegations contained in paragraph 34 are denied.

35.     Defendant states that the phone records, including any call recording, speaks for

Page 5 – ANSWER

itself; therefore, the allegations contained in paragraph 35 are denied.

36.     Defendant states that the phone records, including any call recording, speaks for itself; therefore, the allegations contained in paragraph 36 are denied.

37.     Defendant states that the lawsuit speaks for itself; therefore the allegations contained in paragraph 37 are denied.

38.     Defendant states that the phone records, including any call recording, speaks for itself; therefore, the allegations contained in paragraph 38 are denied.

39.     Defendant states that the phone records, including any call recording, speaks for itself; therefore, the allegations contained in paragraph 39 are denied.

40.     Defendant states that the phone records, including any call recording, speaks for itself; therefore, the allegations contained in paragraph 40 are denied.

41.     Defendant denies the allegation contained in paragraph 41.

42.     Defendant denies the allegation contained in paragraph 42.

43.     Defendant states that the phone records, including any call recording, speaks for itself; therefore, the allegations contained in paragraph 43 are denied

44.     Defendant states that the phone records, including any Caller ID information, speaks for itself; therefore, the allegations contained in paragraph 44 are denied.

45.     Defendant states that the phone records, including any Caller ID information, speaks for itself; therefore, the allegations contained in paragraph 45 are denied.

46.     Defendant states that the phone and carrier records speak for itself; therefore, the allegations contained in paragraph 46 are denied.

47.     Defendant states that the phone, text and carrier records speak for itself; therefore, the allegations contained in paragraph 47 are denied.

Page 6 – ANSWER

48.     Defendant states that the phone and carrier records speak for itself; therefore, the allegations contained in paragraph 48 are denied.

49.     Defendant states that the phone and carrier records speak for itself; therefore, the allegations contained in paragraph 49 are denied.

50.     Defendant denies the allegation contained in paragraph 50.

51.     Defendant denies the allegation contained in paragraph 51.

52.     Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 52, and therefore denies them.

53.     Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 53, and therefore denies them.

54.     Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 54, and therefore denies them.

55.     Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 55, and therefore denies them.

56.     Defendant denies the allegation contained in paragraph 56.

57.     Defendant denies the allegation contained in paragraph 57.

58.     Defendant denies the allegation contained in paragraph 58.

59.     Defendant denies the allegation contained in paragraph 59.

## CLASS ACTION STATEMENT

60.     Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

61.     The allegations contained in paragraph 61 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies

Page 7 – ANSWER

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

them.

62. The allegations contained in paragraph 62 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

63. The allegations contained in paragraph 63 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

64. The allegations contained in paragraph 64 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

65. Defendant denies the allegation contained in paragraph 65.

66. The allegations contained in paragraph 66 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

67. The allegations contained in paragraph 67 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

68. The allegations contained in paragraph 68 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

69. The allegations contained in paragraph 69 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

70.     The allegations contained in paragraph 70 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

71.     The allegations contained in paragraph 71 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

72.     The allegations contained in paragraph 72, inclusive of subparts a. through e., assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

73.     The allegations contained in paragraph 73 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

74.     The allegations contained in paragraph 74 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

75.     The allegations contained in paragraph 75 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

76.     The allegations contained in paragraph 76 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

77.     The allegations contained in paragraph 77 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

them.

## FIRST CAUSE OF ACTION

### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)

### (On Behalf of Plaintiff and the Do Not Call Registry Class)

78.    Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

79.    Defendant denies the allegations contained in paragraph 79.

80.    Defendant denies the allegations contained in paragraph 80.

81.    Defendant denies the allegations contained in paragraph 81.

82.    Defendant denies the allegations contained in paragraph 82.

## SECOND CAUSE OF ACTION

### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1601(e)

### (On Behalf of Plaintiff and the Telemarketing Caller ID Class)

83.    Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

84.    The allegations contained in paragraph 84 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

85.    The allegations contained in paragraph 85 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

86.    Defendant denies the allegations contained in paragraph 86.

87.    Defendant denies the allegations contained in paragraph 87.

Page 10 – ANSWER

88.    Defendant denies the allegations contained in paragraph 88.

89.    Defendant denies the allegations contained in paragraph 89.

### THIRD CAUSE OF ACTION

### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200

### (On Behalf of Plaintiff and the Internal DNC Class)

90.    Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

91.    Defendant denies the allegations contained in paragraph 91.

92.    Defendant denies the allegations contained in paragraph 92.

93.    Defendant denies the allegations contained in paragraph 93.

### PRAYER FOR RELIEF

Defendant denies the allegations contained in the PRAYER FOR RELIEF inclusive of subparagraphs A. through D.

### JURY DEMAND

Defendant denies that Plaintiff is entitled to demand a jury trial.

