Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone:  503.624.6800
Facsimile:  503.624.6888
*Attorney for Defendant, DaBella Exteriors, LLC*

Diane J. Zelmer, Esq. (pro hac vice)
FL Bar No. 27251
BERENSON LLP
4495 Military Trail, Suite 203
Jupiter, Florida 33458
Telephone: 561-429-4496
Email: djz@berensonllp.com
*Attorney for Defendant, DaBella Exteriors, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated, | Case No. 3:25-CV-00396-SI |
| Plaintiff, | DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO CERTIFY THE DISTRICT COURT'S ORDER FOR INTERLOCUTORY APPEAL AND TO STAY DISCOVERY |
| vs. | |
| DABELLA EXTERIORS LLC, | |
| Defendant. | |

## SUMMARY OF ARGUMENT

The Court should grant Defendant's motion to certify for interlocutory appeal the order denying Defendant's motion to dismiss the Caller ID Class.

Plaintiff's argument that the appeal will not materially advance the termination of the litigation without the Caller ID class is unconvincing.  The Caller ID class materially changes the potential liability and/or settlement potential for this litigation.  In comparison, the National and Internal DNC classes are subject to unique defenses, and Defendant has already filed dispositive motions to either dispose of the DNC Class entirely or limit the class, which if granted in whole or in part, will eliminate or greatly limit class wide discovery.  Further, based on the Caller ID class as pled, Defendant anticipates that Plaintiff will seek to obtain discovery that is far broader than the DNC or Internal DNC classes.

Moreover, Plaintiff erroneously argues that there are no differing opinions by solely relying on his own interpretation of the diverging rulings.  However, Plaintiff's disagreement with decisions that held that there is no private right of action for the Caller ID Class is completely irrelevant.  Indeed, Plaintiff's argument only underscores the need for resolution of the multiple differing opinions in several districts located in multiple circuits on this very issue.  Moreover, it is an issue of national importance, as without further appellate review there is potential for a flood of litigation throughout the country for violations of the Caller ID rules and regulations that may ultimately be reversed on appeal.  Therefore, the Court should grant Defendant's motion.

**MEMORANDUM OF LAW**

I.    **AN INTERLOCUTORY APPEAL WILL AVOID PROTRACTED AND EXPENSIVE LITIGATION FOR THE CALLER ID CLASS AND MATERIALLY ADVANCE THE TERMINATION OF THE LITIGATION**

Plaintiff erroneously asserts that an interlocutory appeal would not materially advance termination of the litigation.  While, it is true, that the National Do Not Call Registry Class ("DNC Class") and Internal Do Not Call Class ("Internal DNC Class") will still remain pending, "an interlocutory appeal need not dispose of all pending claims in order to materially advance litigation[.]"  *Schedler v. FieldTurf USA, Inc.*, No. 3:16-CV-344-PK, 2017 WL 8948593, at *5 (D. Or. Oct. 16, 2017), report and recommendation adopted in part, No. 3:16-CV-0344-PK, 2018 WL 451555 (D. Or. Jan. 17, 2018).

In considering whether the appeal will "materially advance the ultimate termination of the litigation," it is important to consider whether the appeal is likely to materially change the scope of liability and potential settlement.  *See*, *James v. PacifiCorp*, 323 Or. App. 764, 770, 774 (2023) (quoting *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 834 (7th Cir 1999)). An order "sounds the death knell of the litigation" when it "'is likely to force either a plaintiff or a defendant to resolve the case . . .'"  *Id*. (quoting *Vallario v. Vandehey*, 554 F.3d 1259, 1263 (10th Cir 2009)); *see also, Dalton v. Lee Publications, Inc.*, 625 F.3d 1220, 1222 (9th Cir. 2010) (O'Scannalain, J., dissenting) (dissenting from denial of petition for permission to appeal because petitioner faced death-knell situation as class certification order was likely to create intense settlement pressure).  If, on one hand, the Court's order would cause enormous liability, but on the other hand, the liability would be too small to justify the expense of litigation, then termination of the litigation is likely. *James*, 323 Or. App. at 773.  Further, in particular, where as here, the case concerns a crucial order in a class action proceeding and "a successful appeal at that point could necessitate the undoing of a long and complex trial," an

appeal could "significantly chang[e] the trajectory of the litigation," and thus, a review of the order would "materially advance the ultimate termination of the litigation." *Id*. at 770.

Here, the Court's order is crucial to the survival of the Caller ID Class, and the scope of potential liability created by the Caller ID Class could be enormous. Plaintiff seeks to certify a very broad class:

> **Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) which either (a) did not transmit a CPN or ANI at all, (b) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, or (c) was made without the transmission of caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, (4) within the four years prior to the filing of the Complaint.

