Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone:  503.624.6800
Facsimile:  503.624.6888
*Attorney for Defendant, DABELLA EXTERIORS, LLC*

Diane J. Zelmer, Esq. (pro hac vice)
FL Bar No. 27251
BERENSON LLP
4495 Military Trail, Suite 203
Jupiter, Florida 33458
Telephone: 561-429-4496
Email: djz@berensonllp.com
*Attorney for Defendant, DABELLA EXTERIORS, LLC*

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated, | Case No. 3:25-CV-00396-SI |
| Plaintiff, | DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION OR STRIKE CLASS ALLEGATIONS |
| vs. | |
| DABELLA EXTERIORS LLC, | |
| Defendant. | |

# TABLE OF CONTENTS

Contents

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES ..................................................................................................... ii

MEMORANDUM .................................................................................................................... 1

A.    SUMMARY ..................................................................................................................... 1

B.    DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION IS ONLY DIRECTED TO THE DNC CLASS ........................................................................................................... 2

C.    DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION DOES NOT REQUIRE FACTUAL MERITS DETERMINATION OR ADDITIONAL DISCOVERY ................................................. 2

D.    DEFENDANT'S EVIDENCE OF CONSENT IS NOT BARRED BY THE HEARSAY DOCTRINE ............ 3

E.    PLAINTIFF FAILED TO MEET ITS BURDEN TO DEMONSTRATE THAT INDIVIDUALIZED ISSUES OF CONSENT WILL NOT DRIVE THIS LITIGATION .................................................................. 4

F.    THE CLASS CANNOT BE CERTIFIED ON THE BASIS THAT THE CONSENT LANGUAGE CONTAINS A LEGAL DEFECT .............................................................................................. 7

G.    PLAINTIFF FAILED TO MEET ITS BURDEN TO DEMONSTRATE THAT INDIVIDUALIZED ISSUES AS TO THE USE OF PLAINTIFF'S TELEPHONE FOR BUSINESS PURPOSES WILL NOT DRIVE THIS LITIGATION ........................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Aley v. Lightfire Partners, LLC*, No. 5:22-CV-00330 (AMN/TWD), 2024 WL 4007345 (N.D.N.Y. Aug. 30, 2024), reconsideration denied, No. 5:22-CV-00330 (AMN/TWD), 2024 WL 4910960 (N.D.N.Y. Oct. 9, 2024)......................................................................................... 6

*Anthony v. Fed. Sav. Bank*, No. 21 C 2509, 2025 WL 3101827 (N.D. Ill. Nov. 6, 2025).............. 9

*Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849 (9th Cir. 2022) .......................................... 9

*Bradford v Sovereign Pest Control of TX, Inc*., 167 F.4th 809 (5th Cir. 2026)............................. 8

*Clark v. Via Renewables, Inc*., No. 24-CV-00568-JSC, 2025 WL 2968027 (N.D. Cal. Oct. 21, 2025) ................................................................................................................................... 1, 6

*Johansen v. Efinancial LLC*, No. 220CV01351RAJBAT, 2021 WL 7161969 (W.D. Wash. June 11, 2021), report and recommendation adopted, No. 2:20-CV-01351-DGE, 2022 WL 168170 (W.D. Wash. Jan. 18, 2022)...................................................................................................... 8

*Licari Family Chiropractic v. Works*, 2021 WL 4506405 (M.D. Fla. Jan. 11, 2021).................... 5

*Lyttle v. Trulieve, Inc*., No. 8:19-CV-2313-CEH-TGW, 2021 WL 3602996 (M.D. Fla. Aug. 13, 2021) ........................................................................................................................................ 5

*Mantha v. QuoteWizard.com*, LLC, 347 F.R.D. 376 (D. Mass. 2024).................................. 6, 7, 8

*Marc Irwin Sharfman M.D. P.A. v. Precision Imaging St. Augustine LLC*, No. 6:22-CV-642-WWB-DCI, 2024 WL 3103671 (M.D. Fla. May 23, 2024), *report and recommendation adopted sub nom. Sharfman v. Precision Imaging St. Augustine LLC*, No. 6:22-CV-642-WWB-DCI, 2024 WL 4460209 (M.D. Fla. Aug. 2, 2024............................................................................ 5

