Drew Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
Moda Tower
601 SW Second Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone:    503.624.6800
Facsimile:    503.624.6888
*Attorneys for Defendant DaBella Exteriors LLC*

and

Diane J. Zelmer, *pro hac vice*
BERENSON LLP
4495 Military Trail, Suite 203
Jupiter FL 33458
Phone: (561) 429-4496
Facsimile: (703) 991-2195
E-mail: djz@berensonllp.com
Secondary: hcc@berensonllp.com
*Attorneys for Defendant DaBella Exteriors LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DABELLA EXTERIORS LLC,<br><br>    Defendant. | Case No. Case No. 3:25-CV-00396-SI<br><br>REPLY IN SUPPORT OF DEFENDANT'S REQUEST FOR JUDICIAL NOTICE |

Defendant hereby replies in further support of its Request for Judicial Notice, ECF No. 33 (the "Request").

**MEMORANDUM**

**I. INTRODUCTION**

Plaintiff's response is a straw man argument that misconstrues Defendant's Request. Contrary to Plaintiff's argument, nowhere in the Request did Defendant ask this Court to take notice of the *truth* of Exhibits 1-5; rather, Defendant requests that the Court take judicial notice of

the existence of the content within those exhibits, which is within the scope of Rule 201. Plaintiff's response also conflates questions of admissibility with questions of evidentiary weight, raising objections that go to the merits of Defendant's motion for partial summary judgment, not to whether judicial notice is appropriate. As for Exhibits 6-8, plaintiff does not provide any reason why the Court may not take judicial notice of those government websites.

## II.  ARGUMENT

### 1.     The fact that Plaintiff's phone number is listed on Exhibits 1-5 is subject to judicial notice.

While Plaintiff correctly states that "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), Plaintiff misstates the purpose for which defendant seeks judicial notice of the phone number listed in Exhibits 1-5. Plaintiff argues that Defendant is asking the Court to accept the truth of the content of third-party websites, but Defendant is actually seeking judicial notice of the fact that Plaintiff's phone number appears on those websites.[1] This fact is relevant to Defendant's motion for partial summary judgment, which argues that, because Plaintiff's telephone number is held out to the world as a business number, Plaintiff is not a "residential telephone subscriber" as required under 47 C.F.R. 64.1200(c)(2). [ECF No. 31 at pp. 26-28 (MPSJ)]. The resolution of that issue is for this Court's summary judgment decision. Plaintiff is, of course, free to argue that the Court should not afford much weight to that fact for one reason or another, but that says nothing about whether that fact is judicially noticeable in the first place. *See Datel Holdings Ltd. v. Microsoft Corp.*, 712

---

[1] That distinguishes the cases on which Plaintiff's response relies, where the issue was whether the Court should accept the truth of the contents of a website.

Page 2 - REPLY IN SUPPORT OF DEFENDANT'S RJN

F.Supp.2d 974, 984 (N.D. Ca. 2010) (whether terms of use were provided to all customers "goes to the weight of the evidence, not to whether the documents are judicially noticeable").

Plaintiff relies on *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015). While that Court held that references to press releases on third party websites were not subject to judicial notice because "the credibility of the site's source information is called into question by another party," the *Gerritsen* Court explained that the court may take judicial notice to "indicate what was in the public realm at the time[.]" *Id.* at 1029. That public realm consideration is the basis of Defendant's Request here. Defendant is not asking this Court to accept the contents of Exhibits 1-5 as true; that is, Defendants are not arguing that these websites are correct sources of information or even contain true information about Merlin Home Magic or Plaintiff himself. Defendants merely seek judicial notice of the fact that (1) Plaintiff's phone number is listed on those websites as associated with Merlin Home Magic, and (2) the websites are publicly available information. Essentially, Defendant is asking this Court to do what presumably *would* have been acceptable to the *Gerristen* Court—take notice of the existence of certain information in the public realm. Indeed, Plaintiff further argues that this Court *can* take judicial notice that Merlin Home Magic's website itself no longer exists. [ECF No. 50, at pp. 4-5]. That supports Defendant's Request; if the lack of existence of a website is judicially noticeable, so too is the fact that a certain phone number exists on a certain publicly available website. Both depend on the same principle of noticing publicly observable information on the internet (or lack thereof). The fact that Plaintiff's phone number appears on these publicly available websites is not reasonably disputed.

Plaintiff's argument as to whether Defendant relied on these websites is irrelevant because that too goes to the *weight* of the evidence, if anything, not to whether the existence of that content

may be judicially noticed in the first place.  *See Datel Holdings Ltd.*, 712 F.Supp.2d at 984 (whether terms of use were provided to all customers "goes to the weight of the evidence, not to whether the documents are judicially noticeable").  Exhibits 1-5 should be treated no differently from any other website, the existence and contents of which courts routinely judicially notice.  *See, e.g., Woodall v. Walt Disney Co.*, Case No.: CV 20-3772-CBM(Ex), 2024 WL 5337348, at *4 (C.D. Cal. Nov. 1, 2024) (taking judicial notice of "the existence of [a YouTube video] and the information therein for purposes of determining what was available to the public at the time, but not for the truth of the contents therein"); *Threshold Enters. Ltd. V. Pressed Juicery, Inc.* 445 F.Supp.3d 139, 146 (N.D. Cal. 2020) (taking judicial notice of the "fact that the documents contain the referenced content"); *2Die4Kourt v. Hillair Cap. Mgmt., LLC*, Case No. SACV 16-01304 JVS(DFMx), 2016 WL 4487895, *1 n.1 (C.D. Cal. Aug. 23, 2016) (taking judicial notice of online news articles and social media posts "for their existence and content, and not for the truth of any statements in the documents").

Accordingly, Defendant's Request should be granted.

2. **Plaintiff fails to present any reason why Exhibits 6-8 are not subject to judicial notice.**

Plaintiff argues that Exhibits 6 and 7 are "not properly the subject of judicial notice", and states in a conclusory manner that this Court "must exercise its discretion with any facts contained in Exhibit 8." ECF 50, at 7.

Plaintiff cites *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992 (9th Cir. 2010), which recognized that "[i]t is appropriate to take judicial notice of . . . information . . . made publicly available by government entities" where "neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein. *Id.* at 998–99.  Plaintiff does not dispute the

authenticity of the FRC and FCC websites, nor does he contend that the information displayed therein is inaccurate. Rather, Plaintiff argues that the "express terms of a statute" would take precedence over a government agency website. *See* [ECF 50, at p. 7] (citing *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 653 (2020)). That is of no consequence because Defendant does not contend that an agency FAQ webpage overrides statutory text. Instead, Defendant offers Exhibits 6-8 as context for the regulatory framework at issue, which goes to the merits of Defendants' summary judgment motion, not whether the documents are judicially noticeable.

Accordingly, this Court should take judicial notice of the government webpages and FCC Order contained in Exhibits 6-8.

## CONCLUSION

For these additional reasons, defendant respectfully requests that the Court take judicial notice, under Fed. R. Evid. 201(b), of the Exhibits identified in the Request.

RESPECTFULLY SUBMITTED,

/s/ Diane J. Zelmer
Diane J. Zelmer, Esq. (*pro hac vice*)
FL Bar No: 27251
BERENSON LLP
4495 Military Trail, Suite 203
Jupiter FL 33458
Phone: 561-429-4496
E-mail: djz@berensonllp.com
Secondary: hcc@berensonllp.com
*Counsel for Defendant DaBella Exteriors LLC*

Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone: 503.624.6800
Facsimile: 503.624.6888
*Counsel for Defendant DaBella Exteriors LLC*