Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,

        Plaintiff

vs.

DABELLA EXTERIORS LLC

        Defendant.

Case No. 3:25-cv-00396-SI

SURREPLY TO EVIDENTIARY OBJECTIONS
TCPA (47 U.S.C. § 227)
DEMAND FOR JURY TRIAL

Pursuant to Local Rule 56-1(b), Plaintiff submits this surreply addressing the evidentiary objections raised in Section I.A-E of Defendant's Reply in Support of its Motion for Summary Judgment, ECF 64. Those objections should be overruled.

## INTRODUCTION

DaBella's objections fail twice over. *Procedurally*, DaBella never conferred under LR 7-1, which LR 56-1(b) expressly makes mandatory for evidentiary objections. *Substantively*, three of the five "objections" are not Rule 56(c)(2) objections at all. They are dressed-up substantive arguments smuggled into the LR 56-1(b) framework. The remaining two, directed at the National

Surreply Evdid. Obj.              1

DNC Registry record and at DaBella's own consent evidence, fail on the merits. And much of what DaBella attacks throughout its "objections" is evidence DaBella itself produced and filed in support of its own motion for summary judgment. This Court, on closely analogous facts, overruled similar objections last year. *Bond v. Shriners Hosps. for Child.*, No. 3:20-CV-1943-SB, 2025 WL 868640, at *1 (D. Or. Mar. 20, 2025) (Simon, J.).

## ARGUMENT
### I.  The Objections Should Be Overruled For Failure To Confer Under LR 7-1(a).

LR 56-1(b) directs that, "[r]ather than filing a motion to strike, a party must assert any evidentiary objections in its response or reply memorandum," and that "[e]videntiary objections . . . are subject to the certification requirement of LR 7-1(a)." LR 7-1(a)(1)(A) requires the moving party to "make a good faith effort, through personal or telephone conferences, to resolve the dispute." For dispositive motions, as here, the parties "must . . . discuss each claim, defense, or issue that is the subject of the proposed motion."

DaBella did not confer about its evidentiary objections. Although the parties conferred about DaBella's underlying summary judgment motion, DaBella never identified, raised, or discussed any of the specific evidentiary objections it later embedded in its Reply. When Plaintiff's counsel raised the absence of LR 7-1 conferral, DaBella apparently took the position that conferral was unnecessary and shrugged off the implication it acted wrongly in failing to do so. That position is contrary to LR 56-1(b), which makes conferral explicitly *mandatory* for evidentiary objections. If anything, the position DaBella took underscores the impropriety of the objections themselves. The conferral requirement exists to weed out *exactly* the overreaching objections DaBella has filed. DaBella also confirmed it did not agree to withdraw the objections, necessitating this surreply.

Surreply Edvid. Obj.                    2

This Court has discretion to overrule evidentiary objections "based on a failure to confer," and exercises that discretion based on whether "conferral would have been of limited utility" and whether "the non-movant had an opportunity to be heard." *Bond*, 2025 WL 868640, at \*1; *contra, e.g.*, *Old Navy, LLC v. Center Devs. Or., LLC*, 2012 WL 2192284, at \*3 (D. Or. June 13, 2012) (excusing failure to confer because the conferral rules were recently amended); *DeWalt Prods., Inc. v. City of Portland*, 2019 WL 4045659, at \*2 (D. Or. Aug. 26, 2019) (excusing failure to confer because it was clear that conferral would not have resolved the identified disputes); *Arnold v. Pfizer, Inc.*, 970 F. Supp. 2d 1106, 1128 (D. Or. 2013) (same).

The *Old Navy* line of cases cited and distinguihsed by the *Bond* Court cut squarely *against* DaBella here. Far from being futile, conferral "would have been useful and may have resolved several disputes," because, as in *Bond*, DaBella "produced many of the exhibits it objects to during discovery and even filed some of the exhibits it objects to in support of its own motion." *Bond*, 2025 WL 868640, at \*1. The *Bond* rationale applies, *a fortiori*, here. The DNC registration record DaBella attacks in Section I.B was produced by Plaintiff in discovery, marked as an Exhibit to Plaintiff's deposition *by DaBella's own counsel*, and elicited by DaBella's own deposition questioning. The McMillan declaration and "TrustedForm" exhibit DaBella defends in Section I.E are exhibits *DaBella itself filed* in support of its motion. A conference would have resolved any genuine question about authenticity in ten minutes, which is exactly why LR 56-1(b) requires one. The objections should be overruled on this basis alone.

