Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone:  503.624.6800
Facsimile:  503.624.6888
*Attorney for Defendant, DABELLA EXTERIORS, LLC*

Diane J. Zelmer, Esq. (pro hac vice)
FL Bar No. 27251
BERENSON LLP
4495 Military Trail, Suite 203
Jupiter, Florida 33458
Telephone: 561-429-4496
Email: djz@berensonllp.com
*Attorney for Defendant, DABELLA EXTERIORS, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated, | Case No. 3:25-CV-00396-SI |
| Plaintiff, | |
| vs. | OBJECTION TO SUR-REPLY |
| DABELLA EXTERIORS LLC, | |
| Defendant. | |

## I.     LR 7-1 CERTIFICATION

Defendant, DABELLA EXTERIORS LLC ("DaBella" or "Defendant"), hereby certifies that in compliance with Local Rule 7-1, the parties made a good faith effort via telephone on May 26, 2026, to resolve the dispute in this objection, but have been unable to agree on a resolution.

## II.     OBJECTION

Defendant respectfully objects to the Plaintiff's filing of a Sur-Reply [ECF No. 68] and to the contents of that Sur-Reply as overbroad in scope. In an effort to avoid burdening the Court with a separate motion to strike the sur-reply, Defendant files this objection to note its objection for the record.

## III.     MEMORANDUM

### A.   *Plaintiff's Sur-Reply Goes Beyond the Scope Allowed by Local Rule 56-1*

Local Rule 56-1(b) provides that "[i]f an evidentiary objection is raised by the moving party in its reply memorandum, the non-moving party may file a surreply memorandum pursuant to this subparagraph within seven days addressing **only the evidentiary objection** . . . ." (e.s.). Therefore, Plaintiff's sur-reply must be strictly limited to any such evidentiary objection raised under L.R. 56-1(b).

Plaintiff filed a nine (9) page sur-reply [ECF No. 68] to three (3) pages of Defendant's reply. [ECF No. 64]. Plaintiff improperly used its sur-reply to address issues that – ***by its own admission*** – are not evidentiary objections under L.R. 56-1(b). Plaintiff admits that Defendant's assertions regarding the failure to provide pinpoint citations are not evidentiary objections under L.R. 56-1(b). [ECF No. 68, p. 3]. Indeed, they are not. The failure to provide pinpoint citations is raised under L.R. 56-1(a), and requires no conferral under L.R. 7-1(a).

Plaintiff also admits that the "statement of facts" argument, and Defendant's argument that no additional evidence is necessary are not "evidentiary objections." [ECF No. 68, p. 1, 6-7].

OBJECTION TO SUR-REPLY - 1

Undisputedly, that leaves two issues that Plaintiff contends are evidentiary objections under L.R. 56-1(b): (1) the fact that the DNC Registry remains unauthenticated and lacks evidence to demonstrate that the Plaintiff's telephone number was on the DNC at the time the calls were made; and (2) Defendant's position on the consent evidence produced in support of its motion for summary judgment.  Both of these issues address summary judgment standards of proof under Rule 56(c).[1]  Notably, even though a heading in Defendant's reply brief uses the term "evidentiary objections," those are legal arguments not evidentiary objections.  *See Bond v. Shriners Hosps. for Child.*, No. 3:20-CV-01943-SB, 2024 WL 5443171, at *16 (D. Or. Nov. 22, 2024) (distinguishing evidentiary objections from legal argument), *report and recommendation adopted*, No. 3:20-CV-1943-SB, 2025 WL 868640 (D. Or. Mar. 20, 2025); *Kimmons v. First Transit, Inc.*, No. 3:21-CV-00768-SB, 2023 WL 5836029, at *35 (D. Or. Sept. 8, 2023) (unreported) (same); *Ambrose v. J.B. Hunt Transp., Inc.*, No. 3:12-CV-01740-HU, 2014 WL 585376, at *6 (D. Or. Feb. 13, 2014) (unreported) (arguments "duplicative of the summary judgment standard itself" are not evidentiary objections). Moreover, the latter issue on consent is in direct response to *Plaintiff's evidentiary objection* that the Plaintiff's evidence of consent was "hearsay."  *See* part II.B.  Even to the extent that they are evidentiary objections, where, as here, the disputed issue is of limited utility, the Court can excuse the conferral requirement.  *Bond,* 2024 WL 5443171, at *13.

Defendant was not entitled to a sur-reply on these issues under L.R. 56-1(b).  In addition, it is unclear why Plaintiff acknowledges that at least three of the five issues raised are not

---

[1] Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div.,* 932 F.2d 1384, 1387-88 (11th Cir. 1991).  The non-movant's burden is heavy at this point: it "must point to concrete evidence in the record;" mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Orsatte v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995); *Jackson v. Danberg*, 594 F.3d 210, 227 (3d Cir. 2010) (citations omitted).

OBJECTION TO SUR-REPLY - 2

evidentiary objections under L.R. 56-1(b), and yet, takes issue with the failure to confer under L-R 7-1(a).

B. *Plaintiff's Argument on the Consent Defense Replies to **Plaintiff's** Evidentiary Objection Raised in its Response*

Furthermore, Plaintiff's argument on Defendant's failure to confer on its position regarding the Plaintiff's consent evidence is equally confusing.  It was *Plaintiff* who raised evidentiary issues as to Defendant's consent in its Response to Defendant's Motion for Summary Judgment.  [ECF 52, p. 27-28].  Plaintiff, who did not confer before raising this issue in its response, now seeks to place the responsibility of the required conferral (L.R. 7-1(a)) on Defendant.  However, L.R. 56-1(b) expressly allows Defendant to respond to Plaintiff's evidentiary objection in its reply.  L.R. 56-1(b) ("If an evidentiary objection is raised in the non-moving party's response memorandum, the moving party may address the objection in its reply memorandum.")  Notably, Plaintiff filed no certification of conferral on the consent issue raised in its response; thus, it is *Plaintiff's* evidentiary objection on consent contained in its Response that should be disregarded.

## IV.    <u>CONCLUSION</u>

WHEREFORE, DABELLA respectfully objects to the Plaintiff's filing of a Sur-Reply and to the contents of that Sur-Reply as overbroad in scope, and asks the Court for such other relief as the Court deems just and advisable.

Dated:  June 9, 2026

Respectfully submitted,

/s/ Diane J. Zelmer, Esq.
Diane J. Zelmer, Esq., *pro hac vice*
BERENSON LLP
1242 SW Pine Island Road, Suite 42-414
Cape Coral, FL 33991
Tel:  (561) 429-4496
Fax:  (703) 991-2195
Email:  djz@berensonllp.com
Secondary Email: hcc@berensonllp.com
*Attorneys for Dabella Exteriors LLC*

*-and-*

Drew L. Eyman, OSB No.: 163762
Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, OR 97204-3229
T: (971) 213-1070
Email:  deyman@swlaw.com
*Counsel for Dabella Exteriors LLC*

OBJECTION TO SUR-REPLY - 4