IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LEON WEINGRAD**, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>**DABELLA EXTERIORS, LLC**,<br><br>        Defendant. | Case No. 3:25-cv-396-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Leon Weingrad, individually and on behalf of a class of all persons and entities similarly situated, has sued DaBella Exteriors, LLC ("DaBella") for texts and calls allegedly in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA"). DaBella issued a subpoena to Plaintiff's employer, Toyota of Portland ("Toyota"), under Rule 45 of the Federal Rules of Civil Procedure. Now before the Court is Plaintiff's motion to quash that subpoena and for a protective order limiting the scope and use of any material produced under the subpoena.[1] Plaintiff also requests reasonable fees and expenses as a sanction.

---

[1] DaBella states that Toyota has issued objections to all requests in the subpoena. This Order resolves only Plaintiff's motion to quash. In this Order, the Court quashes and modifies portions of the subpoena, but Toyota apparently has raised objections on the portions not

PAGE 1 – ORDER

## A. Standards

Rule 45 of the Federal Rules of Civil Procedure governs discovery of nonparties by subpoena. "Rule 45 subpoenas must meet the same requirements applicable to any discovery sought because the scope of discovery sought through a subpoena under Rule 45 is the same as the scope of discovery permitted under Rule 26(b)." *Burk v. CRISIS24, Inc.*, 2025 WL 1723170, at *6 (C.D. Cal. May 7, 2025) (quoting *Hooks v. Target Corp.*, 2022 WL 18142528, at *2 (C.D. Cal. Dec. 29, 2022)).

The Ninth Circuit has not determined the limits of a party's standing to challenge a subpoena issued to a third party. Courts generally have concluded that "a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Id.* (quoting *Crispin v. Chrisitan Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010)); *see also Krenitsky v. Kirsch*, 2020 WL 5017270, at *1 (E.D. Cal. Aug. 25, 2020). This comports with the requirement in Rule 45 that a federal court in the district where compliance is required must quash or modify a subpoena that, among other things, "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). "Thus, a privacy interest in the documents may warrant party intervention." *Burk*, 2025 WL 1723170, at *6 (quoting *Davis v. Kelly Servs., Inc.*, 2017 WL 10562943, at *3 (C.D. Cal. July 12, 2017)).

Under Rule 26 of the Federal Rules of Civil Procedure, courts may issue a protective order upon a showing of good cause to prevent annoyance, embarrassment, oppression, or the undue burden or expense of discovery. Fed. R. Civ. P. 26(c)(1). "The burden is upon the party

---

quashed or modified by the Court. The Court expresses no opinion on Toyota's objections not currently before the Court.

seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). "This burden may be met by showing that the discovery requested is irrelevant, overly broad, burdensome, or oppressive." *Heyman v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 2018 WL 10323384, at *1 (D. Nev. Apr. 20, 2018). Where a request is overly broad or relevancy is not readily apparent, the party seeking discovery has the burden to show that their request is relevant. *Id.*

## B. Discussion

A major aspect of this case is whether Plaintiff signed an "opt-in" form over the internet on February 6, 2025. DaBella seeks in the subpoena to Toyota the following: (1) Plaintiff's employment time records from February 6, 2025; (2) documents reflecting what websites Plaintiff visited on February 6, 2025; (3) documents showing what applications or programs Plaintiff used on February 6, 2025, including any virtual private network ("VPN"); (4) any VPN available to Plaintiff on February 6, 2025; (5) documents showing IP addresses available for use by Plaintiff on February 6, 2025; (6) history of Plaintiff's website activity from January 1, 2024 to the present (May 15, 2026); (7) all video of Plaintiff on Toyota's premises from February 6, 2025; and (8)[2] all communications to or from Plaintiff regarding the TCPA, telemarketing calls, his lawsuits under the TCPA, or profits in connection with telemarketing calls.

The Court previously granted (ECF 14) the parties' joint motion (ECF 11) to subpoena Comcast Cable Communications for the user of the IP address identified by DaBella as the IP address that supposedly consented to telephone contact using the opt-in form. In the pending motion, counsel for Plaintiff asserts that DaBella has deposed the identified registered user, who

---

[2] Request No. 8 is misnumbered as a duplicate Request No. 7.

