Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone: 503.624.6800
Facsimile: 503.624.6888
Attorneys for Defendant DaBella Exteriors LLC

and

Diane J. Zelmer, *pro hac vice*
BERENSON LLP
4495 Military Trail, Suite 203
Jupiter FL 33458
Phone: (561) 429-4496
Facsimile: (703) 991-2195
E-mail: djz@berensonllp.com
Secondary: hac@berensonllp.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DABELLA EXTERIORS LLC,<br><br>Defendant.<br>______________________________/ | Case No. 3:25-CV-00396<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES |

Defendant DaBella Exteriors LLC responds to Plaintiff's First Interrogatories as follows:

12. Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER:**

**The dialing platform used for telephone calls with Plaintiff was Salesforce Service Cloud Voice. The platform for text messaging with Plaintiff was Marlimar.**

13. State all facts in support of any affirmative defenses you have raised.

**ANSWER**:

**In addition to the general objections, Defendant objects to this request to the extent that it seeks information that is attorney client privileged or subject to the work product doctrine or seeks impression of counsel; Defendant objects to this request as it is premature and discovery is ongoing.**

**Notwithstanding and subject to the foregoing objections, Plaintiff consented to any and all calls and text messages received from Defendant. The trusted certificate form is located at:**

> https://cert.trustedform.com/50360d7ab8218dfab5bdf5973632deed5d57a3fd/assets/?shared_token=VEdoV2IyUjBZUzlKWVM4MFZtTTBkM2N6TlRodFJFMXRWamR3TkZOUU1HRXZlbVl4U0ZOamVrNXFSMHN4T1RkMGQzcE9PVEIyT1VwVFZHcFJObm92Tm14UWFHTTRZbFp3WTJ0Q05qaDRNV3gwYkZkdVIyUnVZbXN5YzJWNVVUUlpObXhFY0ZKWGFrNWxURFE5TFMxTFMxVnNSV1pLV0hsMFVVcEhUMk41VmpGeFJ5dG5QVDA9LS1jNDNiYWVhZmU4MmM0Yzc1MzEzNTM0NjlhZDZmNjk1OWQ1MDNmOGVh

**The consent form contained the following authorization:**

> **By clicking Submit, you represent that you are 18+ years of age and agree to the Privacy Policy and Terms & Conditions. B clicking Submit, "you agree by your electronic signature that you give express written consent to receive marketing communications regarding Solar and Home services by automatic dialing system and pre-recorded calls and artificial voice messages and one or more of its Marketing Partners at the phone number and e-mail address provided by you, including wireless numbers, if applicable, even if you have previously registered the number on the Do Not Call Registry. SMS/MMS and data messaging rates may apply." Your understand that my consent here is not a condition for buying any goods or services.**

**In addition, on the call with Defendant, Plaintiff consented to contact from Defendant and established an existing business relationship with Defendant. On a call with Defendant, Plaintiff provided false information to Defendant, indicated his interest in**

**the Defendant's products and made an appointment for Defendant to meet with him. Further, Plaintiff cannot establish that he received more than one call within a 12 month period because he only spoke to Defendant on one occasion.**

**Plaintiff cannot establish any damages or injury from the call from Defendant as he engaged in communications and invited contact from Defendant.**

**Moreover, Defendant maintains TCPA policies and procedures, provides training and maintains records in compliance with the DNC rules, and meets the requirements of and is entitled to a safe harbor exclusion under 47 U.S.C. § 227(c)(5).**

**Finally, the facts of this case are unique and a one off aberration. Even if Plaintiff can prove that he did not submit the consent form, then any such lead would therefore be a false or erroneous submission, and not common to any other class members. Further, Plaintiff cannot prove that the origination of the false submission had anything to do with either DaBella or the lead generator. Moreover, there would not be a sufficient amount of similar violations that would be numerous enough to establish a class.**

14. Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER**:

**In addition to the general objections, Defendant objects as this interrogatory is overbroad, unduly burdensome, not relevant, not proportional to the needs of the case, and the burden or expense outweighs the likely benefit. Objection as this interrogatory is not properly limited to the allegations in this lawsuit, or any time frame.**

**Defendant further objects to this interrogatory to the extent it seeks class discovery; class discovery is stayed and bifurcated, and pending a further ruling from the Court at the hearing on September 16, 2025.**

**Notwithstanding and subject to the foregoing objections, as this question applies to Plaintiff only, Defendant has not disciplined, reprimanded or taken similar action. Defendant contends that it obtained proper consent to call Plaintiff.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via email on all counsel of record on the Service List on this 31st day of July, 2025.

