Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone: 503.624.6800
Facsimile: 503.624.6888
*Attorney for Defendant, DaBella EXTERIORS, LLC*

Diane J. Zelmer, Esq. (pro hac vice)
FL Bar No. 27251
BERENSON LLP
1242 SW Pine Island Rd.,
Ste 42-414
Cape Coral, FL 33991
Telephone: 561-429-4496
Email: djz@berensonllp.com
*Attorney for Defendant, DaBella EXTERIORS, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>Vs.<br><br>DABELLA EXTERIORS LLC,<br><br>Defendant. | Case No. 3:25-CV-00396-SI<br><br>DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE ITS RESPONSE TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION |

**LR 7-1 CERTIFICATION**

Defendant, DABELLA EXTERIORS LLC ("DaBella" or "Defendant"), hereby certifies that in compliance with Local Rule 7-1, the parties conferred in good faith on October 23, 2026 via telephone and via email on October 26, 2026 and October 27, 2026, and Plaintiff's counsel indicated he did not oppose a twenty-one (21) day extension for DaBella to file its response to the motion through and including November 20, 2026,[1] nor does he dispute the scheduling of a status conference to discuss; however, he opposes the remaining relief sought in this motion.

**MOTION**

Defendant, DaBella Exteriors, LLC, pursuant to Fed. R. Civ. P. 6 and Local Rule 16-3, by and through its attorneys, moves the Court for an Order extending the deadline for Defendant to file its Response to Plaintiff's Motion for Class Certification (Doc. No. 80) to thirty (30) days after the Court enters its ruling on the last to be decided of Defendant's pending Motion for Partial Summary Judgment, (ECF No. 31), Motion to Deny Class Certification (ECF No. 32), and Motion to Certify (ECF No. 42) .

**MEMORANDUM**

1. On February 10, 2026, Defendant filed its Motion for Partial Summary Judgment (ECF No. 31) and Motion to Deny Class Certification (ECF No. 32). Those dispositive motions have been fully briefed, and have been ripe for consideration since late April/early May 2026.

2. In addition, on March 3, 3036, the Defendant filed its Motion to Certify the District Court's Order[2] as it applies to the Caller ID Class for Interlocutory Appeal and to Stay Discovery

---

[1] Defendant calculates that a 21 day extension would result in an extension through November 23, 2026; however, the date of November 20, 2026 has been included above as that is the extended date relayed to us as not being opposed by Plaintiff's counsel.

[2] On October 14, 2025, DaBella filed a motion to dismiss asserting that Plaintiff had no private cause of action to assert the Caller ID Class. (Doc. 24). On February 23, 2026, this Court denied

(ECF No. 42). The Court stayed consideration of Defendant's Motion to Certify pending the Court's decision of Defendant's Motion for Partial Summary Judgment (ECF No. 59).

3. On October 17, 2026, Plaintiff filed his Motion for Class Certification (Doc. No. 80), which includes consideration of the Caller ID class that is the subject of a pending Motion to Certify. The Plaintiff's recently filed Motion also seeks to certify the DNC Class that is subject to the pending partial summary judgment motion.

4. The pending dispositive motions filed back in February 2026 still remain pending and have not yet been ruled upon by this Court. The Court's rulings on the Defendant's Motion for Partial Summary Judgment (ECF No. 31) and Motion to Deny Class Certification (ECF No. 32) could entirely eliminate the need for consideration of Plaintiff's Motion for Class Certification, or at a minimum, narrow the issues.

5. This is the first extension requested in connection with this filing. The requested extension will not impact other existing deadlines in this matter. This extension is not sought for purposes of delay. In seeking the foregoing extension, Defendant does not waive, and expressly reserves, any and all rights, objections, arguments, and defenses relating to the Motion.

6. In the alternative, DaBella Exteriors, LLC respectfully requests the Court for a status conference.

**WHEREFORE**, Defendant, DaBella Exteriors, LLC respectfully requests that this Court extend the deadline for DaBella to file its Response to Plaintiff's Motion for Class Certification (Doc. No. 80) for thirty (30) days following the Court's entry of an Order on the Defendant's Motion to

---

DaBella's motion to dismiss the Amended Complaint. (Doc. 40). The Court analyzed the regulation and statute and determined that the FCC must have promulgated § 64.1601(e) under its authority granted under 47 U.S.C. § 227(c). Thus, the Court determined that Plaintiff had a private right of action to pursue its Caller ID Class for violations of § 64.1601(e).

Deny Class Certification, Motion for Partial Summary Judgment and Motion to Certify, as well as grant any other relief that the Court deems just and proper.

Dated: October 27, 2026

Respectfully submitted,

Drew L. Eyman, OSB No.: 1637762
Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, OR 97204-3229
T: (971) 213-1070
Email: deyman@swlaw.com

-and-

/s/ Diane J. Zelmer
Diane J. Zelmer, Esq.
Florida Bar No. 27251
BERENSON LLP
1242 SW Pine Island Rd.,
Ste 42-414
Cape Coral, FL 33991
Tel: (561) 429-4496
Fax: (703) 991-2195
Email: djz@berensonllp.com
Secondary Email: hcc@berensonllp.com *Counsel for DaBella Exteriors LLC*