Drew L. Eyman, OSB No. 163762
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone: 503.624.6800
Facsimile: 503.624.6888
Email: deyman@swlaw.com
*Attorney for Defendant, DABELLA EXTERIORS, LLC*

Diane J. Zelmer, Esq. (pro hac vice)
FL Bar No. 27251
BERENSON LLP
1242 SW Pine Island Rd.,
Ste 42-414
Cape Coral, FL 33991
Telephone: 561-429-4496
Email: djz@berensonllp.com
*Attorney for Defendant, DABELLA EXTERIORS, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>DABELLA EXTERIORS LLC<br><br>Defendant. | Case No. 3:25-cv-00396-SI<br><br>MOTION FOR EXTENSION OF DISCOVERY DEADLINE<br><br>TCPA (47 U.S.C. § 227)<br>DEMAND FOR JURY TRIAL |

**<u>LR 7-1 CERTIFICATION</u>**

Pursuant to LR 7-1, Defendant conferred with counsel for Plaintiff via email on October 28, 2026 and via telephone on October 29, 2026, who indicated that he does oppose any extension

to the discovery deadline, but does not oppose further discovery ordered pursuant to any Court rulings on discovery motions (including any motion to compel filed on the issues described below and any ruling on the motions to quash the subpoenas directed to PERRONG LAW or Andrew Perrong) filed after the discovery deadline on the grounds that the discovery deadline had terminated.

## MOTION

Defendant DaBella Exteriors LLC, by and through their respective counsel, moves this Court for an order to extend the discovery deadline until 14 days after obtaining a ruling on the motion to quash currently pending in the Eastern District of Pennsylvania, Case No. 26mc99, modifying Case Management Schedule (ECF No. 47).

## MEMORANDUM

Pursuant to Rule 16 and LR 16-3, Defendant moves the Court for an Order extending the fact discovery deadline, and for good cause shown, states as follows:

1. On September 16, 2025, the Court entered a Case Management Schedule setting, among other deadlines, a fact discovery cutoff of March 16, 2026, and a class certification and dispositive motion deadline of July 27, 2026. (ECF No. 22.)

2. On February 23, 2026, the Court held a telephonic status conference, and at that conference, Plaintiff's counsel requested a revised case management schedule.

3. On March 12, 2026, the Parties filed their joint motion to extend the deadlines, and on March 13, 2026, the Court granted the Parties' requested extensions.

4. On February 10, 2026, Defendant filed its Motion for Partial Summary Judgment (ECF No. 31) and Motion to Deny Class Certification (ECF No. 32), and those motions are fully briefed and pending a decision.

5. On June 11, 2026, the parties filed their joint motion for extension of the discovery deadline (ECF No. 75), and the Court granted that extension through and including September 14, 2026 (ECF No. 76).

6. On September 4, 2026, the parties filed their joint motion for extension of the discovery deadline (ECF No. 78), and the Court granted that extension through and including October 26, 2026 (ECF No. 79).

7. On October 23, 2026, Defendant filed a motion requesting time to finalize additional discovery, and Plaintiff agreed to an extension through October 30, 2026 (ECF Mo. 85). The Court granted the Motion (ECF No. 86).

8. The following additional discovery requested from Plaintiff remains pending:

a. Video of the October 20, 2025 interaction between Plaintiff's counsel and DaBella Exteriors, LLC, which is also relevant to Plaintiff's allegation that Defendant was trespassed from Plaintiff's residence by police. [ECF No. 54, ¶¶ 22-23. p. 3].

9. Pertaining to this one remaining discovery item, a subpoena was issued to PERRONG LAW, and PERRONG LAW moved to quash that subpoena. on October 27, 2026, the Eastern District Court in Pennsylvania issued its order denying PERRONG LAW's motion to quash without prejudice in the *In re Subpoena to PERRONG LAW LLC*, Case No. 2:26-mc-88. Despite multilple attempts of service, the undersigned has been unable to personally serve PERRONG LAW and no documents have been received from PERRONG LAW.

10. Subsequently, in an abundance of caution, Defendant issued a subpoena directly to Andrew Perrong, who represented that PERRONG LAW had no responsive documents, and

that any actions taken on October 20, 2025 were taken on an individual basis. Despite multiple attempts of service, the undersigned has been unable to personally serve Mr. Perrong.

11. Mr. Perrong has received both subpoenas issued to PERRONG LAW and Andrew Perrong via email, but he has indicated that he will not accept email service. He further has moved to quash the subpoena directed to him personally in the Eastern District of Pennsylvania, Case No. 26mc99, and the deadline for Defendant to respond is November 13, 2026.

12. On October 29, 2026, the parties submitted a joint discovery dispute statement via email to the Court concerning the pending discovery described in paragraph 8 above. The Court has advised that it would like motion briefing on the dispute.

13. The Defendant has used due diligence, but requires additional time for the completion of these limited discovery requests, in particular, for service or alternative service of the subpoena on Mr. Andrew Perrong or PERRONG LAW who the Defendant has been unable to serve, despite multiple attempts. A copy of those service attempts are attached as **Exhibit "1."**

14. The parties both agree that motion practice and subsequent rulings on the pending discovery itemized above does not require an extension to the discovery deadline. As such, Defendant files this motion in an abundance of caution, and given the outstanding pending service of the subpoenas.

15. The other deadlines ordered by the Court on March 13, 2026 shall remain, and thus, this motion does not affect the other case management deadlines.

16. For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and extend the discovery deadline as requested, or alternatively, order that discovery motions pertaining to the above pending matters and future service of the pending subpoenas, will be considered timely despite the discovery deadline having passed.

17. Notwithstanding the foregoing, in seeking this extension, the parties do not waive, and expressly reserve, any and all rights, objections, arguments and defenses with regard to this motion, fact discovery, case management or otherwise.

RESPECTFULLY SUBMITTED AND DATED this 30th day of October, 2026.

Respectfully submitted,

| | |
|---|---|
| ***Counsel for Defendant***<br>Diane J. Zelmer, Esq.<br>FL Bar No: 27251- *Pro hac vice*<br>E-mail: djz@berensonllp.com<br>Secondary: hcc@berensonllp.com<br>BERENSON LLP<br>1242 SW Pine Island Rd.,<br>Ste 42-414<br>Cape Coral, FL 33991<br>Phone: 561-429-4496<br>Facsimile: (703) 991-2195<br><br>By: /s/ Diane J. Zelmer | |
| ***Counsel for Defendant***<br>Drew L. Eyman, OSB No.: 163762<br>Snell & Wilmer<br>601 SW 2nd Avenue, Suite 2000<br>Portland, OR 97204-3229<br>T: (971) 213-1070<br>Email: deyman@swlaw.com | |