### DEFENSES AND/OR AFFIRMATIVE DEFENSES

Defendant does not allege or admit that it bears the burden of proof with respect to any of the following defenses, nor does Defendant assume the burden of proof of any matters that would otherwise rest on Plaintiffs.  In addition, Defendant reserves the right to supplement this Answer and assert additional affirmative defenses, other defenses and/or counterclaims at such time and to such extent as warranted by discovery and the factual development of this case.

### FIRST DEFENSE

Plaintiffs' cause of action is barred because Plaintiff provided his express written consent

Page 11 – ANSWER

for any alleged calls.

### SECOND DEFENSE

Plaintiffs' purported claims are barred, in whole or in part, to the extent that Plaintiff agreed to a waiver of any class action.

### THIRD DEFENSE

Plaintiffs have failed to allege sufficient facts upon which a claim for relief may be granted against Defendant in whole or in part.

### FOURTH DEFENSE

Plaintiffs are estopped from entitlement to any recovery, if any, by reason of their own acts and omissions, including failure to properly notify Defendant and/or its agents not to call Plaintiff.

### FIFTH DEFENSE

Plaintiffs' purported claims are barred because Defendant and/or its agents relied in good faith on the prior express consent submitted by or on behalf of Plaintiff.

### SIXTH DEFENSE

Plaintiffs' purported claims are barred to the extent Plaintiff is not the subscriber, user or owner of the mobile number on which Plaintiff alleges that calls were made to him from Defendant.

### SEVENTH DEFENSE

Plaintiffs' purported claims against Defendant are barred, in whole or in part, because any alleged damages they may have sustained were caused by individuals, third parties or entities other than Defendant.

Page 12 – ANSWER

## EIGHTH DEFENSE

Plaintiffs' purported claims are barred to the extent Plaintiff and/or the class members are not residential subscribers and/or used their telephone for business purposes.

## NINTH DEFENSE

The allegations of the Complaint are not well-grounded either in fact or in law, and/or have been asserted for an improper purpose, and Defendant reserves the right to seek an award of fees and costs of this lawsuit against Plaintiffs.

## TENTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiff is not an adequate class representative and/or has a conflict of interest.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred because they failed, refused and neglected to take proper action and follow the applicable procedures to be included on the internal do not call list of Defendant.

## TWELFTH DEFENSE

Plaintiffs' claims are barred to the extent that the class members only received one call, and/or suffered no damages or injury.

## THIRTEENTH DEFENSE

Plaintiffs' cause purported of action is barred to extent that the calls to Plaintiff were made by another third party.

## FOURTEENTH DEFENSE

Plaintiffs' purported claims are barred to the extent that Defendant did not directly make any of the calls. Defendant is not vicariously liable for the alleged calls made to Plaintiff.

Page 13 – ANSWER

## FIFTEENTH DEFENSE

Plaintiffs' cause of action is barred because the TCPA is invalid as it is an unconstitutional restriction on First Amendment speech that contains multiple content based exceptions, and favors certain speech.

## SIXTEENTH DEFENSE

The action is not proper for class certification because Plaintiff cannot meet the prerequisites for class certification under Rule 23(a), and he bears the burden to prove them all.

## SEVENTEENTH DEFENSE

The action is not proper for class certification because Plaintiff cannot meet the requirements for class certification under Rule 23(b), and he bears the burden to prove them all.

## EIGHTEENTH DEFENSE

The action is not proper for class certification as the questions of law and fact of the individuals predominate over the questions of law or fact common to the members, including but not limited to, the nature and specific circumstances regarding the alleged telephone calls, Plaintiff's prior express consent, Plaintiff's use of his phone as a business number, Plaintiff failure to register his number on the DNC, and Plaintiffs' alleged requests to be included on the internal do not call list.

## NINETEENTH DEFENSE

The action is not proper for class certification because the allegations are not typical and representative of the proposed class, including but not limited to, the nature and specific circumstances regarding the alleged telephone calls, Plaintiff's prior express consent, Plaintiff's use of his phone as a business number, Plaintiff failure to register his number on the DNC, and Plaintiffs' alleged requests to be included on the internal do not call list.

Page 14 – ANSWER

### TWENTIETH DEFENSE

The action is not proper for class certification because Plaintiff cannot establish the numerosity requirement since there are no other known individuals similarly situated as Plaintiff.

### TWENTY-FIRST DEFENSE

Any injury, statutory or otherwise, allegedly suffered by Plaintiffs were not caused by the acts, conduct, or omissions of Defendant.

### TWENTY-SECOND DEFENSE

Any damage or loss sustained by Plaintiff and attributable to Defendant (if any) must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including third parties, under principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative negligence or fault.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred because they lack standing and have not suffered any Article III injury.

### TWENTY-FOURTH DEFENSE

Plaintiffs have failed, refused and neglected to take reasonable steps to mitigate the alleged damages, if any, thus barring or diminishing Plaintiff's recovery herein.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs engaged in fraud or made misrepresentations to induce Defendant to call him.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs engaged in entrapment.

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred as Defendant maintains TCPA policies and procedures to prevent calls being made in violation of the TCPA.