Although Defendant intends to dispute the broad scope of this class, Plaintiff's class seeks liability for ***all telemarketing calls and text messages*** made by Defendant within four years prior to the filing of the Complaint that did not transmit the Defendant's name or did not transmit caller identification information that would have allowed an individual to make a do not call request. Defendant engages in tens of millions of calls each year, and while Defendant denies any liability for the Caller ID Class, Plaintiff's allegations, if proven, could result in enormous potential liability. In contrast, Plaintiff's allegations concerning the DNC Class are based on an alleged "false" consent form submitted online. This is not a case where Defendant calls those *en masse* on the DNC without obtaining consent to do so. Here, Defendant ***did*** obtain consent before calling Plaintiff, and as such, the DNC Class is subject to unique defenses which Defendant contends is not appropriate for class certification. In addition, there are

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO CERTIFY - 3

dispositive motions for several issues currently pending on the DNC Class (ECF Nos. 31 and 32) that, if granted, would entirely terminate the DNC Class.[1]

Moreover, the scope of discovery that Defendant anticipates will ultimately be requested by Plaintiff for the Caller ID Class is substantially different in scope than the discovery for the DNC Class and Internal DNC Class, as it relates to entirely different conduct. Plaintiff alleges that the CNAM transmitted by Defendant's carriers (1) transmitted a geographic location but not the Defendant's name, and (2) that the telephone numbers transmitted could not be called to make a do not call request during business hours. (ECF No. 23, ¶¶ 44-45). Thus, discovery for this class will focus on telephone numbers and transmission used by Defendant *for each call or text*, and whether the number could be called to make a do not call request – none of which are relevant to the DNC or Internal DNC Classes. Although Defendant intends to dispute the broad scope of the Caller ID Class, Defendant anticipates that Plaintiff will seek discovery on *all calls or text messages* made by Defendant within four years prior to the filing of the Complaint. This additional potential class discovery is ***not*** small in scope, but rather very large, involving potentially tens of millions of records. Further, Plaintiff states that "the only discovery regarding the Caller ID claim that would not overlap with the other claims would be limited discovery into what Defendant set its Caller ID to and the capabilities of its service pertaining to the Caller ID transmission and "'spoofing,'" (ECF No. 43, pp. 5-6). But Plaintiff has already sent a broad discovery request for "all communications" with third parties and internal communications regarding the transmission of Caller ID.

---

[1] In addition, Defendant contends that Plaintiff will be unable to prove he is part of the Internal DNC Class. Even though the Court ruled that Plaintiff "preserved that he received additional calls or texts after the February 2025," (ECF No. 40, p. 14), Defendant contends that Plaintiff will be unable to provide any evidence that he received more than one communication after the February 2025 filing.

Further, discovery on the DNC Class and Internal DNC Classes are subject to unique objections on discovery, defenses, and class certification issues. Indeed, Defendant believes that the scope of discovery for the DNC Class should be limited to individual issues, or alternatively, a very narrow scope of persons called. (ECF No. 32). Thus, contrary to Plaintiff's assertions, this is not a case where "the case will be conducted in substantially the same manner regardless." (ECF 43, p. 6). Accordingly, a stay of the Caller ID Class is appropriate as it would avoid costly and protracted discovery, and "facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later in order to save the courts and the litigants unnecessary trouble and expense." *United States v. Adams Bros. Farming, Inc*., 369 F. Supp.2d 1180, 1182 (C.D. Cal. 2004) (internal quotation marks and citation omitted). This is especially true, where as here, the appeal concerns a crucial order in a class action proceeding. *See also, James.* 323 Or. App. at 770.

## II.    THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION ON THE CALLER ID CLASS

Plaintiff erroneously asserts that there is not a substantial ground for difference of opinion. Defendant has cited to eight (8) cases, including one in the Oregon District Court entered in September of 2024, that have completely denied any relief and terminated the Caller ID Class. (ECF No. 42, pp. 41-42). There is a stark contrast between denying any liability in those cases, as compared to granting a private right of action for the Caller ID Class in this case. Indeed, this is precisely the type of diverging legal issue which warrants certification.

Notably, Plaintiff *acknowledges* cases that have concluded that no private right of action exists for the Caller ID Class. (ECF No. 43, p. 9). However, Plaintiff argues that there is no difference in opinion because the district courts were wrong, "repeating inherited conclusions rooted in underdeveloped, faulty reasoning." *Id*. The only thing that is "flawed",

however, is Plaintiff's argument on this issue, as his difference of opinion with other district courts does not negate their decisions that deny any liability for violation of the Caller ID rules and regulations. Indeed, if anything, Plaintiff's argument **_underscores_** the need for further appellate review to resolve the multiple differences in rulings, especially where, as here, district courts from multiple circuits are in conflict on this question, the Ninth Circuit has not spoken on this issue, and the issue is one of first impression and one that has the potential to create a flood of litigation against companies throughout the entire country. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)) (a substantial ground of difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point" "or if novel and difficult questions of first impression are presented"). Thus, the Court should grant Defendant's motion to certify the Order for interlocutory appeal.

## CONCLUSION

**WHEREFORE**, Defendant, DaBella Exteriors, LLC respectfully requests that this Court certify its Order denying DaBella's motion to dismiss Plaintiff Leon Weingrad's Amended Complaint for interlocutory appeal to the U.S. Court of Appeals for the Ninth Circuit and stay discovery pending the Ninth Circuit's decision, as well as grant any other relief that the Court deems just and proper.

Dated: April 6, 2026 Respectfully submitted,

Drew L. Eyman, OSB No.: 163762
SNELL & WILMER L.L.P.

-and-

/s/ Diane J. Zelmer, Esq.
Diane J. Zelmer, Esq., *pro hac vice*
Florida Bar No. 27251

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO CERTIFY - 6

BERENSON LLP
4495 Military Trial, Suite 203
Jupiter, Florida 33458
Tel: (561) 429-4496
Fax: (703) 991-2195
Email:  djz@berensonllp.com
Secondary Email: hcc@berensonllp.com
*Counsel for DaBella Exteriors LLC*