*Mattson v. New Penn Fin., LLC, 3:18-CV-00990-YY,* 2023 WL 8452659 (D. Or. Oct 12, 2023), report and recommendation adopted, 3:18-CV-00990-YY, 2024 WL 21568 (D. Or. Jan 2, 2024) ................................................................................................................................................ 3

*Mattson v. Rocket Mortg., LLC*, No. 3:18-CV-00989-YY, 2024 WL 4794710 (D. Or. Sept. 16, 2024), report and recommendation adopted, No. 3:18-CV-00989-YY, 2024 WL 4794639 (D. Or. Nov. 14, 2024) ................................................................................................................... 10

*Mattson v. Rocket Mortgage, LLC,* 3:18-CV-00989-YY, 2024 WL 4794710 (D Or Sept 16, 2024), report and recommendation adopted, 3:18-CV-00989-YY, 2024 WL 4794639 (D Or Nov 14, 2024) ................................................................................................................................... 3

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION- ii

*Mattson v. Rocket Mortgage, LLC,* 3:18-CV-00989-YY, 2024 WL 4794710 (D. Or .Sept 16, 2024), report and recommendation adopted, 3:18-CV-00989-YY, 2024 WL 4794639 (D. Or. Nov 14, 2024) .................................................................................................................. 3

*Mattson v. United Mortgage Corp.*, 3:18-CV-00996-YY, 2024 WL 4794711 (D Or Sept 16, 2024), report and recommendation adopted, 3:18-CV-00996-YY, 2024 WL 4794641 (D Or Nov 14, 2024) .................................................................................................................. 3

*Mattson v. United Mortgage Corp.*, 3:18-CV-00996-YY, 2024 WL 4794711 (D. Or. Sept 16, 2024), report and recommendation adopted, 3:18-CV-00996-YY, 2024 WL 4794641 (D. Or. Nov 14, 2024) .................................................................................................................. 3

*Nguyen v. Raymond James & Assocs., Inc.*, No. 8:20-CV-195-CEH-AAS, 2022 WL 4553068 (M.D. Fla. Aug. 12, 2022) ............................................................................................ 5

*Pickett v. Iowa Beef Processors*, 209 F.3d 1276 (11th Cir. 2000)............................................ 5

*Sawyer v. KRS Biotechnology, Inc.*, 2018 WL 2425780 (S.D. Ohio May 30, 2018) ................. 5

*Thrower v. Citizens Disability, LLC*, No. CV 20-10285-GAO, 2022 WL 3754737 (D. Mass. Aug. 30, 2022) ...................................................................................................................... 9

*Williams v. PillPack LLC*, 343 F.R.D. 201 (W.D. Wash. 2022) ............................................... 9

*Wilson v. TPH Paralegal Prof. Corp.*, No. 6:25-cv-01703-MTK, 2026 WL 899930 (D. Or. Apr. 1, 2026) ...................................................................................................................... 3

**Statutes**

47 CFR § 64.1200(c)(2)(ii) ......................................................................................................... 7

**Regulations**

*In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ...................................................................................................................... 8

Rules & Regulations Implementing the TCPA of 1991, C.G. Dkt. No. 02-278, Report and Order, 27 FCC Rcd 1830 (2012)...................................................................................................... 8

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DENY CLASS
CERTIFICATION- iii

## MEMORANDUM

### A.  SUMMARY

Plaintiff erroneously attempts to conflate and raise issues that are not within the scope of this motion.  The issues raised and argued are quite clear that Plaintiff cannot certify the DNC Class because:

- Individualized issues of consent predominate and are not typical or common to Plaintiff, where as here, there is a practice in place by Defendant to obtain valid consent, and Plaintiff is alleging that such consent is fraudulent which would require discovery of every single class member to determine whether or not that person submitted the consent form;

- The language on the website contains no legal defect, and therefore, there is no common questions or methodology to determine the class;

- Plaintiff cannot fairly and adequately represent the interests of the alleged DNC class where, as here, he did not visit the website and Plaintiff's claims and defenses are not typical or common to the class;

- Plaintiff's telephone number that is held out to the world as a business number creates factual disputes and unique defenses such that Plaintiff is not a proper class representative.