## II.  Each Objection Also Fails On The Merits.
### A.  Pinpoint Citations (§ I.A) Is Not An Evidentiary Objection.

A pincite criticism is not a Rule 56(c)(2) admissibility objection. It is a complaint with the substance and drafted form of the Plaintiff's opposition and the associated citations. Rule 56(c)(2) authorizes objections that "the material cited . . . cannot be presented in a form that

would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Whether a brief contains adequate pincites is a pleading issue, not an issue on whether the cited materials are admissible as evidence. DaBella cites no authority holding otherwise. The lone case it invokes on this point from this Court, a footnote from *Hughes v. Pac. Univ.*, No. 3:21-CV-991-SI, 2023 WL 7497106, at *4 n.5 (D. Or. Nov. 13, 2023), was *dicta* in which the Court criticized a failure to point to a specific email relied on a party, but which was not in the record. That was not a case addressing Rule 56(c)(2) at all, and Plaintiff's citations are very different from the missing evidence in *Hughes*. Plaintiff pincited the materials he relies on, including by page and line to the Weingrad and McMillan depositions and cites to DaBella's own declarations and exhibits. DaBella does not, because it cannot, identify a specific factual statement that lacks an adequate citation.

### B.  The DNC Record (§ I.B) Is Self-Authenticating Under FRE 902(5) And Authenticable Under FRE 901.

Next, Defendant's objections to the Plaintiff's Do Not Call Registry confirmation records have no legs. As an initial matter, such records are self-authenticating under FRE 902(5). The document at issue is a confirmation email returned by the FTC's donotcall.gov system in response to a registration status search that this Court itself can conduct. That is precisely the kind of government database search result printout that a Court has held to be self-authenticating under FRE 902(5). *Williams v. Long*, 585 F. Supp. 2d 679, 686 (D. Md. 2008). As the *Williams* Court explained, Rule 902(5) is commonsensical, since "official publications are likely to be readily identifiable by simple inspection, and that forgery or misrepresentation of such material is unlikely." *Id.* Moreover, the Court held that a Clerk of Court online case search result was an admissible "other publication" within the meaning of Rule 902(5). *Id.* at 687.

*Williams*' reasoning applies with equal force here. Citing *Sannes v. Jeff Wyler Chevrolet, Inc.*, No. C–1–97–930, 1999 WL 33313134 (S.D. Ohio Mar. 31, 1999), the *Williams* Court

Surreply Evdid. Obj.                              4

concluded that "information published by the FTC on its website was deemed to be self-authenticating." *Id.* It then cited to multiple other cases demonstrating a "willingness to accept postings on government websites as inherently authentic," including not only the content of the websites themselves but also the records and reports generated from those government websites. *Id.* at 687-88 (citing cases). *Williams* is of preeminent usefulness here because it comprehensively analyzed and held that not only government websites *themselves*, but the contents and records outputted by them, such as the donotcall.gov search function here, are self-authenticating without the need for certification under Rule 902(5), including because the source website information that rendered it is self-authenticating as well. *Id.* at 689. For these reasons, the *Williams* court had no trouble concluding that search results returned by a government database were self-authenticating under Rule 902(5), because the public authority's posting of the information in response to a query supplies the necessary "seal of approval." *Id.*

That is exactly the posture here. The donotcall.gov website effectuates verification by allowing a user (or the Court) to submit a phone number to verify whether it is on the Registry and the date of registration. The FTC's system emails back a confirmation of registration status. The Plaintiff produced a copy of that email confirmation in discovery, and its accuracy cannot be genuinely disputed. What's more, the record is independently authenticable under multiple subsections of Rule 901. The Plaintiff, a witness with personal knowledge, authenticated the record at his deposition under Rule 901(b)(1), the email possesses "distinctive characteristics" under Rule 901(b)(4) (the registry standard form email and the registration data returned), as a public record under Rule 901(b)(7), and as the output of a system "shown to produce an accurate result" under Rule 901(b)(9). The Court (and DaBella) can verify the record at any time by entering Plaintiff's telephone number on donotcall.gov and receiving the very same email.