PAGE 3 – ORDER

testified at deposition that he did not complete the form, did know Plaintiff, and worked the night shift at a local bakery. Plaintiff argues that was the most relevant information to DaBella's defense relating to Plaintiff's purported opt-in, the IP address, and relevant computer use. Plaintiff further contends that the next most relevant information lies with the companies that purportedly obtained the opt-in, "Richardson Marketing Group, the lead seller, and SBBNet, the website operator," who have failed to respond to the subpoena issued by DaBella. Thus, according to Plaintiff, DaBella wrongfully is "fishing" for information from the wrong source, Plaintiff's employer.

DaBella responds that Plaintiff's computer usage from the day in question is relevant because the identity of who completed the opt-in remains unknown and that Plaintiff testified at deposition that he was at work at the time the opt-in form was generated. DaBella also asserts that the other information it requested, relating to the 17 months and communications about telemarketing, is relevant because Plaintiff's history of profiting from TCPA lawsuits may render him unsuitable as a class representative.

Plaintiff argues "undue burden" to Toyota as a ground for quashing the subpoena. Plaintiff, however, does not have standing to raise this argument, nor has Plaintiff adequately articulated an undue burden. Plaintiff also, however, argues that he has a privacy interest in his employment records and that DaBella seeks this confidential information to harass Plaintiff in violation of Rule 26(g)(1)(B)(ii). The Court agrees that "there is a privacy interest in personnel and employment files." *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 257 (S.D. Ind. 2002). The Court concludes, however, DaBella has shown that a narrow subset of requests is relevant and discoverable.

PAGE 4 – ORDER

The websites visited by Plaintiff the morning of February 6, 2025, are relevant. So, too, are documents showing any VPN or similar program that Plaintiff used the morning of February 6, 2025, and any IP address that Plaintiff used the morning of February 6, 2025. These items are relevant because Plaintiff admits that the person to whom the IP address that purportedly submitted the opt-in was assigned, testified that he had nothing to do with the opt-in form. This opens the door to further investigation by DaBella, including whether Plaintiff had access to other IP addresses that morning. The other employment records sought by DaBella, however, stray too far from that inquiry, and DaBella does not explain why those records are relevant, and not harassing. This includes general information regarding all programs used by Plaintiff at work that day, information about Plaintiff's entire day when the opt-in form was completed around 8:15 a.m., IP addresses *available* as opposed to *used* by Plaintiff that day, and Plaintiff's time records. Regarding the surveillance video, this is particularly intrusive of Plaintiff's confidential information, is unlikely to result in relevant information, any relevant information would be captured through other requests (such as if Plaintiff is seen on a computer, then if that computer activity was on the internet and thus relevant, DaBella's request for website activity would capture the relevant information).

Regarding the broad request for Plaintiff's website use for 17 months and communications about telemarking, although DaBella argues that Plaintiff's improper filing of other TCPA lawsuits generally might be relevant, DaBella fails to link Plaintiff's website use or communications showing this improper conduct *to his employment*. At this stage, there is no indication that Plaintiff used his time at work to solicit telemarketing calls online or sent communications at work relating to lawsuits or a scheme to profit from telemarking. Absent "independent evidence that provides a reasonable" link, DaBella's request for all of Plaintiff's

PAGE 5 – ORDER

computer use and all of his communications regarding telemarketing and profits from his employer during these 17 months tips too far into harassment. *See Graham*, 206 F.R.D. at 256. Additionally, it is an improper fishing expedition. *See Bel Power Sols., Inc. v. Monolithic Power Sys., Inc.*, 2023 WL 2401926, at *1 (W.D. Wash. Mar. 8, 2023) ("Although discovery rules are broad, they do not condone fishing expeditions: District courts enjoy broad discretion to determine relevancy for discovery purposes and to limit discovery to prevent its abuse." (quotation marks omitted)).

## C.  Conclusion

The Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion to Quash Subpoena and for Protective Order, ECF 72. The Court modifies the subpoena to require only: (1) documents reflecting what websites Plaintiff visited on February 6, 2025; (2) documents showing what VPN or similar applications or programs Plaintiff used on February 6, 2025; and (3) documents showing IP addresses used by Plaintiff on February 6, 2025. The Court QUASHES the subpoena in all other requests. The Court denies Plaintiff's request for sanctions.

**IT IS SO ORDERED.**

DATED this 23rd day of June, 2026.

/s/ *Michael H. Simon*  
Michael H. Simon  
United States District Judge

PAGE 6 – ORDER