Respectfully submitted,

/s/ Diane J. Zelmer
Diane J. Zelmer, Esq.
Florida Bar No. 27251
BERENSON LLP
4495 Military Trial, Suite 203
Jupiter, Florida 33458
Tel: (561) 429-4496
Fax: (703) 991-2195
Email: djz@berensonllp.com
Secondary Email: hcc@berensonllp.com
*Counsel for DaBella Exteriors LLC*

*-and-*

Drew L. Eyman, OSB No.: 1637762
Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, OR 97204-3229
T: (971) 213-1070
Email: deyman@swlaw.com

Drew Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
601 SW Second Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone: 503.624.6800
Facsimile: 503.624.6888

Diane J. Zelmer, *pro hac vice*
djz@berensonllp.com
BERENSON LLP
4495 Military Trail, Suite 203
Jupiter, Florida 33458
Telephone: 561.429.4496
Facsimile: 703. 991.2195

*Attorneys for Defendant DaBella Exteriors LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated, ,<br><br>Plaintiff,<br><br>v.<br><br>DABELLA EXTERIORS LLC,<br><br>Defendant. | Case No. 3:25-CV-00396<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES |

Defendant DaBella Exteriors LLC responds to Plaintiff's Second Interrogatories as follows:

## GENERAL OBJECTIONS

1. DABELLA objects to each request and interrogatory on the basis that the requests seek information and documents outside the permissible scope of discovery under the Federal Rules of Civil Procedure and/or Local Rules.

2. DABELLA objects to each request and interrogatory on the basis that the requests seek information, documents and information protected by the attorney-client

**<u>ANSWER</u>: Notwithstanding and subject to the general objections, Defendant objects as this interrogatory is overbroad and vague as it is not limited to the allegations in the lawsuit or limited to any timeframe.**

**Notwithstanding the foregoing, Defendant refers to its TCPA policies and procedures produced in this matter and batestamped as DABELLA000027-000035. Defendant's TCPA policies require obtaining express written consent prior to calling any person on the DNC. Defendant also has a policy to run any leads that are aged for longer than 90 days against the DNC, and Defendant's policy is only to call those aged leads *<u>not</u>* on the DNC.**

5. Describe all policies, procedures, or training materials used by Defendant to ensure compliance with 47 C.F.R. § 64.1601(e), including caller ID accuracy and the transmission of Defendant's name.

<u>ANSWER</u>: **Notwithstanding and subject to the general objections, Defendant objects as this interrogatory is overbroad and vague as it is not limited to the allegations in the lawsuit or limited to any timeframe. Defendant further objects as this case is premature as Defendant has filed a motion to certify the Court's order denying the dismissal of the CallerID Class, and that motion is stayed pending resolution of the Defendant's dispositive motions.**

**Notwithstanding the foregoing, Defendant refers to its TCPA policies and procedures produced in this matter and batestamped as DABELLA000027-000035.**

6. State all facts regarding Defendant's knowledge of CNAM functionality, including whether Defendant knew that CNAM would default to a geographic location unless affirmatively set to reflect Defendant's name, and what steps (if any) Defendant took to ensure accurate caller ID name transmission.

<u>ANSWER</u>: **Notwithstanding and subject to the general objections, Defendant objects as this interrogatory is overbroad and vague as it is not limited to the allegations in the lawsuit or limited to any timeframe. Defendant further objects as this case is premature as Defendant has filed a motion to certify the Court's order denying the dismissal of the CallerID Class, and that motion is stayed pending resolution of the Defendant's dispositive motions.**

**Notwithstanding the foregoing, Defendant refers to its TCPA policies and procedures produced in this matter and batestamped as DABELLA000027-000035. As to the following telephone numbers alleged in the Amended Complaint, Defendant states as follows:**

> **503-298-4701. Upon information and belief, Defendant states that when making calls to Plaintiff this telephone number transmitted the telephone number and/or a geographic location. In addition, Defendant clearly identified itself on the telephone**

**call in communicating with Plaintiff.**

**503-563-2370. This is a telephone number used by DaBella for text messages only. Upon information and belief, Defendant states that when texting the Plaintiff, this telephone number transmitted the telephone number and/or a geographic location. In addition, DaBella sends a DaBella logo with its text messages that clearly identifies DaBella.**