**TWENTY-EIGHTY DEFENSE**

Plaintiffs' claims are barred to the extent he had a prior business relationship with Defendant.

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims are barred to the extent he made admissions to Defendant as to his personal identity and/or prior express consent and/or expressed an interest in Defendant's products and services.

**THIRTIETH DEFENSE**

Plaintiffs' claims are barred to the extent he waived any such alleged violation by acquiescing to the calls and/or text messages.

**THIRTY-FIRST DEFENSE**

Plaintiffs' claims fail to state a claim for relief as there is no private right of action under 47 U.S.C. § 227(c)(5) &/or 47 C.F.R. § 64.1601(e) for the Caller ID Class or alleged violation of the Caller ID rules and regulations.

**THIRTY-SECOND DEFENSE**

Plaintiffs' claims fail to state a claim for relief as he is not part of the Internal DNC Class because he did not receive two or more telemarketing calls or text messages from or on behalf of Defendant after he previously asked for the calls to stop.

**THIRTY-THIRD DEFENSE**

Plaintiff lacks standing because he is a serial plaintiff and has suffered no concrete injury.

Page 16 – ANSWER

## THIRTY-FOURTH DEFENSE

Defendant is entitled to the safe harbor defense as it enacted adequate TCPA policies and procedures to ensure compliance with the TCPA, and the calls and/or text messages to Plaintiff were made in error and based on receipt of express written consent.

## THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to register his number on the DNC, and therefore lacks standing. *See Stoops v. Wells Fargo Bank, N.A.*, 197 F.Supp.3d 782, 797, 800–06 (W.D. Pa. 2016) (summary judgment granted where plaintiff welcomed calls to profit from bringing TCPA claims and therefore did not have Article III constitutional or "prudential" standing as the calls were not "unwanted"); *see also Shelton v. Target Advance LLC*, No. 18-2070, 2019 WL 1641353, at *6 (E.D. Pa. Apr. 16, 2019) (summary judgment denied on standing grounds because additional discovery was needed, but strongly suggested that if plaintiff's sole purpose was to "drum up TCPA litigation by inducing … robocalls," then plaintiff's claims would be barred); *Laccinole v. Inter. Union of Police Assoc.*, 638 F. Supp. 3d 110, 116 (D.R.I. Oct. 26, 2022) (accord and dismissed for lack of standing).

## THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred because his number is held out to the world as a business number.

## THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred because any exemptions applicable to the former registrant apply to Plaintiff, including the use of the prior registrant's number as a business and any prior express consent provided to Defendant.

Page 17 – ANSWER

### THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred because he did not receive more than one telephone call in a 12 month period in violation of the National DNC.

### THIRTY-NINTH DEFENSE

Plaintiff's claims are barred because he established a business relationship with Defendant.

### FORTIETH DEFENSE

Plaintiff's claims are barred because he falsely affirmed interest and verified consent.

### FORTY-FIRST DEFENSE

Plaintiff's claims are barred because holding Defendant strictly liable for a reassigned number that was never re-registered on the DNC would not adequately balance interests.

### FORTY-SECOND DEFENSE

Plaintiff's claims are barred because this case involves a wrong number or fraudulent lead case that is not certifiable.

### FORTY-THIRD DEFENSE

Plaintiff's claims are barred because the classes alleged are overbroad and should be narrowed to exclude individual who consented, individuals who had business relationships with Defendant, those with arbitration agreements or class action waivers.

### FORTY-FOURTH DEFENSE

Plaintiff's claims are barred because the classes alleged are overbroad and should be narrowed to fraudulent leads submitted through the same website, or involving the same IP address from which Defendant received consent to call Plaintiff, and only to those persons in Oregon.

**WHEREFORE**, Defendant denies that Plaintiffs are entitled to recovery or relief in any amount whatsoever, and respectfully prays that this Court:

Page 18 – ANSWER

  a.  Dismiss Plaintiffs' Complaint with prejudice, and deny all relief, damages, and

other remedies requested by Plaintiffs;

  b.  Deny certification of the proposed Class;

  c.  Deny appointment of Plaintiff as class representative for the Class;

  d.  Deny appointment of Plaintiffs' counsel as Class Counsel;

  e.  Enter an award of costs and attorneys' fees in favor of Defendant; and

  f.  Grant Defendant any and all further relief the Court deems just and proper.


DATED this 31st day of March, 2026.  SNELL & WILMER L.L.P.


           */s/ Drew L. Eyman*
           Drew L. Eyman, OSB No. 163762

           and

           */s/ Diane J. Zelmer*
           Diane J. Zelmer, *pro hac vice*
           BERENSON LLP
           4495 Military Trail, Suite 203
           Jupiter, FL 33458
           Phone: (561) 429-4496
           Facsimile: (703) 991-2195
           E-mail: djz@berensonllp.com
           Secondary: hac@berensonllp.com

           *Attorneys for Defendant DaBella Exteriors LLC*


4904-6770-1917


Page 19 – ANSWER