These are succinct issues that can be decided on a motion to deny class certification, which do not require additional factual discovery before determination.[1]

---

[1] Plaintiff attempts to muddy the water with other alleged lawsuits and/or demands made to Defendant.  First, Plaintiff misstates that Defendant is dealing with "*four* class action lawsuits" as there are two pending class actions against Defendant other than this one.  In any event, the facts of those cases are not merged into this case, and Plaintiff fails to submit any facts to support its theory of a "systematic pattern of calling DNC registered numbers based on a common practice" which is entirely speculative and conjecture.  [ECF No. 51, p. 13].  *See*, *Clark v. Via Renewables, Inc.*, No. 24-CV-00568-JSC, 2025 WL 2968027, at *8 (N.D. Cal. Oct. 21, 2025) (denying class certification where Plaintiff's suggestion that all leads were fraudulent were pure speculation unencumbered by evidence).  Here, the issue is whether *this Plaintiff* can meet the Rule 23 requirements and/or has a representative basis to certify a class.

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION - 1

**B.**    **DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION IS ONLY DIRECTED TO THE DNC CLASS**

Plaintiff's argue not only in opposition of denying certification of the DNC Class, but also the Caller ID Class and Internal DNC Class.  However, Defendant's motion [ECF No. 31] is only directed to the DNC Class.  In addition, Defendant is not requesting the Court to deny certification on those issues already presented in a motion to dismiss.  [ECF No. 51, pp. 19-20].  Indeed, at the time of filing of the instant motion, the motion to dismiss on the Caller ID Class and Internal DNC Class was still pending.  [ECF No. Nos. 24, 40].

**C.**    **DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION DOES NOT REQUIRE FACTUAL MERITS DETERMINATION OR ADDITIONAL DISCOVERY**

Defendant's motion requests the Court to deny certification on the basis that a class could *never* be certified for the DNC Class.  The Court need not make factual determinations.  For purposes of denying class certification, Defendant need only present evidence that a *bona fide issue* exists as to consent and/or Plaintiff's telephone number being held out to the world as a business number.  *Marc Irwin Sharfman M.D. P.A. v. Precision Imaging St. Augustine LLC*, No. 6:22-CV-642-WWB-DCI, 2024 WL 3103671, at *9 (M.D. Fla. May 23, 2024), *report and recommendation adopted sub nom. Sharfman v. Precision Imaging St. Augustine LLC*, No. 6:22-CV-642-WWB-DCI, 2024 WL 4460209 (M.D. Fla. Aug. 2, 2024).  The burden then shifts to Defendant to persuade the Court that those individualized issues will not drive this litigation.  *Id*.

Although this Court denied Defendant's motion to strike the Internal DNC class on the basis or permitting additional discovery, Defendant's motion to deny class certification is not made at the pleading stage.  *Cf., Updike v. Clackamas Cnty*., No. 3:15-CV-00723-SI, 2015 WL 7722410, at *11 (D. Or. Nov. 30, 2015) (denying motion to strike class allegations at the pleading stage without prejudice to allow Defendant's to strike or dismiss class allegations or oppose class

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION- 2

certification).[2]  Defendant's motion to deny class certification is the proper vehicle for the Court to consider striking the class.

Furthermore, Plaintiff's allegations that it requires additional discovery on consent because it has not received responses from subpoenas issued to SBBNet and Richardson Marketing Group should not even be considered, where, as here, the SBBNet subpoena was served back in June 2025 and the Richardson Marketing Group subpoena was served in February 2026, and Plaintiff has taken no action to pursue responses.  [ECF No. 53, ¶¶ 11-13; ECF Nos. 53-1 and 53-2].  This alone shows that Plaintiff has had sufficient time to obtain discovery concerning any dispute it might have to consent or other class certification issues raised in Defendant's motion, but has failed to do so.  Because class certification should be decided as early as practicable, Defendant's motion is ripe for determination.  Fed. R. Civ. P. 23(1)(A) ("[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action).