Surreply Edvid. Obj.                                    5

Even if more were needed, Rule 56(c)(2) requires only a showing that Plaintiff will be able to put the information in an admissible form at trial, not that the document already be presented in admissible form. Should DaBella continue to dispute the accuracy of federal government records, it is free to send a *Touhy* subpoena for trial testimony to the Federal Trade Commission and attempt to convince a jury that the FTC's own records are supposedly wrong. Moreover, Plaintiff has retained a telephone records expert, who has corroborated the donotcall.gov record and confirmed that Plaintiff's telephone number has been continuously registered on the National Do Not Call Registry since at least August 28, 2021, based on his own data archive obtained from the FTC directly. That alone disposes of the objection.

To the extent that DaBella is somehow complaining that the email produced in discovery does not reflect the date that the FTC's database was queried, that is a red herring. The date on which the Plaintiff, his counsel, or anyone else, for that matter, verified the Plaintiff's DNC registration status is *irrelevant* to the fact that the Plaintiff's number has been on the DNC continuously since 2021, well before the subject calls at issue. Analogically, this is no more relevant than the date someone visits the Recorder of Deeds to look up the last date a property was conveyed: a visit on May 18, 2026 would show the same 2021 conveyance as would a visit on March 18, 2026, for instance. At best, DaBella identifies a factual dispute about how the donotcall.gov system works, not a Rule 56(c)(2) admissibility objection. That factual dispute is sufficient to defeat summary judgment. If DaBella genuinely disagrees as to the number's DNC status, the answer is more discovery, the very thing DaBella simultaneously tries to defeat here.

### C. The "Statement of Facts" Argument (§ I.C) Is Not An Evidentiary Objection.

Whether Plaintiff carried his Rule 56(c)(1) burden to dispute facts is a substantive merits issue, not a Rule 56(c)(2) admissibility issue. Embedding the argument in an "Evidentiary Objections" section does not transmute it into one. In any event, Plaintiff disputed DaBella's

facts repeatedly and specifically throughout his motion and declarations. The *Heinemann v. Satterberg* principle DaBella invokes, 731 F.3d 914, 917 (9th Cir. 2013), reaches only assertions of fact left unaddressed (which DaBella doesn't even identify). *Heinemann* does not support treating genuinely disputed facts as admitted, and it has no bearing on the panoply of facts Plaintiff has squarely disputed. This "objection" is easily disposed of.

### D.  A Rule 56(c)(2) Objection Cannot Defeat A Rule 56(d) Declaration (§ I.D).

DaBella tries to use a Rule 56(c)(2) admissibility objection to defeat Plaintiff's Rule 56(d) declaration. That is upside down. Rule 56(c)(2) and Rule 56(d) operate on different planes. Rule 56(c)(2) is the mechanism for objecting that an opponent's cited material is inadmissible. Rule 56(d) is the mechanism for the nonmovant to show that "essential facts" cannot be presented because additional discovery is needed, that is, because there is a *need* for *additional admissible* discoverable material. They are not interchangeable, and an evidentiary objection cannot defeat a Rule 56(d) showing. The point of Rule 56(d) is to obtain *more* evidence where the nonmovant lacks essential facts. The proper answer to a well-founded Rule 56(d) declaration is *more discovery*, not a speculative admissibility objection. And the additional discovery Plaintiff seeks, includong on DaBella's use (if any) of the Reassigned Number Database, and from the lead aggregators SBBNet and Richardson Marketing Group, who have ignored Plaintiff's subpoenas, is evidence directly relevant to the consent issues on which DaBella is now attempting to seek summary judgment. That is the very category Rule 56(d) protects.

### E.  DaBella Cannot Use "Evidentiary Objections" To Defend Its Own Consent Evidence (§ I.E).

Section I.E, titled "Defendant Submitted Sufficient Evidence to Prove Consent," is not an objection to Plaintiff's evidence at all. It is DaBella's defense of its *own* evidence. LR 56-1(b) does not permit a moving party to use the "evidentiary objection" vehicle to defend its own