**503-838-4845. This is not a telephone number used by DaBella, and DaBella did not call Plaintiff on September 11, 2025 from this telephone number. Therefore, DaBella has no knowledge as to CNAM functionality for this telephone number.**

Dated: April 30, 2026

Respectfully submitted,

/s/ Diane J. Zelmer, Esq.
Diane J. Zelmer, Esq., *pro hac vice*
BERENSON LLP
4495 Military Trial, Suite 203
Jupiter, Florida 33458
Tel: (561) 429-4496
Fax: (703) 991-2195
Email: djz@berensonllp.com
Secondary Email: hcc@berensonllp.com
*Attorneys for Dabella Exteriors LLC*

*-and-*

Drew L. Eyman, OSB No.: 163762
Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, OR 97204-3229
T: (971) 213-1070
Email: deyman@swlaw.com
*Counsel for Dabella Exteriors LLC*

Drew Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
601 SW Second Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone: 503.624.6800
Facsimile: 503.624.6888

Diane J. Zelmer, *pro hac vice*
djz@berensonllp.com
BERENSON LLP
4495 Military Trail, Suite 203
Jupiter, Florida 33458
Telephone: 561.429.4496
Facsimile: 703. 991.2195

*Attorneys for Defendant DaBella Exteriors LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated, ,<br><br>Plaintiff,<br><br>v.<br><br>DABELLA EXTERIORS LLC,<br><br>Defendant. | Case No. 3:25-CV-00396<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS |

Defendant DaBella Exteriors LLC responds to Plaintiff's Second Request for Production of Documents as follows:

**GENERAL OBJECTIONS**

1. DABELLA objects to each request and interrogatory on the basis that the requests seek information and documents outside the permissible scope of discovery under the Federal Rules of Civil Procedure and/or Local Rules.

2. DABELLA objects to each request and interrogatory on the basis that the requests seek information, documents and information protected by the attorney-client

11. DABELLA objects to each request and interrogatory because WEINGRAD's claims lack factual basis and/or are a one-off aberration, and thus, WEINGRAD is not a proper class representative.

12. DABELLA objects to each request and interrogatory because discovery is ongoing and the requests are premature. DABELLA reserves the right to supplement this answer, if appropriate, in accordance with the Federal Rules of Civil Procedure, this Court's local rules and standing orders, the case management schedule, and any other applicable court orders.

13. These objections are incorporated by reference in response to each request and interrogatory set out below.

**RESPONSES TO REQUESTS**

1. Please produce all documents related to compliance with the TCPA's caller identification requirement, including documents reflecting settings for caller ID information that is sent for calls you send.

**RESPONSE: Notwithstanding and subject to the general objections, Defendant objects as this request is overbroad and vague as it is not limited to the allegations in the lawsuit or limited to any timeframe or telephone number. Defendant further objects as this case is premature as Defendant has filed a motion to certify the Court's order denying the dismissal of the CallerID Class, and that motion is stayed pending resolution of the Defendant's dispositive motions.**

**Notwithstanding the foregoing, Defendant refers to its TCPA policies and procedures produced in this matter and batestamped as DABELLA000027-000035. As to the following telephone numbers alleged in the Amended Complaint, Defendant states as follows:**

**503-298-4701. Defendant states that it is not in possession of any documents that reflect the Caller ID settings as Defendant has retained third parties AWS and Regal to purchase, manage numbers for dialing, and branding.**

**503-563-2370. Defendant states that it is not in possession of any documents that reflect the Caller ID settings as Defendant has retained third parties AWS and Regal to purchase, manage numbers for dialing, and branding.**

**503-838-4845. Defendant states that it is not in possession of any documents that reflect**

**the Caller ID settings as this is not a telephone number used by DaBella, and DaBella did not call Plaintiff on September 11, 2025 from this telephone number.**

2. Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls using inaccurate, misleading, or missing caller ID information. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE: Notwithstanding and subject to the general objections, Defendant objects as this request is overbroad and vague as it is not limited to the allegations in the lawsuit or limited to any timeframe or telephone number. Defendant further objects as this case is premature as Defendant has filed a motion to certify the Court's order denying the dismissal of the CallerID Class, and that motion is stayed pending resolution of the Defendant's dispositive motions.**

**Notwithstanding the foregoing, Defendant does not recall receiving any complaints or do-not-call requests alleging inaccurate, misleading or missing caller ID information. However, Defendant is a named defendant in *Littman v. DaBella Exteriors, LLC*, Case No. 3:26-cv-05081-DGE which alleges caller id violations.**

3. All communications with any third party, including telephone companies or telephone service providers, regarding the transmission of Caller ID Information and/or compliance with 47 C.F.R. § 64.1200(e).