D.    **DEFENDANT'S EVIDENCE OF CONSENT IS NOT BARRED BY THE HEARSAY DOCTRINE**

Plaintiff argues based on *Hossfeld v. Allstate Ins. Co.*, 726 F. Supp. 3d 852, 874 (N.D. Ill. 2024) that Defendant's evidence of consent is hearsay.  However, *Hossfeld* was decided on

---

[2] Plaintiff also filed a notice of supplemental authority [ECF No. 62] citing to *Wilson v. TPH Paralegal Prof. Corp.*, No. 6:25-cv-01703-MTK, 2026 WL 899930 (D. Or. Apr. 1, 2026).  This case was decided at the pleading stage, not on a motion to deny class certification.  In addition, Defendant is not contending that Plaintiff's number on various websites constituted consent; rather, Defendant relies on three cases in this district to support its argument that Plaintiff's number is held out to the world as a business number, and that precludes certification.  *Mattson v. New Penn Fin., LLC,* 3:18-CV-00990-YY, 2023 WL 8452659 * 1 (D. Or. Oct 12, 2023), report and recommendation adopted, 3:18-CV-00990-YY, 2024 WL 21568 (D. Or. Jan 2, 2024); *Mattson v. United Mortgage Corp.*, 3:18-CV-00996-YY, 2024 WL 4794711, at *2 (D. Or. Sept 16, 2024), report and recommendation adopted, 3:18-CV-00996-YY, 2024 WL 4794641 (D. Or. Nov 14, 2024); *Mattson v. Rocket Mortgage, LLC,* 3:18-CV-00989-YY, 2024 WL 4794710, at *2 (D. Or .Sept 16, 2024), report and recommendation adopted, 3:18-CV-00989-YY, 2024 WL 4794639 (D. Or. Nov 14, 2024).

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION- 3

summary judgment and not on class certification. *Hossfeld* is entirely distinguishable. There, Allstate could not testify to the source of the spreadsheet, and there were multiple levels of hearsay because the recipient indicated that the spreadsheet came from Atlantic and then KP Leads, and the underlying email was unauthenticated and there was no action taken to confirm the source of the spreadsheet. *Id*. To the contrary, here, Defendant relies on the lead data that it obtained identifying the website address and webform completed[3] that is captured in realtime on a trustedform and issued a "Certificate of Authenticity." [Decl. McMillan, ¶¶ 3-6, Ex. A]. The certificate identifies the date, time, amount of time on the page, IP address, and captures the screen shot of the actual inputs of the name, telephone number, and consent language. *Id*. It also includes a link to the playback of the webform the live inputs. *Id*. This type of verification is not comparable to a spreadsheet that was sent via an unauthenticated email.[4] Defendant also stated that it has a "policy to obtain consent from every number before it calls any person on the National Do Not call registry." [ECF No. 34, Decl. McMillan, ¶ 15]. Plaintiff has submitted no evidence to dispute these statements or the consent form.

E.     PLAINTIFF FAILED TO MEET ITS BURDEN TO DEMONSTRATE THAT INDIVIDUALIZED ISSUES OF CONSENT WILL NOT DRIVE THIS LITIGATION

"[O]nce the defendant has 'presented sufficient, non-speculative evidence that a bona fide issue of consent exists as to all other [calls], [the plaintiff] [i]s required to come up with something (whether argument or evidence) to persuade the Court that those individualized consent issues

---

[3] An individual may indirectly provide a third party with express consent to be called under TCPA. *Olney v. Job.com, Inc.*, No. 1:12-CV-01724-LJO, 2014 WL 1747674, at *6 (E.D. Cal. May 1, 2014).

[4] Moreover, the evidence in this case demonstrates that Plaintiff *confirmed* consent in his first phone call with Defendant. *Johansen v. Efinancial LLC*, No. 220CV01351RAJBAT, 2021 WL 7161969, at *7 (W.D. Wash. June 11, 2021), *report and recommendation adopted*, No. 2:20-CV-01351-DGE, 2022 WL 168170 (W.D. Wash. Jan. 18, 2022) (holding that act of "playing" along with detailed responses after vendor has already identified itself constitutes consent).