evidence, and Plaintiff has no obligation to surreply to substantive merits arguments. LR 56-1(b). Plaintiff did not "object" to DaBella's consent evidence under Rule 56(c)(2). Rather, he argued, on the merits, that DaBella failed to carry its affirmative burden to obtain summary judgment in its favour on an affirmative defense for which it bears the burden. *Hossfeld v. Allstate Ins. Co.*, 726 F. Supp. 3d 852, 873 (N.D. Ill. 2024). The McMillan declaration and "TrustedForm" certificate suffer from multiple levels of hearsay, as in *Hossfeld*. But asserting an evidentiary objection would arguably have been improper because it is at least *conceivable* that DaBella will be able to authenticate its disputed evidence of consent at jury trial. As Plaintiff has explained, Rule 56(c)(2) requires only a showing that the information might be admissible at trial. In any event, this possibility is exceedingly unlikely, since the third parties on whom DaBella relies to authenticate its "evidence" of "consent," SBBNet and Richardson Marketing Group, have ignored Plaintiff's subpoenas.

DaBella's reliance on *Johansen v. Efinancial LLC*, No. 220CV01351RAJBAT, 2021 WL 7161969, at *7-8 (W.D. Wash. June 11, 2021), turns the case on its head. *Johansen* rested on the fact that the allegedly "unconsenting" plaintiff had played along for over 20 minutes on a telemarketing call in which the plaintiff failed to correct the allegedly incorrect information submitted and because the "Efinancial representative *immediately identified himself* as calling from Efinancial." *Id.* at *7. Here, the opposite is true on every front.

The telephone numbers DaBella used to contact Plaintiff are *not associated with any caller ID identifying DaBella*, and two of them cannot even be used to make a "do not call" request during regular business hours. And the caller with whom Plaintiff interacted (after multiple previous communications), was not clear about who they were calling from. Moreover, *Johansen* also rested on a website *owned and operated by the defendant* whose witness

Surreply Edvid. Obj.                                    8

*authenticated* the submission and its consent. *Id.* Here, the website the Plaintiff is alleged to have visited, searchrenovation.us, is operated by third parties whose evidence DaBella cannot authenticate and who refuse to respond to subpoenas. The subscriber of record for the IP address purportedly associated with the website submission, when deposed by DaBella itself, confirmed he never visited the site, did not submit Plaintiff's number, and does not know Plaintiff.

In any event, no "playing along" theory in *Johansen* or anywhere else could authorize the conduct on which Plaintiff's claims most heavily rest: the calls and text message calls sent *before* the Plaintiff interacted with *anyone* at DaBella, to say nothing of the September call placed six months *after* this lawsuit was filed and after Plaintiff had cancelled his appointment, the unannounced February 2025 visit to Plaintiff's home to "measure" his windows while he was not there, and the unannounced October 2025 visit to Plaintiff's home by DaBella's goons that resulted in the police being called and them being trespassed from the residence. The single investigative call on which DaBella stakes its "consent" theory cannot, as a matter of law, retroactively authorize the calls and visits that preceded or followed it.

## CONCLUSION

DaBella's "Evidentiary Objections" are procedurally improper because there was no LR 7-1(a) conferral, substantively improper as not true "evidentiary" objections, and directed in large part at exhibits DaBella itself produced, marked at deposition, and filed in support of its own motion. The objections should be overruled in their entirety and the Court should consider the full record in opposition to DaBella's Motion for Partial Summary Judgment.

Surreply Edvid. Obj.                         9

RESPECTFULLY SUBMITTED AND DATED this 18th day of May, 2026.

s/Andrew Roman Perrong
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

## LR 7-1 CERTIFICATION

Pursuant to LR 7-1, Plaintiff conferred with counsel for Defendants who oppose the relief requested in the surreply, specifically, striking or overruling the evidentiary objections, on the basis that there was apparently either no Local Rule 7-1 violation in filing the evidentiary objections or that such violation should somehow be excused.

Date: May 18, 2026

s/Andrew Roman Perrong
Andrew Roman Perrong, OSB No. 243320

## PAGE COUNT CERTIFICATION

Pursuant to the Local Rules for the District of Oregon, this Surreply contains exactly 9 pages and complies with all applicable page and word count limits.

Date: May 18, 2026

s/Andrew Roman Perrong
Andrew Roman Perrong, OSB No. 243320

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date.

Date: May 18, 2026

s/Andrew Roman Perrong
Andrew Roman Perrong, OSB No. 243320

Surreply Edvid. Obj.                    10