**RESPONSE: Notwithstanding and subject to the general objections, Defendant objects as this request is overbroad and vague as it is not limited to the allegations in the lawsuit or limited to any timeframe or telephone number, and it broadly requests all "communications" "regarding the transmission of Caller ID information." Defendant further objects because this request seeks information that improperly seeks impression of counsel, and a legal interpretation as to "compliance." Defendant further objects as this case is premature as Defendant has filed a motion to certify the Court's order denying the dismissal of the CallerID Class, and that motion is stayed pending resolution of the Defendant's dispositive motions.**

**Notwithstanding the foregoing, Defendant is not aware of any written communications responsive to this request.**

4. All internal communications at your company regarding the transmission of Caller ID Information and/or compliance with 47 C.F.R. § 64.1200(e).

**<u>RESPONSE</u>: Notwithstanding and subject to the general objections, Defendant objects as this request is overbroad and vague as it is not limited to the allegations in the lawsuit or limited to any timeframe or telephone number, and it broadly requests all "internal communications" "regarding the transmission of Caller ID information." Defendant further objects because this request seeks information that improperly seeks impression of counsel, and a legal interpretation as to "compliance." Defendant further objects as this case is premature as Defendant has filed a motion to certify the Court's order denying the dismissal of the CallerID Class, and that motion is stayed pending resolution of the Defendant's dispositive motions.**

**Notwithstanding the foregoing, Defendant is not aware of any written communications responsive to this request.**

5. Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder as it pertains to the transmission of caller ID information and/or compliance with 47 C.F.R. § 64.1200(e) and all documents necessary to construct a timeline of when each policy was in force.

**<u>RESPONSE</u>: Notwithstanding and subject to the general objections, Defendant objects as this request is overbroad and vague as it is not limited to the allegations in the lawsuit or limited to any timeframe or telephone number, and it broadly requests all "documents" "related to policies for compliance" and "FCC's regulations thereunder." Defendant further objects because this request seeks information that improperly seeks impression of counsel, and a legal interpretation as to "compliance." Defendant further objects as this case is premature as Defendant has filed a motion to certify the Court's order denying the dismissal of the CallerID Class, and that motion is stayed pending resolution of the Defendant's dispositive motions.**

**Notwithstanding the foregoing, Defendant refers to its TCPA policies and procedures produced in this matter and batestamped as DABELLA000027-000035.**

6. Please produce all documents outlining the caller ID name you transmitted for each of the below telephone numbers, together with the dates that each was transmitted:

a) 5032984701;

b) 5035632370; and

c) 5038384845.

**<u>RESPONSE</u>: Notwithstanding and subject to the general objections, Defendant objects as this request is overbroad and vague as it is not limited to any timeframe or to certain persons, and it broadly requests all "documents" "outlining the Caller ID name" transmitted.**

**Defendant further objects as this case is premature as Defendant has filed a motion to certify the Court's order denying the dismissal of the CallerID Class, and that motion is stayed pending resolution of the Defendant's dispositive motions.**

**Notwithstanding the foregoing, Defendant states that it is not in possession of any documents that reflect the Caller ID transmission as Defendant has retained third parties AWS and Regal to purchase, manage numbers for dialing, and branding.**

7. All documents reflecting the configuration or setting of caller identification information (including CNAM, CPN, and ANI) for any telephone numbers used to contact Plaintiff or putative class members.

**RESPONSE: Notwithstanding and subject to the general objections, Defendant objects as this request is overbroad and vague as it is not limited to the allegations in the lawsuit or limited to any timeframe or telephone number, and it broadly requests all "documents" "reflecting the configuration or setting of Caller identification information." Defendant further objects because this request seeks information that improperly seeks impression of counsel, and a legal interpretation as to "compliance." Defendant further objects as this request is premature as the class is undefined, and Defendant has filed a motion to certify the Court's order denying the dismissal of the CallerID Class, and that motion is stayed pending resolution of the Defendant's dispositive motions.**

**Notwithstanding the foregoing, Defendant states that it is not in possession of any documents that reflect the Caller ID configuration as Defendant has retained third parties AWS and Regal to purchase, manage numbers for dialing, and branding.**

8. Produce all documents and ESI evidencing any Query for Plaintiff's number, including raw portal/API responses, receipts, transaction logs, batch files, audit trails, and any screenshots.