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION- 4

would not drive this litigation, making a class action untenable." *Marc Irwin Sharfman M.D. P.A. v. Precision Imaging St. Augustine LLC*, No. 6:22-CV-642-WWB-DCI, 2024 WL 3103671, at *9 (M.D. Fla. May 23, 2024), *report and recommendation adopted sub nom. Sharfman v. Precision Imaging St. Augustine LLC*, No. 6:22-CV-642-WWB-DCI, 2024 WL 4460209 (M.D. Fla. Aug. 2, 2024) (quoting *Licari Family Chiropractic v. Works*, 2021 WL 4506405, at *7 (M.D. Fla. Jan. 11, 2021) (quoting *Sawyer v. KRS Biotechnology, Inc.*, 2018 WL 2425780, at *9 (S.D. Ohio May 30, 2018)).

Here, Defendant has presented proof of consent and expression of interest in Defendant's products and services that Defendant obtained and relied upon in calling Plaintiff. Other than claiming that the consent form is hearsay, which it is not, Plaintiff's failure to address the "conflicting interests of the members of the class is fatal to Plaintiff's claim . . . ." *Marc Irwin Sharfman M.D. P.A.,* 2024 WL 3103671, at *9. *See Nguyen v. Raymond James & Assocs., Inc.*, No. 8:20-CV-195-CEH-AAS, 2022 WL 4553068, at *11 (M.D. Fla. Aug. 12, 2022).

Indeed, "[a] class cannot be certified when its members have opposing interests or when it consists of members who benefit from the same acts alleged to be harmful to other members of the class." *Id.* (quoting *Lyttle v. Trulieve, Inc.*, No. 8:19-CV-2313-CEH-TGW, 2021 WL 3602996, at *7 (M.D. Fla. Aug. 13, 2021) (citing *Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1280 (11th Cir. 2000)). Here, as in *Nguyen*, Plaintiff has not addressed the conflict of interest between those who submitted consent forms to Defendant, who, unlike Plaintiff, do not dispute the submission of that consent form or the calls from Defendant made to them. "Even [if] Plaintiff seeks to certify a very broad class, [he] does not address how [he] will protect against the conflicting interests of the members of the class. *Nguyen,* 2022 WL 4553068, at *11.

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DENY CLASS
CERTIFICATION- 5

Here, in its opposition, Plaintiff "does not dispute that some (or, likely, virtually all) of the individuals on the proposed Class List may have signed or clicked a digital consent form or webpage" as Defendant asserts. *Mantha v. QuoteWizard.com*, LLC, 347 F.R.D. 376, 397 (D. Mass. 2024). Plaintiff submits *no evidence* to dispute the trusted certificate form that was authenticated in a Declaration by Defendant. Indeed, by arguing instead that Plaintiff can certify a class **because the entire consent language contains a legal defect**, Plaintiff actually implicitly *concedes* that individual issues in the validity of consent will preclude certification, where as here, Plaintiff asserts that he did not visit the website and did not submit the consent form. [ECF No. 51, pp. 12].

Plaintiff cites to *Aley v. Lightfire Partners, LLC*, No. 5:22-CV-00330 (AMN/TWD), 2024 WL 4007345, at *4 (N.D.N.Y. Aug. 30, 2024), reconsideration denied, No. 5:22-CV-00330 (AMN/TWD), 2024 WL 4910960 (N.D.N.Y. Oct. 9, 2024) (which was decertified), for the proposition that a class can be certified despite the Plaintiff having never visited the website. However, even assuming that Plaintiff's claims are typical to the class, then it would only be to other proposed class members **that claim that they also never visited the website**.[5] However, Defendant does not indicate how the Court would determine these individualized issues on a classwide basis; to the contrary, the determination of who visited the website and submitted the consent form vs. those who did not would **require** discovery of **each and every single class member**. This is the very reason that such a DNC class proposed by Plaintiff should be denied certification. *Clark,* 2025 WL 2968027, at *8 (denying class after cautioning Plaintiff that

---

[5] Alternatively, Plaintiff's proposed class, as pled, is entirely too broad because Plaintiff's claims are not typical to those class members who **did** visit the website and did submit a consent form, and at a minimum, the class should be narrowed to class members who, like Plaintiff, assert that they did not visit the website.