**RESPONSE: Notwithstanding and subject to the general objections, Defendant objects to the extent that this requests seeks information that is subject to the attorney-client privilege or work product doctrine. Defendant refers Plaintiff to its Partial Motion for Summary Judgment under Part III.2, and evidence submitted in connection therewith.**

9. Produce a native/CSV export of all RND query logs for the class period that were used in connection with Defendant's calling campaigns involving artificial or prerecorded voice

**for Summary Judgment under Part III.2, and evidence submitted in connection therewith**

18. All documents reflecting communications with Level 3, Twilio, Qwest, or any other carrier that was involved in the sending of the subject calls, including, but not limited to, documents reflecting support tickets, communications concerning caller ID name functionality, configuration of your account, default settings for outbound calls, or the sending of outbound calls.

**RESPONSE**: **Notwithstanding and subject to the general objections, Defendant objects as this request is overbroad and vague as it is not limited to the allegations in the lawsuit or limited to any timeframe or telephone number, and it broadly requests all "communications" "involved in sending of the subject calls." Defendant further objects as this request is premature as the class is undefined, and Defendant has filed a motion to certify the Court's order denying the dismissal of the CallerID Class, and that motion is stayed pending resolution of the Defendant's dispositive motions.**

**Notwithstanding the foregoing, Defendant states that it is not in possession of any documents as Defendant has retained third parties AWS and Regal to purchase, manage numbers for dialing, and branding.**

Dated: April 30, 2026

Respectfully submitted,

/s/ Diane J. Zelmer, Esq.
Diane J. Zelmer, Esq., *pro hac vice*
BERENSON LLP
4495 Military Trial, Suite 203
Jupiter, Florida 33458
Tel: (561) 429-4496
Fax: (703) 991-2195
Email: djz@berensonllp.com
Secondary Email: hcc@berensonllp.com
*Attorneys for Dabella Exteriors LLC*

*-and-*

Drew L. Eyman, OSB No.: 163762
Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, OR 97204-3229
T: (971) 213-1070
Email: deyman@swlaw.com
*Counsel for Dabella Exteriors LLC*

Drew Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
601 SW Second Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone: 503.624.6800
Facsimile: 503.624.6888

Diane J. Zelmer, *pro hac vice*
djz@berensonllp.com
BERENSON LLP
4495 Military Trail, Suite 203
Jupiter, Florida 33458
Telephone: 561.429.4496
Facsimile: 703. 991.2195

*Attorneys for Defendant DaBella Exteriors LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated, ,<br><br>Plaintiff,<br><br>v.<br><br>DABELLA EXTERIORS LLC,<br><br>Defendant. | Case No. 3:25-CV-00396<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS |

Defendant DaBella Exteriors LLC responds to Plaintiff's Second Request for Admissions as follows:

**<u>RESPONSES TO REQUEST FOR ADMISSIONS</u>**

1. Admit that you did not accurately transmit your caller ID name during any call or text message sent to Plaintiff or any class member.

**<u>ANSWER</u>: Notwithstanding and subject to the general objections, Defendant objects as this request is compound and not limited to any timeframe, and this request calls for a legal conclusion. Defendant further objects as this request is premature as Defendant has filed a motion to certify the Court's order denying the dismissal of the CallerID Class, and that motion is stayed pending resolution of the Defendant's dispositive motions.**

**Notwithstanding the foregoing, Defendant denies the request.**

2. Admit that you transmitted a geographic location as your caller ID name in each call and text message sent to Plaintiff.

**RESPONSE: Notwithstanding and subject to the general objections, Defendant objects as this request is vague, compound and not limited to any timeframe or telephone number, nor does it identify the specific call or text message. Defendant further objects as this request is premature as Defendant has filed a motion to certify the Court's order denying the dismissal of the CallerID Class, and that motion is stayed pending resolution of the Defendant's dispositive motions.**

**Notwithstanding the foregoing, Defendant denies the request as phrased. Upon information and belief, Defendant states that in its communications with Plaintiff, it transmitted a geographic location and/or telephone number, and also transmitted Defendant's identity in its communications with Plaintiff.**

3. Admit that you transmitted a geographic location as your caller ID name in each call and text message sent to each class member.