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION- 6

certification would be challenging given that Plaintiff insists he did not visit the website which provided the lead information to Defendant).                                      .

### F.    THE CLASS CANNOT BE CERTIFIED ON THE BASIS THAT THE CONSENT LANGUAGE CONTAINS A LEGAL DEFECT

Notably, instead of arguing that the individualized issues of the validity of consent can be determined on a classwide basis, Plaintiff instead argues that the Court can certify the class because the consent language contains a legal defect.  Plaintiff would have to show the "same dispositive legal defect" in each consent form.  *Mantha,* 347 F.R.D. at 397.[6]  However, the consent language here contains **no such legal defect**.  Plaintiff's stretches credulity by arguing that the language below does not provide consent to those on the National Do Not Call Registry, and only applies to automatic or pre-recorded messages (and apparently not manual calls).

Contrary to Plaintiff's assertions, a party is not liable for calling an individual on the DNC Registry if it obtained "prior express invitation or permission."  47 CFR § 64.1200(c)(2)(ii).  "Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed."  *Id*.  Here, the consent form provides clear evidence of consent to call as it states as follows:

> By clicking Submit, you represent that you are 18+ years of age and agree to the Privacy Policy and Terms & Conditions. By clicking Submit, "you agree by your electronic signature that you give express written consent **to receive marketing communications regarding Solar and Home services** by automatic dialing system and pre-recorded calls and artificial voice messages **and one or more of its Marketing Partners** at the phone number and e-mail address provided by you, including wireless numbers, if applicable, **even if you have previously registered the provided number on the Do Not Call Registry**. SMS/MMS and data

---

[6] To the extent that the Court denies Defendant's motion, this provides further support for narrowing any such class to the actual website: https:://searchrenovation.us.  Plaintiff's argument that Defendant "concedes" by arguing narrower definitions of the class is absurd as Defendant is entitled to raise alternative arguments.

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION- 7

messaging rates may apply." Your understand that my consent here is not a condition for buying any goods or services.

[ECF No. 34, McMillan Decl., ¶ 6, Ex. A] (e.s.). The consent form complies with the regulatory requirements as (1) the webform constitutes a signed written agreement between the parties, and (2) contains the telephone number to which calls can be placed. The language above clearly provides consent for DaBella, DaBella Exteriors, DaBella Exteriors LLC, and DaBella Home Improvement as "Marketing Partners" to call those on the national do not call registry. *Id*. Here, the webform requires submission of a consumer's telephone number -- and that alone --- without more, constitutes consent to be called. *See Bradford v Sovereign Pest Control of TX, Inc*., 167 F.4th 809, 813 (5th Cir. 2026). *Id*. at ¶ 4.

Indeed, "[t]he FCC has determined that the signed, written agreement requirement may be fulfilled by submission of a website form." *Johansen v. Efinancial LLC*, No. 220CV01351RAJBAT, 2021 WL 7161969, at *7 (W.D. Wash. June 11, 2021), report and recommendation adopted, No. 2:20-CV-01351-DGE, 2022 WL 168170 (W.D. Wash. Jan. 18, 2022) (quoting Rules & Regulations Implementing the TCPA of 1991, C.G. Dkt. No. 02-278, Report and Order, 27 FCC Rcd 1830, 1844 (2012)). "[T]elemarketers will not violate our rules by calling a number which was provided as one at which the called party wishes to be reached." *In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8769 (Oct. 16, 1992).

Notably, Plaintiff cites no authority that states that the type of language used by DaBella does _not_ provide express consent to call. This case is entirely distinguishable from *Mantha* as it does not involve consent language that is defective. *Mantha,* 347 F.R.D. at 397. Thus, the Plaintiff cannot certify a class on the basis that the language in the consent form is defective – because the

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION- 8

express language of the webform contains no legal defect, and clearly provides consent for Defendant to call.

Most importantly, Plaintiff does not indicate how he could represent a class on a legal defect when he himself never visited the website. *Clark*., 2025 WL 2968027, at *8 (denying class given that Plaintiff insists he did not visit the website which provided the lead information to Defendant).[7]  Plaintiff cannot testify to the content of the webform, nor can he testify that he only consented to receive pre-recorded or automatic calls.  Therefore, Plaintiff's alternative legal defect theory of the consent form fails entirely.