**RESPONSE: Notwithstanding and subject to the general objections, Defendant objects as this request is vague, compound and not limited to any timeframe or telephone number. Defendant further objects as this request is premature as Defendant has filed a motion to certify the Court's order denying the dismissal of the CallerID Class, and that motion is stayed pending resolution of the Defendant's dispositive motions. Defendant objects to this request as premature as no class has been defined, and as such, Defendant is unable to deny or admit this request as phrased.**

Dated: April 30, 2026

Respectfully submitted,

/s/ Diane J. Zelmer, Esq.
Diane J. Zelmer, Esq., *pro hac vice*
BERENSON LLP
4495 Military Trial, Suite 203
Jupiter, Florida 33458
Tel: (561) 429-4496
Fax: (703) 991-2195
Email: djz@berensonllp.com
Secondary Email: hcc@berensonllp.com
*Attorneys for Dabella Exteriors LLC*

*-and-*

Drew L. Eyman, OSB No.: 163762
Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, OR 97204-3229
T: (971) 213-1070
Email: deyman@swlaw.com
*Counsel for Dabella Exteriors LLC*

Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>DABELLA EXTERIORS LLC<br><br>Defendant. | Case No. 3:25-cv-00396-SI<br><br>SUPPLEMENTAL RESPONSES TO INTERROGATORIES<br>TCPA (47 U.S.C. § 227)<br>DEMAND FOR JURY TRIAL |

Plaintiff Leon Weingrad ("Plaintiff"), by and through undersigned counsel, hereby responds and objects to Defendant DaBella Exteriors LLC's ("DaBella" or "Defendant") First Set of Interrogatories pursuant to Federal Rule of Civil Procedure 33, as follows.

**PRELIMINARY STATEMENT**

Discovery and Plaintiff's investigation in this matter remain ongoing. These responses are made without prejudice to, and Plaintiff expressly reserves, the right to supplement, amend, correct, clarify, or modify these responses pursuant to Federal Rule of Civil Procedure 26(e) as additional information becomes known. The responses below reflect Plaintiff's knowledge as of the present date and are given without waiver of any objection.

Plaintiff further notes that Defendant's First Set of Interrogatories is irregularly numbered in that the interrogatory labeled "No. 6" appears multiple times, such that the set in fact contains ten distinct interrogatories. Solely to facilitate a clear record, and without waiving any objection to the irregularity or to Defendant's compliance with Rule 33, Plaintiff has renumbered the interrogatories sequentially (Nos. 1 through 10) in the order propounded and responds to each below.

## GENERAL OBJECTIONS

The following General Objections are incorporated into each specific response below as though fully set forth therein. The assertion of the same, similar, or additional objections, or the provision of partial responses to any individual interrogatory, does not waive any of Plaintiff's General Objections.

1. Plaintiff objects insofar as a Local Rule Word Document copy was not provided to Plaintiff in contravention of Local Rule 5-9(b).

2. Plaintiff objects to each interrogatory to the extent it seeks information that the Court has already determined to be outside the proper scope of discovery in this case, including in its Order of June 23, 2026 granting in part Plaintiff's Motion to Quash and for a Protective Order (ECF 77), which quashed Defendant's demands for Plaintiff's general website and computer activity and his communications regarding telemarketing and "profits," and limited any inquiry through subpoena into February 6, 2025 to the websites Plaintiff visited, any VPN Plaintiff used, and the IP addresses Plaintiff used on that date.

3. Plaintiff objects to each interrogatory, definition, and instruction to the extent it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of this Court, or any order of the Court, and to the extent any interrogatory is compound in violation of Rule 33.

## SUPPLEMENTAL RESPONSES AND OBJECTIONS

**INTERROGATORY NO. [7]:** Please state in detail all websites you (or someone on your behalf has visited) since January 1, 2024, and input your information requesting another party to call your telephone number.