G.    **PLAINTIFF FAILED TO MEET ITS BURDEN TO DEMONSTRATE THAT INDIVIDUALIZED ISSUES AS TO THE USE OF PLAINTIFF'S TELEPHONE FOR BUSINESS PURPOSES WILL NOT DRIVE THIS LITIGATION**

Notably, Plaintiff's arguments as to the use of Plaintiff's telephone support Defendant's position that the use of Plaintiff's telephone as a business number will drive the litigation.  Plaintiff alleges that he does not use his telephone for business purposes, however, several websites demonstrate that Plaintiff's telephone number is held out to the world as a business number.  [ECF No. 33, Request for Judicial Notice, Exs. 1-6].  Despite having the telephone number since July 2024, Plaintiff has not stated that he made any attempt to have the telephone number removed from

---

[7] Likewise, Plaintiff's reliance on *Williams v. PillPack LLC*, 343 F.R.D. 201, 213 (W.D. Wash. 2022) is misplaced, as the court distinguished the case from that of a wrong party class that was *not certifiable*, with the instant matter allowing a class to proceed because the alleged consent form did not contain PillPack as one of its marketing partners.  That is not the case here as Defendant is listed as a marketing partner, and no legal defects exist in the consent form language. Further, Plaintiff's reliance on *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 853 (9th Cir. 2022) does not apply because there is no other named class representative in this action that has alleged to have visited https://searchrenovation.us.  Plaintiff's citations to other cases fare no better.  In *Anthony v. Fed. Sav. Bank*, No. 21 C 2509, 2025 WL 3101827, at *8 (N.D. Ill. Nov. 6, 2025), unlike here, there no evidence of consent.  In *Thrower v. Citizens Disability, LLC*, No. CV 20-10285-GAO, 2022 WL 3754737, at *5 (D. Mass. Aug. 30, 2022), the Court certified the matter only because individualized customer-by-customer hearings on completed webforms would not be required, and dealt with the legal sufficiency of the consent form.

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION- 9

the websites – all while Plaintiff simultaneously continues to file class actions for calling his new telephone line. *See also*, Part III.B. Reply in Opposition to Plaintiff's MSJ, which is incorporated herein. These factual disputes create a unique defense for Defendant, and are exactly the reason why Plaintiff is not an appropriate class representative. *Mattson v. Rocket Mortg., LLC*, No. 3:18-CV-00989-YY, 2024 WL 4794710, at *1-2 (D. Or. Sept. 16, 2024), report and recommendation adopted, No. 3:18-CV-00989-YY, 2024 WL 4794639 (D. Or. Nov. 14, 2024) (plaintiff could not satisfy the typicality and commonality requirement due to factual disputes regarding use of plaintiff's number as a residential or business number; actual disputes about how the subject number was acquired, how it was used, by whom, and for what purpose, and how it was paid for are unique to plaintiff). Indeed, if it is determined that Plaintiff's number is a business line, he cannot represent a TCPA class at all. *Id*. at *2.

**WHEREFORE**, DaBella requests this Court to deny class certification and strike the class allegations.

Dated:  April 27, 2026                    Respectfully submitted,


                                          Drew L. Eyman, OSB No.: 163762
                                          Snell & Wilmer
                                          601 SW 2nd Avenue, Suite 2000
                                          Portland, OR 97204-3229
                                          T: (971) 213-1070
                                          Email:  deyman@swlaw.com
                                          *Counsel for Dabella Exteriors LLC*

                                          -and-

                                          /s/ Diane J. Zelmer, Esq.
                                          Diane J. Zelmer, Esq.
                                          Florida Bar No. 27251
                                          BERENSON LLP
                                          4495 Military Trial, Suite 203
                                          Jupiter, Florida 33458
                                          Tel: (561) 429-4496


REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DENY CLASS
CERTIFICATION- 10

Fax:  (703) 991-2195
Email:  djz@berensonllp.com
Secondary  Email:  hcc@berensonllp.com  *Counsel*
*for Dabella Exteriors LLC*

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DENY CLASS
CERTIFICATION- 11