**RESPONSE:** Plaintiff objects to the extent that this interrogatory is not relevant to any party's claim or defense or proportional to the needs of the case, which concerns a discrete set of unsolicited telemarketing calls and texts placed to a single residential telephone number within a defined period of time. Plaintiff objects to this interrogatory as squarely foreclosed by the Court's Order of June 23, 2026 (ECF 77). In that Order, the Court considered and quashed Defendant's materially identical demand for the "history of Plaintiff's website activity from January 1, 2024 to the present," holding that such a demand "tips too far into harassment" and "is an improper fishing expedition," and limited any inquiry concerning Plaintiff's online activity to the websites Plaintiff visited on February 6, 2025. This interrogatory is not relevant to any party's claim or defense and is grossly disproportionate to the needs of the case, as it seeks nearly two and one-half years of Plaintiff's personal internet activity. Plaintiff objects to the extent that this interrogatory is not relevant to any party's claim or defense or proportional to the needs of the case, which concerns a discrete set of unsolicited telemarketing calls and texts placed to a single residential telephone number within a defined period of time. Plaintiff further objects that the requested browsing history is highly sensitive and intrusive, that compelling its disclosure is a "drastic" and extraordinary discovery measure, see *Stewart v. First Transit, Inc.*, 2019 WL 13027112, at *1 (E.D. Pa. Sept. 3, 2019), and that any information obtained therefrom could be used in an attempt to manufacture consent evidence that Defendant has otherwise failed to adduce. Plaintiff further objects insofar as the interrogatory is unintelligible and compound as drafted, insofar as it implicates the privacy interests of non-parties ("someone on your behalf"), and insofar as it seeks information equally or more available to Defendant and the third party lead generators (who have not responded to discovery) on which Defendant's putative consent theory depends. Notwithstanding the foregoing, Plaintiff responds that he did not visit any website and input his information requesting that DaBella, and/or Richardson Marketing Group and/or SBBNet call his telephone number (including on searchrenovation.us) and specifically denies submitting his information to the website searchrenovation.us or any other website purportedly owned, operated, leased, or managed by the foregoing entities.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to the extent that this interrogatory is not relevant to any party's claim or defense or proportional to the needs of the case, which concerns

a discrete set of unsolicited telemarketing calls and texts placed to a single residential telephone number within a defined period of time. Plaintiff objects to this interrogatory as squarely foreclosed by the Court's Order of June 23, 2026 (ECF 77). In that Order, the Court considered and quashed Defendant's materially identical demand for the "history of Plaintiff's website activity from January 1, 2024 to the present," holding that such a demand "tips too far into harassment" and "is an improper fishing expedition," and limited any inquiry concerning Plaintiff's online activity to the websites Plaintiff visited on February 6, 2025. This interrogatory is not relevant to any party's claim or defense and is grossly disproportionate to the needs of the case, as it seeks nearly two and one-half years of Plaintiff's personal internet activity. Plaintiff objects to the extent that this interrogatory is not relevant to any party's claim or defense or proportional to the needs of the case, which concerns a discrete set of unsolicited telemarketing calls and texts placed to a single residential telephone number within a defined period of time. Plaintiff further objects that the requested browsing history is highly sensitive and intrusive, that compelling its disclosure is a "drastic" and extraordinary discovery measure, see *Stewart v. First Transit, Inc.*, 2019 WL 13027112, at *1 (E.D. Pa. Sept. 3, 2019), and that any information obtained therefrom could be used in an attempt to manufacture consent evidence that Defendant has otherwise failed to adduce. Plaintiff further objects insofar as the interrogatory is unintelligible and compound as drafted, insofar as it implicates the privacy interests of non-parties ("someone on your behalf"), and insofar as it seeks information equally or more available to Defendant and the third party lead generators (who have not responded to discovery) on which Defendant's putative consent theory depends. Notwithstanding the foregoing, Plaintiff responds that he did not visit any website and input his information requesting that DaBella, and/or Richardson Marketing Group and/or SBBNet call his telephone number (including on searchrenovation.us) and specifically denies submitting his information to the website searchrenovation.us or any other website purportedly owned, operated, leased, or managed by the foregoing entities. Notwithstanding the foregoing, following a meet and confer between the parties, the Plaintiff has no record of visiting any websites related to home improvements or the TCPA in January and February of 2025.

**VERIFICATION**

Pursuant to the Federal Rules of Civil Procedure, the undersigned says that the foregoing Answers to Interrogatories are true and correct to the best of his knowledge and belief.

Dated: Jul 29, 2026

Leon Weingrad (Jul 29, 2026 21:00:56 PDT)

Leon Weingrad

RESPECTFULLY SUBMITTED AND DATED this June 29, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
215-225-5529
Attorney for Plaintiff and the Proposed Class